```
1             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
2                         EASTERN DIVISION

3
   ZHU ZHAI HOLDINGS, LIMITED, and    ) No. 20 C 4985
4  PETER PUI TAK LEE,                 )
                                      )
5                      Plaintiffs,    )
                                      )
6             v.                      )
                                      )
7  STEVEN IVANKOVICH,                 ) December 1, 2020
                                      ) Chicago, Illinois
8                                     ) 11:05 a.m.
                       Defendant.     ) Telephonic Motion Hearing
9
10              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE SHARON JOHNSON COLEMAN
11
12 APPEARANCES:

13 For the Plaintiffs:    QUINN EMANUEL URQUHART & SULLIVAN, LLP
                          865 South Figueroa Street
14                        Suite 3000
                          Los Angeles, California  90017
15                        BY:  MR. WILL SEARS

16                        QUINN EMANUEL URQUHART & SULLIVAN, LLP
                          1300 I Street, NW
17                        Suite 900
                          Washington, DC  20005
18                        BY:  MR. TYLER WHITMER

19 For the Defendant:     KOPECKY SCHUMACHER, ROSENBURG, PC
                          120 North LaSalle Street
20                        Suite 2000
                          Chicago, Illinois  60602
21                        BY:  MR. DARYL SCHUMACHER

22

23         TRACEY DANA McCULLOUGH, CSR, RPR
                 Official Court Reporter
24             219 South Dearborn Street
                       Room 1232
25            Chicago, Illinois  60604
                    (312) 435-5570
```

```
 1              THE CLERK:  20 CV 4985, Zhu Zhai Holdings versus
 2   Ivankovich.
 3              THE COURT:  All right.  Plaintiff on the phone?
 4              MR. SEARS:  Yes, Your Honor.  Good morning.  This is
 5   Will Sears, Quinn Emanuel, for the plaintiff.
 6              THE COURT:  All right.  Thank you.
 7              MR. WHITMER:  And, Your Honor, you also have Tyler
 8   Whitmer also from Quinn Emanuel for the plaintiff.
 9              THE COURT:  All right.  Thank you, Mr. Whitmer.
10   Anybody else for the plaintiff?  Anybody on for defense?
11              MR. SCHUMACHER:  Good morning, Your Honor.  This is
12   Daryl Schumacher on behalf of defendant Steve Ivankovich.
13              THE COURT:  All right.  Is Mr. Ivankovich on the
14   phone or no?
15              MR. SCHUMACHER:  He is not.  I can get him.
16              THE COURT:  Well, that's fine.  I just didn't want to
17   leave him out.  All right.  So where are we?  What is the saga?
18              MR. SEARS:  Your Honor, if I may.  This is Will Sears
19   for the plaintiffs.  So this is technically before the Court on
20   our motion for default judgment.
21              THE COURT:  Right.
22              MR. SEARS:  We filed --
23              THE COURT:  And it's been pending for a while.
24              MR. SEARS:  Yes, Your Honor.  So the Court, as the
25   Court may recall, entered the default on November 17th.  There
```

1  was a --
2  THE COURT: Right.
3  MR. SEARS: -- status hearing that day. Defendant
4  did not show up.
5  THE COURT: Right.
6  MR. SEARS: He had not retained counsel, although the
7  deadline to do so was November 12th. So as we told the Court
8  we would do, we filed our motion for default judgment that
9  Friday, November 20th.
10  THE COURT: Correct.
11  MR. SEARS: That's pending. Since then, last Friday,
12  the day after Thanksgiving, the evening of the 27th defendant
13  retained Mr. Schumacher as counsel and filed a motion to vacate
14  the default.
15  THE COURT: Yes. That's the information --
16  MR. SEARS: We responded --
17  THE COURT: -- I have.
18  MR. SEARS: I'm sorry, Your Honor.
19  THE COURT: No. Go ahead. And you responded.
20  MR. SEARS: Yes, that's right, Your Honor. We, we
21  responded yesterday morning. So I think in the interest of
22  efficiency, we -- we'd like to address their motion to vacate
23  today, if we can. I, I think from a practical matter, we're
24  here on a default judgment motion. If the motion to vacate
25  that they filed is denied, that motion is fairly

1  straightforward, so I'm happy to discuss that in more detail,
2  if it would be helpful to the Court.
3          THE COURT: Counsel, Mr. Schumacher, are you also
4  able to go ahead and make a brief argument to the Court in
5  support of your position today?
6          MR. SCHUMACHER: I am, Your Honor.
7          THE COURT: All right. Good. I think you are the
8  last or near the last on my morning call today, and so you all
9  have no more than two minutes each. Go ahead, Mr. Schumacher.
10 It's your motion.
11         MR. SCHUMACHER: Thank you, Your Honor. Just to give
12 you a little bit of background. I was retained the day before
13 Thanksgiving on this matter. We promptly moved to get the
14 motion on file. We did that on Friday, as counsel mentioned.
15 You know, I apologize that I wasn't in before the default was
16 entered, but that's a factor that's a little bit out of my
17 control. My understanding is that Mr. Ivankovich was
18 attempting to retain counsel. He encountered some
19 difficulties.
20         You know, I asked him -- I understand that he missed
21 a hearing a week ago Tuesday. He was not under the
22 impression -- he knew he had to retain counsel. He was not
23 under the impression he was supposed to be at that hearing,
24 which I know is not the case, Your Honor, and I'm not trying to
25 make excuses. All I can tell you is we moved as quickly as

possible to get our motion on file. I'm not going to rethread the ground that we set forth in our papers, but there is a legitimate defense here. I believe there's good cause to vacate. We moved very quickly, less than the two weeks after the default was entered.

You know, again, I apologize that I wasn't able to appear prior to the default, but this was not part of some grand scheme, as plaintiffs' counsel alleged in their papers.

The last point I want to address just in the event I don't get a chance to respond to counsel's comments, Mr. Sears did reach out to me sometime ago. And just for background, Your Honor, I have not historically represented Mr. Ivankovich. The first time I represented him was in May or June of this year. Didn't have a prior relationship with him. Mr. Sears reached out, acted as if I was representing him. I told him I was not. I hadn't been retained. You know, I can't address the matter for him, and I directed him to Mr. Ivankovich.

I do represent Mr. Ivankovich in one other case. And again, that's as of May or June of this year. That's really all I have to add, Your Honor.

THE COURT: All right. Thank you, Counsel. And plaintiffs' counsel.

MR. SEARS: Thank you, Your Honor. So as we set forth in our papers, just briefly, we think that the motion to vacate should be denied; and I don't think anything that

1  counsel has said this morning changes that analysis. Most
2  importantly, they haven't established good cause. Counsel says
3  that they, quote, unquote, encountered some difficulties in
4  retaining counsel. Your Honor, that's not enough under Second
5  Circuit -- or Seventh Circuit, excuse me, law.
6       Cases like the Pretzel case that we cite in our brief
7  from the Seventh Circuit, this Court's decision in Garcia make
8  very clear that where a defendant just ignores proceedings,
9  does things like doesn't respond to a complaint months after
10 service, skips a hearing without a clear excuse for doing so,
11 they cannot establish good cause independently sufficient to
12 deny the motion. And it makes sense to do so, because
13 litigants shouldn't be allowed to just ignore proceedings,
14 force their adversary to spend the time and money to get a
15 default, and then swoop in at the last minute once the default
16 papers have been filed and say they want to participate in the
17 case after all.
18      In addition, we don't think they set out a
19 meritorious defense, another requirement as they acknowledge.
20 Typically when a party tries to set out such a defense, they
21 will actually respond to the complaint. They haven't even done
22 that here. They haven't even proposed a, a deadline for their
23 response. They submitted a one-page unsigned declaration that
24 essentially just denies the allegations in the complaint.
25 Again, Seventh Circuit law is clear that that's not enough.

 1          I'll conclude, Your Honor, by adding -- and this is
 2  something they didn't address in the argument just now, that
 3  even if the default is set aside, Your Honor, we think there
 4  should be repercussions here.  The law in this Circuit and in
 5  this court is quite clear that a Court has discretion to impose
 6  reasonable conditions on an order vacating the default.  The
 7  conditions here that we think are appropriate are, No. 1, an
 8  order requiring them to immediately pay our reasonable fees and
 9  costs incurred in seeking the default and the related briefing,
10  because, Your Honor, those are -- those are costs we shouldn't
11  have had to bear.  We should have gotten on with this case
12  weeks ago after service.
13          No. 2, we think that the defendant should be required
14  to post a bond to secure any ultimate judgment on the merits.
15  As we set forth in our papers, we have real concerns about his
16  financial condition, which are heightened by what we've heard
17  today, that he had difficulty apparently retaining counsel.
18  The status of some of these proceedings is not entirely clear,
19  but it does appear that there was a, a foreclosure proceeding
20  involving his home residence.  He, he did lose a large
21  portfolio of property in a foreclosure sale in 2017.  He has
22  another asset in Illinois that's going to foreclosure sale in
23  the near future.
24          So all of that makes us extremely concerned that we
25  are facing a situation where our clients are going to do a lot

of work and spend a lot of money to get a judgment, only to find out that it, it can't be enforced because the defendant's assets are gone at that point.

THE COURT: All right. The Court will hear a very very -- one-minute reply, if there's anything else to add. I know you tried to do it on the front end, Counsel. The Court's going to give you an opportunity to address it on --

MR. SCHUMACHER: Thank you, Your Honor. Just a couple of points. Mr. Ivankovich did not ignore this matter. My understanding was prior to my involvement, he participated in a telephonic hearing in good faith. I think prior to that, and I don't have all the facts on this, Your Honor, but my understanding is there was some service issue. I don't think they served Mr. Ivankovich at his home in Illinois. I think they tried to serve him somewhere in Florida. But he didn't ignore this matter. He in good faith believed he had not been served. I believe counsel provided some paperwork. He attended the telephonic status. And that only happened I think two weeks ago to the day.

So for all these reasons we would ask that the default be vacated, and he be allowed to defend himself in this matter with counsel.

THE COURT: All right. Thank you very much for both of you. I want to just review the docket a little bit more and the response that was just put in writing, and obviously your

1  arguments today.  And I'll have an order by the end of the day.
2  All right.  Thank you all very much.
3              MR. SCHUMACHER:  Thank you, Your Honor.
4              MR. SEARS:  Thank you, Your Honor.
5                          CERTIFICATE
6        I HEREBY CERTIFY that the foregoing is a true,
7  correct and complete transcript of the proceedings had at the
8  hearing of the aforementioned cause on the day and date hereof.
9
10 /s/TRACEY D. McCULLOUGH                       December 1, 2020
11 Official Court Reporter                              Date
   United States District Court
12 Northern District of Illinois
   Eastern Division