**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 2020-CV-4985 |
| STEVEN IVANKOVICH, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT STEVEN IVANKOVICH'S MOTION TO QUASH SUBPOENA TO JP MORGAN CHASE BANK, NA

Defendant Steven Ivankovich moves to quash Plaintiffs' subpoena to JP Morgan Chase Bank, NA pursuant to Federal Rule of Civil Procedure 45(d). In support thereof, Defendant states as follows:

### INTRODUCTION

On February 12, 2021, Plaintiffs served a subpoena ("Subpoena") on JP Morgan Chase Bank, N.A. ("Chase") through its registered agent, CT Corporation. (See Exhibit 1.) That Subpoena is overly broad in subject matter scope, and seeks documents that are neither relevant to this case, nor reasonably calculated to lead to the discovery of admissible evidence in this case. The Subpoena, which seeks commercial information and documents, is therefore unduly burdensome under FRCP 45(d) and should be quashed or at a minimum, modified.

### BACKGROUND

Steven Ivankovich operates a residential real estate development and management business through a network of entities. Two of those entities, Atlas Apartment Acquisitions, LLC and Atlas Residential Holdings, Limited are the borrowers on the two promissory notes at issue in Plaintiffs' Complaint (hereinafter, "Borrowers").

Defendant Ivankovich is not a borrower or co-borrower on either of the loans at issue. Instead, Defendant signed limited guaranty agreements agreeing to guarantee the two loans under specific circumstances only. In his role as a limited guarantor, Defendant pledged as collateral his rights to distributions from an entity called Overlook Managing Member, LLC ("Overlook"). Overlook is the parent of a portfolio of properties which are defined in the Subpoena as "Portfolio Properties."

None of the Atlas entities beyond Overlook and the Portfolio Properties are relevant to this action to enforce the limited guaranties Defendant signed. Plaintiffs' subpoena is overly broad in that it seeks documents relating to a host of unrelated Atlas entities. Indeed, Plaintiffs' subpoena defines "Atlas" as: ""Atlas' means Atlas Residential USA, Atlas Holdings, Atlas Residential Management, Atlas MF Mezzanine Borrower, LLC, and any and all parents, subsidiaries, affiliates, predecessors-in-interest, and successors-in-interest, including, without limitation, Atlas Apartment Acquisitions, LLC and Atlas Residential Holdings, Limited." See, Exhibit 1, Definition 3. None of the identified Atlas entities are the borrowers in this case. Worse, this definition could be interpreted to include all of the Atlas in the entire network of companies.

Plaintiffs' overly broad definition of "Atlas" renders the entirety of the Subpoena improper. Request for production numbers 1 and 3 from Plaintiffs' Subpoena seek all communications, documents and statements for a variety of Atlas entities that have nothing to do with this case. Similarly, request for production number 2 seeks all of Mr. Ivankovich's communications with Chase (including communications relating to Atlas entities that have no relation to this case) as well as his personal bank statements. While request for production number 4 is limited to Overlook and the Portfolio Properties, it seeks documents well beyond those to which Plaintiffs are entitled under the documents governing the loans at issue or that are reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, Defendant Steve Ivankovich requests that the Court quash the Subpoena in its entirety on the basis that it seeks commercial information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unduly burdensome. In the alternative, Defendant requests that the Court modify the subpoena so that it seeks documents reasonably calculated to lead to the discovery of admissible evidence in this case.


Date February 17, 2021                                        Respectfully submitted,

                                                             By: /s/ Daryl M. Schumacher
                                                                  One of its attorneys

Daryl M. Schumacher
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 380-6556

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021 I electronically filed the foregoing document using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

/s/ Daryl Schumacher