# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN IVANKOVICH, <br><br> Defendant. | Case No. 1:20-cv-4985 <br><br> Hon. Sharon Johnson Coleman |

## DEFENDANT STEVEN IVANKOVICH'S
## RESPONSE TO PLAINTFFS' MOTION TO COMPEL

Defendant Steven Ivankovich, through counsel, submits this response to Plaintiffs' Motion to Compel.

### INTRODUCTION

Plaintiffs mischaracterize both the status of discovery and Defendant's position. Contrary to Plaintiffs' Motion, Defendant is not "refusing to produce most of" the documents Plaintiffs requested. Despite the extreme breadth of most of Plaintiffs' requests, Defendant has agreed, without limitation, to produce all documents responsive to 14 of Plaintiffs' 25 document requests. Defendant also agreed to produce documents responsive to an additional 5 requests (Nos. 5, 7, 8, 20 and 24) with scope limitations, and only asserted objections to producing any documents with respect to 6 requests (Nos. 10, 14-16, 19 and 22). All told, Plaintiff's motion seeks compliance with 9 document requests and two interrogatories for which Defendant has asserted reasonable and sustainable objections. Plaintiffs' implication that Defendant has been obstructive is simply inaccurate.

**BACKGROUND**

Two fundamental issue underly most of the disputed requests; the first is whether discovery should extend to the entirety of the Atlas Organization, and the second is whether Plaintiffs are entitled to unfettered access to the "P5 Portfolio."

Background on Atlas and the portfolio in question provides critical context. The "Atlas organization" consists of a collection of more than 50 separate entities which own and manage residential real estate projects (apartment complexes) across the United States and internationally. Those Atlas entities own and manage rental units in Texas, Florida and in the U.K. Typically, each location, or portfolio, is owned and operated by a group of single-purpose, limited liability companies. Atlas currently has about ten such portfolios of rental units across the U.S. and the U.K., but has had more than 20 in the last ten years.

Defendant only pledged distribution rights to one of the ten current Atlas portfolios as collateral for the two loans at issue. Specifically, Defendant pledged as collateral his rights to distributions relating to a group of properties located in Florida, which the parties refer to as the "P5 Portfolio." The P5 Portfolio includes five operating entities: Pilgrim Windtree LLC, Pilgrim Coulter LLC, Pilgrim Warwick LLC, Pilgrim Caribbean LLC, and Pilgrim Forest Park LLC.[1] An entity called Overlook Managing Member, LLC owns 100% of the five Pilgrim LLCs, and each of the Pilgrim LLCs indirectly owns the physical properties:



---

[1] This memo will refer to Pilgrim Windtree, Pilgrim Coulter, Pilgrim Warwick, Pilgrim Caribbean, Pilgrim Forest Park and Overlook Managing Member as the "P5 Portfolio."

Importantly, Defendant did not pledge the P5 Portfolio itself as collateral for the loans. Instead, Defendant pledged a narrower stream of payments as collateral: Defendant's right to **distributions** from Overlook Managing Member, LLC.

Plaintiffs may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FRCP 26(b)(1). "Among the considerations relevant to the scope of discovery are 'the importance of the discovery in resolving the issues' in the case and 'whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Homeland Insurance Company of New York v. Health Care Service Corporation*, 330 F.R.D. 180, 181 (N.D. Ill 2019). Plaintiffs' discovery requests do not meet Rule 26's requirements and fall outside the scope of permitted discovery.

As to the first issue, Plaintiffs have taken the position that documents relating to the entire Atlas Organization are discoverable, while Defendant contends that discovery should be limited to the one group of Atlas entities at issue in this case. Defendant opposes Plaintiffs' discovery requests that encompass the entire Atlas organization because the information is not relevant to the issues in this case.

As to the second issue, Defendant pledged distribution rights to one group of entities—the P5 Portfolio—as collateral for the two loans involved in this case. Plaintiffs seek unfettered access to everything relating to the P5 Portfolio, even though the collateral is limited to distribution rights from Overlook Managing Member, LLC. Those scope issues are further discussed as to each disputed request below.

As additional context, Plaintiffs have not sued the borrowers of the two loans, yet they approach discovery in this case as if they had. Plaintiffs have only sued Defendant in his capacity as a limited guarantor, not as a borrower (which he is not) under either loan. The core issues in this case are (i) whether Defendant engaged in any of the conduct that triggers his liability under the

3

Limited Guaranty agreements (see Limited Guaranty Agreements, paragraphs 1(a)-(k)); and (ii) whether Defendant fraudulently induced Plaintiffs into extending the loans. Plaintiffs should not be permitted to explore collection issues prior to any judgment.

### I. SPECIFIC DISPUTED REQUESTS

Set forth below is each disputed request, Defendant's response to the requests, and Defendant's response to Plaintiffs' Motion to Compel for each request.

**Document Request No. 5:**

5. All Documents or Communications Concerning the Borrowers.

**ANSWER:** Defendant objects to this request on the basis that it is not limited in subject matter scope to issues relevant to this case or to documents reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and the General Objections, Defendant will produce any responsive documents relating to the issues in this case.

**SUPPLEMENTAL ANSWER:** This request is not limited in subject matter scope to issues relevant to this case. Instead, the request seeks literally every document "Concerning" the Borrowers, as that term is defined. Accordingly, every single communication referencing the Borrowers is responsive to this request even if has nothing to do with Plaintiffs or the Loans at issue in this case. Defendant stands on his objection, which includes an agreement to produce documents to the extent relevant to the issues in this case.

**RESPONSE TO MOTION TO COMPEL:** The two borrowers in this case are Atlas Residential Holdings Limited and Atlas Apartment Acquisition, LLC. Defendant and both entities have engaged in business unrelated to this case and unrelated to the P5 Portfolio. Defendant agreed to produce documents relevant to the issues in this case; however, Defendant's communications involving the two borrowers unrelated to the loans at issue in this case or the P5 Portfolio generally are not relevant to this case. Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Document Request No. 5, or at a minimum, limit the scope to issues relevant to this action.

**Document Request No. 7:**

7. All Documents or Communications Concerning the Collateral. This includes, without limitation, all Documents Concerning: (i) Overlook Managing Member, LLC, including but not

limited to capital structures, senior and mezzanine loan documents, and past or ongoing refinancing engagements with respect to Overlook Managing Member, LLC or any of the real estate properties controlled (directly or indirectly) by Overlook Managing Member, LLC; (ii) distributions from Overlook Managing Member, LLC; and (iii) all Documents Concerning the current financial performance of, current and prior valuations of, sales or transfers of, loans secured by, and rental statements and audited financial statements (with cash flow attribution to Overlook Managing Member, LLC) of the real estate properties controlled (directly or indirectly) by Overlook Managing Member, LLC.

**ANSWER:** Defendant objects to this request on the basis that it seeks document beyond those to which Plaintiffs are entitled pursuant to the limited guaranty agreements.

**SUPPLEMENTAL ANSWER:** The Collateral is not Overlook Managing Member, LLC. Instead, the Collateral is Defendant's rights in distributions from the Collateral. (See Pledge and Security Agreements, Section 2.) There have been no such distributions. Defendant has already produced a balance sheet for Overlook Managing Member, LLC. The documents Plaintiffs seek are not relevant to liability or damages in this case; rather this request is an improper attempt to explore collection issues.

**RESPONSE TO MOTION TO COMPEL:** Plaintiffs argue that they are entitled to test Defendant's assertion that there have been no distributions from Overlook Managing Member LLC. Defendant does not dispute that point. In fact, Defendant produced to Plaintiffs a balance sheet for Overlook Managing Member LLC, as well as bank statements for the period 2019 and 2020 for each of the Pilgrim LLCs: Pilgrim Warwick LLC; Pilgrim Caribbean Isle LLC; Pilgrim Coulter LLC; Pilgrim Forest Park LLC; and Pilgrim Windtree LLC (Overlook Managing Member LLC does not have a bank account). Defendant has been more than transparent with respect to Overlook Managing Member LLC and the Pilgrim LLCs. Defendants have no basis to explore the capital structure and loans associated with Overlook Managing Member LLC or the P5 Portfolio as a whole. The only information to which Plaintiffs are entitled is information concerning whether a distribution has been made. Furthermore, the Pilgrim entities' capital structure and loans have nothing to do with the triggers to Defendant's limited guaranties, or a fraudulent inducement claim. Defendant requests that the Court deny Plaintiffs' Motion to Compel as it relates to Document Request No. 5, beyond what Defendant has already produced.

**Document Request No. 8:**

8. All Documents or Communications Concerning any loan between Alliance HTTX Limited Partnership and Alliance HTFL Limited Partnership on the one hand, and Walker & Dunlop Commercial Property Funding, LLC on the other hand, including Documents Concerning whether the Loan has been refinanced.

**ANSWER:** Defendant objects to this request on the basis that it seeks documents beyond those to which Plaintiffs are entitled pursuant to the limited guaranty agreements.

**SUPPLEMENTAL ANSWER:** The Collateral is not Overlook Managing Member, LLC. Instead, the Collateral is Defendant's rights in distributions from the Collateral. (See Pledge and Security Agreements, Section 2.) There have been no such distributions. Defendant has already produced a balance sheet for Overlook Managing Member, LLC. The documents Plaintiffs seek are not relevant to liability or damages in this case; rather this request is an improper attempt to explore collection issues. Moreover, Plaintiffs have issued a subpoena to Walker & Dunlop and can obtain any documents directly from Walker & Dunlop.

**RESPONSE TO MOTION TO COMPEL:** Defendants claim that the Lee Promissory Note entitles them to proceeds of any refinancing of the Senior Loan.[2] That argument fails as the communications are not relevant to the issues of this case. This case is about Defendant's liability under the Limited Guarantee Agreement as a limited guarantor and whether Defendant fraudulently induced Plaintiffs into extending the loans. These communications have nothing to do with these issues.

Moreover, Plaintiffs are not entitled to these communications under Section 2.5 of the Lee Promissory Note. Section 2.5 gives Lee the "right to require the Sponsor [i.e., Atlas Apartment Acquisitions, LLC] to repay all amounts due and payable under this Note at the time of such refinancing." Lee Promissory Note, §2.5. The Sponsor is not a party to this suit nor are these issues in this case. With that clarification, the Senior Loan does not bear on (i) Defendant's liability as a limited guarantor, or (ii) any alleged fraud in the inducement. For those reasons, Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Document Request No. 8.

---

[2] Section D of the memorandum supporting Plaintiffs' motion separate argues that Plaintiffs are entitled to these documents. That request is subsumed in Document Request No. 8 and Defendant will not separately respond to the arguments Plaintiffs raised in Section D.

**Document Request Nos. 14 and 15:**

14. Documents sufficient to show the financial status of the Atlas Organization from January 1, 2017 to present, including but not limited to any audit statements, and a list of all any and all properties directly or indirectly controlled or owned by the Atlas Organization.

**ANSWER:** Defendant objects to this request on the basis that it is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL ANSWER:** The Atlas Organization consists of more than 50 separate entities that own and manage residential real estate projects across the U.S. and internationally. While Plaintiffs required Defendant to make multiple written representations in the documents relating to the Loans, Plaintiffs did not require Defendant to make any written representations concerning the Atlas Organization, precluding such representations from being material to the Loans. Defendant's objections are well grounded on myriad bases. The extreme burden of gathering documents not only related to the more than 50 Atlas entities as well as related to properties held indirectly by those entities through other LLCs, presents an extreme burden in relation to the minimal probative value of those documents. Accordingly, the value of this request is not proportional the expense and burden of complying with the request. This request is an improper attempt to harass Defendant and to seek discovery of assets held by the Atlas organization for purposes of collection.

15. All Documents Concerning any foreclosure sales of properties controlled by the Atlas Organization, including but not limited to the foreclosure sale of eleven properties in or around May 2017 referenced in the Complaint.

**ANSWER:** Defendant objects to this request on the basis that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL ANSWER:** The Atlas Organization consists of more than 50 separate entities that own and manage residential real estate projects across the U.S. and internationally. While Plaintiffs required Defendant to make multiple written representations in the documents relating to the Loans, Plaintiffs did not require Defendant to make any written representations concerning the Atlas Organization, precluding such representations from being material to the Loans. Defendant's objections are well grounded on myriad bases. The extreme burden of gathering documents not only related to the more than 50 Atlas entities as well as related to properties held indirectly by those entities through other LLCs, presents an extreme burden in relation to the minimal probative value of those documents. Accordingly, the value of this request is not proportional the expense and burden of complying with the request. This request is an improper attempt to harass Defendant and to seek discovery of assets held by the Atlas organization for purposes of collection.

**RESPONSE TO MOTION TO COMPEL:** Request Nos. 14 and 15 are an improper attempt to pursue post-judgment, collection-related discovery. As Plaintiff trumpeted multiple times in their Memorandum, a court recently entered a judgment against Defendant in an unrelated case.

Plaintiffs' counsel in this case is also counsel of record in the case resulting in the judgment. As such, Defendant believes that Plaintiffs' far-reaching discovery is aimed not only at discovering assets for collection in this case (which is an improper use of discovery, *see Continental Vineyard LLC v. Vinifera Wine Co., LLC*, 2016 WL 302122 *2 (N.D.Ill. Jan. 25, 2016) (unreported) ("[T]here is no right to discovery of assets until judgment is obtained. . .[i]t is after all the parties' claims and defenses, not the remedies sought, that set the scope of discovery.")), but also for the case in which Plaintiffs' counsel recently obtained a judgment. Defendant made no written representations about the financial health of the Atlas Organization in the loan documents. Nor did Plaintiffs require or receive guarantees from any other company in the Atlas Organization. Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Document Request Nos. 14 and 15.

**Document Request Nos. 16 and 24:**

16. All Documents Concerning legal proceedings involving You or the Borrowing Entities, or the Atlas Organization to the Documents, including but not limited to the proceedings in *Atlas Brookview Mezzanine LLC v. DB Brookview LLC*, 653986/2020 (N.Y. Sup. Ct. 2020).

**ANSWER:** Defendant objects to this request on the basis that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL ANSWER:** The referenced litigation was not pending at the time the Loan Documents were executed. Moreover, the referenced litigation does not involve either of the Borrowers. Defendant stands on his objections.

24. Documents sufficient to identify all litigation in which You or the Atlas Organization have been involved in since January 1, 2017, including but not limited to any legal judgments, satisfied or outstanding, against You or the Atlas Organization since January 1, 2017.

**ANSWER:** Defendant objects to this request on the basis that it is overly broad, unduly burdensome, is asserted for an improper purpose, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL ANSWER:** Defendant will produce documents sufficient to identify legal claims pending against him at the time he executed the Loan documents.

**RESPONSE TO MOTION TO COMPEL:** Defendant has agreed to produce documents sufficient to identify legal claims pending against him at the time he executed the loan

documents. Plaintiffs' request for all documents relating to all legal proceedings involving Defendant and all of the many Atlas entities—with no temporal scope—is overly broad, unduly burdensome, and unreasonable. First, the requests are overly broad as they encompass every Atlas entity—including those that are not relevant to this action. Second, the requests are overbroad and unduly burdensome as they require the production of everything related to each litigation matter or dispute. Third, the requests are overly broad as they are not limited to the time period relevant to this action. Fourth, the requests are overly broad as they encompass all litigation, including litigation where Defendant/any Atlas entity was a plaintiff, as well as litigation that was amicably resolved. The only relevance Defendant's litigation has in this case is the impact litigation would have on Defendant's net worth at the time he signed the Limited Guaranty Agreement. For this reason, Defendant is willing to identify litigation pending against him at the relevant time period. The remainder of these requests are aimed at harassing Defendant. Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Document Request Nos. 16 and 24.

**Document Request No. 19:**

19. All Documents or Communications Concerning any requests for documents made pursuant to the Lee Loan Documents or the ZZH Loan Documents.

**ANSWER:** Defendant objects to this request on the basis that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL ANSWER:** Plaintiffs have treated requests for documents under the Loan documents as discovery in this case. Indeed, Plaintiffs have included this issue in the Rule 26(f) report. Effectively, this request seeks Defendant's communications relating to Defendant's collection of documents that Plaintiffs have requested. There is no question that Plaintiffs would be prohibited from exploring Defendant's communications that took place during the collection of documents relating to discovery requests; Plaintiffs have treated these requests as discovery and they should not be permitted to explore Defendant's communications relating thereto. Moreover, the primary communications responsive to this request would be communications between Defendant and counsel, and therefore privileged. It would be improper to require Defendant to identify those communications on a privilege log. Defendant maintains his objections.

**RESPONSE TO MOTION TO COMPEL:** This request seeks documents relating to various requests Plaintiffs made to Defendant seeking documents and information pursuant to the Loan Documents. In essence, Plaintiffs seek Defendant's communications regarding Plaintiffs' requests for documents made under the Loan Documents. Defendant's communications with his counsel would necessarily be privileged, and it would be unreasonable to require Defendant to identify privileged communications—most of which would have occurred after Plaintiffs initiated this case—on a privilege log. Defendant's communications with third parties regarding Plaintiffs' requests are not relevant. Again, this request is designed to harass Defendant, not to seek information that is relevant to this case. Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Document Request No. 19.

**Document Request No. 20:**

20. All Documents Concerning Your financial situation, including, without limitation, current signed and dated financial statements detailing Your assets and liabilities, any outstanding legal judgments against You, or any bankruptcy filing by You.

**ANSWER:** Defendant objects to this request on the basis that it is overly broad, unduly burdensome, is asserted for an improper purpose, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Defendant will provide a personal financial statement.

**SUPPLEMENTAL ANSWER:** Defendant has provided a detailed personal financial statement. Information beyond that exceeds discovery that is relevant to the issues in this case or reasonably calculated to lead to the discovery of admissible evidence. This request, which seeks "all documents" concerning Defendant's financial situation, is fishing expedition improperly aimed at seeking out sources and locations of Defendant's assets—issues that have nothing to do with liability or damages.

**RESPONSE TO MOTION TO COMPEL:** Defendant has provided Plaintiffs with a personal financial statement. Plaintiffs unreasonably request "all documents Concerning Your financial situation." Like many of Plaintiffs' requests, this request is designed to target documents relating to post-judgment collection issues, not proper issues relating to liability or damages.

10

Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Document Request No. 19.

**Interrogatory No. 1:**

1. Identify all bank or financial institution accounts (including checking accounts, saving accounts, and any other types of accounts) used by You or the Borrowers.

**ANSWER:** Defendant objects to this request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO MOTION TO COMPEL:** Plaintiffs' contention that that his bank account information and the financial account information is necessary to assess alleged misrepresentations about Defendant and the Borrowers' financial condition is pretext. The amount of money currently sitting in bank or financial accounts is not relevant to any past representation or the health of the borrowers at the time of the Loans. Moreover, Defendant has already provided a personal financial statement. This request is aimed at locating assets—nothing more. Defendant requests that the Court deny Plaintiffs' Motion as to Interrogatory No. 1.

6. Identify all litigation in which You or the Atlas Organization have been involved in since January 1, 2017, including but not limited to any legal judgments, satisfied or outstanding, against You or the Atlas Organization since January 1, 2017.

**ANSWER:** Defendant objects to this request on the basis that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO MOTION TO COMPEL:** Defendant has agreed to produce documents sufficient to identify legal claims pending against him at the time he executed the loan documents. (See Response to Doc. Req. No. 24.) To the extent this interrogatory encompasses every Atlas entity—including those that are not relevant to this action—it is overly broad.

Defendant requests that the Court deny Plaintiffs' Motion to Compel as to Interrogatory No. 6.

## II. RESPONSES TO THE GENERAL ISSUES PLAINTIFFS RAISED

### A. Defendant Has Not Delayed the Progression of Discovery

Plaintiffs attempt to characterize Defendant as dilatory for refusing to negotiate search terms prior to the resolution of the significant scope issues referenced above. Plaintiffs' complaints are unwarranted. Defendant has engaged an e-discovery vendor which will perform the to be agreed-upon searches of Defendants' email accounts and document servers. To that end, Plaintiffs have proposed an elaborate e-discovery protocol, and Defendant has responded with only minor revisions to that protocol. Plaintiffs' e-discovery protocol is intricate and will significantly increase the cost and burden of discovery. Nonetheless, Defendant has agreed to the protocol with minor suggested revisions.

Both parties agree that there are significant disputes as to the scope of discoverable material, as set forth above, which will require the Court's intervention. It makes little sense to negotiate search terms prior to the Court's resolution of the Parties' discovery disputes, given that the parties cannot agree to scope of discoverable material. Defendant has already produced significant information and documents to Plaintiffs, including bank statement for five separate accounts for a two-year period, a balance sheet for Overlook Managing Member LLC, and a personal financial statement. Defendant is not obstructing discovery. Plaintiffs' insistence that the parties begin the electronic retrieval process before the Court rules on the scope of discovery is unreasonable.

In addition, Defendant has swiftly responded to Plaintiffs' discovery requests within the time allotted under the rules without seeking a single extension. After meeting and conferring over Defendant's responses and objections, Defendant provided supplement responses within a reasonable 10 days. Defendant has acted reasonably throughout the discovery process.

B. **The Financial Health of the Atlas Organization as a Whole Is Not Relevant to this Case**

Plaintiffs could have required a guaranty from all of the Atlas entities; they did not. Plaintiffs could have required Defendant to pledge the assets of the entire Atlas organization as collateral; they did not. Instead, Defendant pledged distributions from Overlook Managing Member LLC as collateral, and Defendant made six specific representations in the Pledge and Security Agreements that are unrelated to the Atlas organization as a whole. Plaintiffs should not be permitted to explore the Atlas organization's finances under the circumstances of this case.

In addition, the Pledge and Security Agreements contain the following clause:

> **ENTIRE AGREEMENT. THIS AGREEMENT REPRESENTS THE ENTIRE AND FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. ANY AMENDMENT OR MODIFICATION SHALL BE IN WRITING AND SIGNED BY THE PARTY BOUND THEREBY. ANY PRIOR ORAL AGREEMENTS BETWEEN THE PARTIES ARE UPERSEDED BY AND MERGED INTO THIS DOCUMENT, AND THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(Pledge and Security Agreements, ¶20.) Thus, the agreement cannot be contradicted by prior discussions.

Plaintiffs seek expansive discovery with respect to the entirety of the Atlas organization despite the absence of such a representation in the documents governing the Loans at issue. Any representations as to the financial health of Atlas as a whole cannot be material where Plaintiffs did not include them in the written documents—particularly where Plaintiffs required other representations and warranties and the documents include an integration clause. In fact, where Plaintiffs deemed representations material, the Promissory Notes specifically articulated that materiality. See, Promissory Notes, ¶4.7 ( Sponsor acknowledges that these waivers are a material inducement to Lender's agreement to enter into the agreements and obligations evidenced by the

13

Note that Lender has already relied on these waivers and will continue to rely on each of these waivers in related future dealings.). There are no similar provisions with respect to the materiality of representations concerning the financial health of the Atlas organization.

In addition, there is a strong proportionality argument. (See FRCP 26.) Given that the Atlas organization is a collection of more than 50 separate entities, aside from the sensitivity of the information, the burden of establishing the financial health will be significant. That burden is disproportionate to the value of the evidence, which would merely verify a statement that Plaintiffs did not find was sufficiently important to incorporate into the representations and warranties section of the governing documents. Discovery of financial information should be limited to Defendant's personal financial statement and the financial health of the two borrowers.

Dated: March 19, 2021    Respectfully submitted,


By:    /s/ Daryl M. Schumacher
       Counsel for Steven Ivankovich


Daryl M. Schumacher (6244815)
KOPECKY SCHUMACHER ROSENBURG LLC
120 N. LaSalle Street  Suite 2000
Chicago, IL 60602
(312) 380-6556
dschumacher@ksrlaw.com

*Counsel for Defendant Steven Ivankovich*

14

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused true and correct copies of the foregoing document to be served upon all counsel of record via the ECF filing system on March 19, 2021.

/s/ Daryl M. Schumacher