```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   ZHU ZHAI HOLDINGS LIMITED and  )
     PETER PUI TAK LEE,             )
 4                                  )
                    Plaintiffs,     )  Case No. 20 CV 4985
 5                                  )
     -vs-                           )  Chicago, Illinois
 6                                  )  April 20, 2021
     STEVEN IVANKOVICH,             )  9:29 a.m.
 7                                  )
                    Defendant.      )
 8
                      TRANSCRIPT OF PROCEEDINGS
 9        BEFORE THE HONORABLE SUSAN E. COX, Magistrate Judge

10   TELEPHONIC APPEARANCES:

11   For the Plaintiffs:    QUINN EMANUEL URQUHART & SULLIVAN LLP
                            BY:  MR. ROBERT JOYNT
12                               MR. TYLER WHITMER
                            865 South Figueroa Street
13                          10th Floor
                            Los Angeles, CA  90017
14

15   For the Defendant:     KOPECKY SCHUMACHER ROSENBURG PC
                            BY:  MR. DARYL M. SCHUMACHER
16                          120 North LaSalle Street
                            Suite 2000
17                          Chicago, IL  60602

18

19

20

21

22   Court Reporter:        AMY M. SPEE, CSR, RPR, CRR
                            Federal Official Court Reporter
23                          United States District Court
                            219 South Dearborn Street, Room 2318A
24                          Chicago, Illinois  60604
                            Telephone:  (312) 818-6531
25                          amy_spee@ilnd.uscourts.gov
```

1     (Proceedings heard via telephone:)
2         THE CLERK: Case No. 20 CV 4985, Zhu Zhai versus
3  Ivankovich.
4         THE COURT: Good morning. If you could state your
5  appearances, starting with the plaintiff, please.
6         MR. JOYNT: Good morning, Your Honor.
7         This is Robert Joynt, J-o-y-n-t, from Quinn Emanuel
8  for the plaintiffs.
9         THE COURT: Good morning.
10        MR. WHITMER: And good morning, Your Honor.
11        This is Tyler Whitmer, also from Quinn Emanuel, for
12 the plaintiffs.
13        THE COURT: Good morning.
14        MR. SCHUMACHER: Good morning, Your Honor.
15        Daryl Schumacher on behalf of defendant.
16        THE COURT: Good morning to you as well.
17        So we have everyone, correct?
18        MR. JOYNT: That's correct.
19        THE COURT: All right. So, first of all, let me just
20 say that I appreciate that you have narrowed your conflict
21 down to this single issue and that discovery is -- it seems
22 like it's now on track.
23        My question about the personal financials -- I mean,
24 as I understand it, the dispute is essentially the defendant
25 has produced this personal financial statement in response to

1   the request to produce No. 20, and the plaintiff wants
2   basically the backup, the source documents.
3              Is that essentially what you're fighting about right
4   now?
5              MR. SCHUMACHER: Yes, Your Honor.
6              THE COURT: Okay.
7              THE COURT REPORTER: I'm sorry, who was that?
8              THE COURT: I'm sorry? I thought I heard something.
9              THE COURT REPORTER: This is the court reporter. I
10  didn't get who that was that spoke.
11             THE COURT: Oh, please tell me -- yeah, tell me who
12  you are, yeah.
13             MR. SCHUMACHER: That was Daryl Schumacher.
14             THE COURT: Okay. Why isn't the personal financial
15  statement verified? Why isn't a sworn financial statement?
16             MR. SCHUMACHER: Your Honor, this was a financial
17  statement that Mr. Ivankovich has submitted in prior
18  commercial transactions, but --
19             THE COURT: Uh-huh.
20             MR. SCHUMACHER: -- it was not required to be
21  verified at that point. There's nothing in the documents
22  that -- you know, he obviously has this obligation to provide
23  a financial statement. It didn't require it to be verified or
24  audited, and that's why it's not.
25             THE COURT: Mm-hmm. And -- and who was just

1  speaking, just so we're clear.
2          MR. SCHUMACHER:  That was Daryl Schumacher -- I
3  apologize -- on behalf of defendant.
4          THE COURT:  Okay.  And you -- but you -- but you
5  produced this in response to a request to produce specifically
6  about the defendant's finances, right?
7          MR. SCHUMACHER:  We did, Your Honor.  And I would
8  also point out that this wasn't something that had been
9  produced prior to this loan that they could've relied on.
10         THE COURT:  Mm-hmm.
11         MR. SCHUMACHER:  This is something that we're
12 producing after the fact in the context of discovery.  And --
13         THE COURT:  Well -- go ahead.  I'm sorry.
14         MR. SCHUMACHER:  The plaintiff is entitled to it
15 under the loan documents as well.
16         THE COURT:  Could I hear from the plaintiff, please.
17         MR. JOYNT:  Yes, Your Honor.
18         On the last point, the -- about the plaintiffs being
19 entitled under the loan documents, it's true they are entitled
20 under the loan documents to a financial statement, but we also
21 did make a specific discovery request for --
22         THE COURT:  Mm-hmm.
23         MR. JOYNT:  -- financial doc- -- or documents
24 concerning the defendant's financial situation.
25         THE COURT:  Mm-hmm.  Mm-hmm.  Okay.  And in response

1 to that, you got this financial statement unverified?

2 MR. JOYNT: That is correct, Your Honor.

3 THE COURT: All right. And what you want now, it
4 seems to me, is to, like, check the math of the source
5 documents to further your allegations, correct?

6 MR. JOYNT: That's correct, Your Honor.

7 THE COURT: All right. So it seems to me one way to
8 solve this problem is to require the defendant to verify the
9 information in the financial statement, to sign it -- not
10 just, you know, sign your name, but sign it -- attest to it
11 because -- because maybe that makes it more meaningful as a --
12 as a statement of the defendant.

13 I mean, an unverified financial statement in response
14 to an interrogatory asking about financial information is
15 essentially worthless. I mean, it just -- you know, it
16 doesn't bind the defendant to any particular position. It's
17 just -- you know, it's basically what's on the paper.

18 On the other hand, if the defendants have to swear to
19 the information in the financial statement, they're -- the
20 defendant is going to be careful to make sure that financial
21 statement is true, and that obviates the need for backups.

22 You know, and it seems to me that the plaintiff has
23 already raised problems with the veracity of that statement,
24 at least in the position paper that you filed.

25 So I think that might be the best way to do this.

1  Instead of requiring the defendant to basically produce every
2  single document that's referred to or alluded to in the
3  financial statement, just make the financial statement be
4  verified under oath so that it's accurate.
5              MR. SCHUMACHER:  Judge, Daryl Schumacher on behalf of
6  defendant.
7              If I could raise one issue.
8              THE COURT:  Mm-hmm.
9              MR. SCHUMACHER:  Plaintiffs have criticized the
10 personal financial statement for not disclosing pending
11 litigation.  There was --
12             THE COURT:  Mm-hmm.
13             MR. SCHUMACHER:  -- no framework -- there was no
14 framework or requirements for this personal financial
15 statement.  And, again, it is a statement that was used in a
16 commercial transaction.
17             I don't know that it's fair to point out . . .
18             THE COURT:  Go ahead.
19             MR. SCHUMACHER:  I don't know if it's fair to point
20 out that, you know, litigation wasn't identified in the
21 personal financial statement when, you know, there were no
22 parameters for this personal financial statement.  This was a
23 document getting used in commerce.
24             THE COURT:  Mm-hmm.
25             MR. SCHUMACHER:  You know --

1  THE COURT: Yes, but you chose to produce it in
2  response to a specific request for production in this case.
3  I understand what its use was generally for the
4  defendant, but this was produced by your client to respond
5  specifically to a request to produce. And so instead of
6  doing, you know, one kind of production, you said here's my
7  financial statement, take a look, see where I am. The problem
8  with that is, it's really not a response at all because it's
9  not under verification. It's meaningless.
10 You know, I mean, you -- you know, the parties can
11 quibble about what should, you know -- or, frankly, negotiate
12 what should be on that statement, but -- and whether
13 litigation is truly something that should be disclosed on a
14 personal financial statement and what its potential impact is
15 on a party.
16 I'm just -- I'm not going to weigh into it today, but
17 I can tell you that since you chose to produce it as a
18 document in discovery, it should be verified; otherwise,
19 it's -- it's -- it's really as if you haven't produced
20 anything at all, frankly, in my mind.
21 But the idea that we should just open up every single
22 document that might back up that -- that -- that statement
23 seems to be kind of overly broad at this point. Why not just
24 have your client verify it?
25 MR. SCHUMACHER: I can do that, Your Honor. We --

1  THE COURT: Yeah.
2  MR. SCHUMACHER: We followed your directives and
3  guidance on all of the other requests.
4  THE COURT: You did, yes.
5  MR. SCHUMACHER: And if that's Your Honor's ruling,
6  we will obviously honor it.
7  THE COURT: Well, I'd rather do that than order you
8  to produce all these source documents. It seems to me that,
9  you know, your client ought to be willing to stand by what he
10 said. It doesn't seem to me to be much of a burden.
11 MR. SCHUMACHER: Understood.
12 THE COURT: Yeah. So that's -- that's how I'm going
13 to -- that's how I'm going to resolve this issue. The
14 defendant will be ordered to resubmit this statement in
15 response to request for production No. 20, but the statement
16 will be under oath so that he can be cross-examined about it
17 when the time comes. And that, I think -- that will make it a
18 more serious endeavor for him, I think, than simply producing
19 something that had been used in a commercial transaction.
20 It's, frankly -- I mean, the plaintiff is
21 challenging, you know, the accuracy of those kinds of
22 disclosures generally in this case, so I think that's the best
23 way around this for now. So that's the Court's order for
24 today.
25 Is there anything further we need to take up?

1    MR. SCHUMACHER: Not from defendant.

2    THE COURT: Plaintiff?

3    MR. JOYNT: This is Robert Joynt.

4    Just to clarify, Your Honor, defendant, in response
5    to the same request for production, also offered to produce
6    any money judgments against the defendant and any bankruptcy
7    filings.

8    To clarify, Your Honor's ruling just address -- in
9    addition to the financial statement --

10   THE COURT: I'm just -- I'm addressing the issue that
11   you put in front of me collectively, which is the one that I
12   put on the record a few minutes ago, whether or not the
13   defendant should be required to produce the source documents
14   behind the financial statement that he produced in response to
15   the request for production.

16   My ruling is just that, that he does not have to do
17   that, but he does have to verify the personal statement.
18   Whatever commitments that he or his counsel has made in an
19   additional response to that request for production are not
20   before me, and I'm not making any comment on them one way or
21   the other.

22   MR. JOYNT: Understood, Your Honor. And thank you --

23   THE COURT: Okay?

24   MR. JOYNT: -- for the clarification.

25   THE COURT: Okay. Thank you. All right. Thank you,

1 guys.  Have a good day.  Bye-bye.
2         (Which were all the proceedings heard.)
3                    *   *   *   *   *   *
4                      C E R T I F I C A T E
5
6     I certify that the foregoing is a correct transcript, to
7  the extent possible, of the record of proceedings in the
8  above-entitled matter, given the limitations of conducting
9  proceedings via telephone.
10
11 */s/ Amy M. Spee*                    *4/21/2021*
   _____     _____
12 AMY M. SPEE, CSR, RPR, CRR           Date
   Official Court Reporter