IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4985 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| STEVEN IVANKJOVICH, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee brought this lawsuit against defendant Steven Ivankjovich alleging breach of guaranty agreements and fraudulent inducement claims. After repeatedly failing to meet court deadlines and participate in this lawsuit, the Court entered default against defendant on July 1, 2021 under Federal Rule of Civil Procedure 55(a). Before the Court is defendant's motion to vacate the default entry pursuant to Rule 55(c) and plaintiffs' renewed motion for default judgment under Rule 55(b)(2). For the following reasons, the Court, in its discretion, denies defendant's motion to vacate the entry of default and grants plaintiffs' motion for default judgment.

**Background**

Plaintiffs, investors located in Hong Kong, base their claims on two loans ("ZZH Loan" and "Lee Loan") totaling $3,000,000 that they extended to entities controlled by defendant and for which defendant served as guarantor. According to plaintiffs, defendant, who is CEO of Atlas Apartment Acquisitions, LLC ("Atlas Acquisitions") and Atlas Residential Holdings, Limited ("Atlas Holdings"), induced them into making the loans by representing that he was seeking pre-IPO financing to take Atlas Acquisitions public. Although both loans have matured, defendant, as

guarantor, has yet to repay the loans in full. Prior to filing this lawsuit, plaintiffs made numerous good faith efforts to secure payment of the loans.

After plaintiffs filed this lawsuit on August 24, 2020 and served summons on defendant, defendant failed to respond to the complaint. On October 2, plaintiffs filed their first request for entry of default under Rule 55(a) that the Court continued until October 28. Defendant attended the October 28 hearing pro se, at which time the Court warned him about a possible default. The Court also set a deadline of November 12 for defendant's counsel to file an appearance on the docket. Defendant failed to secure counsel by that deadline. At the November 17 status hearing, defendant did not appear and the Court granted plaintiffs' first request for entry of default. Plaintiffs then filed a motion for default judgment on November 20, and the Court set a hearing for December 1. On November 27, defendant's retained counsel appeared and moved to vacate the Court's entry of default. In this first motion to vacate the default entry, defendant acknowledged that an order of default would open him up to $3 million in liability. (R. 20, 11/27/20, Motion to Vacate, at 3.) The Court granted the motion to vacate on December 1 and defendant filed an answer on December 22.

On January 15, 2021, plaintiffs served interrogatories and document requests and defendant served responses on February 16 making numerous objections. Defendant refused to continue discovery until the objections were resolved. Plaintiffs responded by filing a motion to compel that Magistrate Judge Cox granted. On May 10, approximately three weeks before the close of fact discovery, defendant's counsel moved to withdraw. On May 21, the Court granted the withdrawal motion and ordered defendant to secure new counsel by June 21. The Court also set a status hearing for June 21, which the Court later reset to July 1.

After the June 21 deadline passed without an appearance by new counsel, plaintiffs filed their second request for the entry of default. After a July 1 motion hearing, where defendant did not

2

appear pro se or otherwise, the Court granted plaintiffs' request and entered default against defendant. Plaintiffs then filed a renewed motion for default judgment on July 9 and at the July 21 hearing on that motion, defendant's counsel, who had yet to file an appearance, was present. The Court then set a hearing date for August 4 and continued the motion for default judgment. On August 3, the night before the motion hearing, defendant's counsel filed a motion for leave to appear pro hac vice. Defendant's counsel also filed a motion to vacate the entry of default and opposition to the motion for entry of default judgment. Defense counsel's appearance was docketed on August 4, which was over six weeks after the June 21 deadline.

**Legal Standard**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b)(2) allows district courts to enter final judgment on an entry of default. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). Under Rule 55(c), "[a]n entry of default may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). District courts have considerable discretion in ruling on Rule 55 motions. *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015); *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010).

**Discussion**

*Motion to Vacate Entry of Default*

The Court first turns to defendant's motion to vacate the default entry by considering whether he had good cause for his repeated failures to meet the Court's deadlines. Here, defendant argues that the Court never notified him when it rescheduled the June 21, 2021 status hearing to July

3

1. He specifically explains that because he was not represented by counsel at that time, he never received electronic notification. Further, defendant contends that the written notice was mailed to his address in Illinois, but not to his address in Florida.

Whether defendant was aware of the July 1 status hearing is of no moment, however, because he was fully aware that he was required to retain counsel by June 21, which he failed to do. Indeed, defendant was present at the May 21 hearing when the Court granted his counsel's motion to withdraw and informed defendant that he had 30 days to secure new counsel. (R. 82, 5/21 Tr., at 4.) Defendant's lack of notice that the status hearing had changed does not amount to good cause for his failing to retain counsel by the June 21 deadline nor does it explain his earlier disregard for the Court's deadlines. Thus, defendant has failed to establish good cause.

Next, to show an arguably meritorious defense, defendant must state more than bare legal conclusions. *Acosta v. DT & C Global Mgmt., LLC*, 874 F.3d 557, 562 (7th Cir. 2017). In his motion, defendant fronts two defenses: (1) the borrower entities are indispensable parties that plaintiffs failed to name as defendants to this lawsuit; and (2) defendant did not commit the actions that would trigger his liability under the limited guaranty agreements. Defendant's cursory statements concerning his defenses fail to show he has meritorious defenses.

First, both promissory notes state that the governing law is the law of the Special Administrative Region of Hong Kong. (R. 16-4, Ex. D, § 4.7, 16-7, Ex. G, § 4.7.) Defendant fails to show that the borrower entities are indispensable parties under this law. In fact, defendant fails to cite any law supporting this defense nor does he take into consideration that if the borrower entities are truly indispensable, the Court would allow joinder under Federal Rule of Civil Procedure 19. Second, defendant's bare-boned denial that he did not commit the listed actions that would trigger his liability as guarantor fails to provide any factual basis and it is well-settled that "a general denial

4

of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense." *Wehrs v. Wells*, 688 F.3d 886, 891 (7th Cir. 2012).

Last, defendant filed the motion to vacate the default entry approximately a month after default was entered. Although this may be considered "prompt action," the Court notes that this is defendant's second motion to vacate and he is fully aware of his responsibilities in defending this action. Moreover, defendant must make a showing as to all three requirements required to vacate a default entry, namely, good cause, an arguably meritorious defense, and prompt action, which he has failed to do. *See Kennedy v. Michael Lewis Co.*, No. 20 C 0948, 2020 WL 5570040, at *1 (N.D. Ill. Sept. 17, 2020) (Feinerman, J.). The Court therefore denies defendant's motion to vacate.

*Default Judgment*

The effect of entry of default is that the complaint's well-pleaded allegations relating to liability are taken as true. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Simply put, plaintiffs must still prove damages after default has been entered. *Wehrs*, 688 F.3d at 892. An evidentiary hearing on damages is not necessary if damages are capable of easy computation. *See Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014); 10A Charles Alan Wright, *et al.*, Federal Practice & Procedure § 2688 (4th ed. 2020); *see also* Fed.R.Civ.P. 55(b) ("The court may conduct hearings"). Because the damages are capable of easy computation, the Court will not conduct a hearing.

Taking the complaint's allegations as true, both Atlas Holdings and Atlas Acquisitions have defaulted on the loans and the loans have matured. Also, defendant, as guarantor, has failed to pay the loans in full. Based on the declarations plaintiffs have provided, defendant owes $2,739,654 in principal, interest, default interest, and late fees on the ZZH Loan as of July 1, 2021. The ZZH

Loan was in the amount of $2,000,000 and the interest on the principal balance was 8% per annum payable on certain agreed-upon dates. The ZZH Loan also provided for a default interest rate of 18% per annum and a late payment charge of 5% for any interest payment not rendered within five days of the payment date.

As of July 1, 2021, defendant also owes $1,347,526 in principal, interest, default interest, and late fees on the Lee Loan. The principal of the Lee Loan was $1,000,000. Under the terms of the loan, interest on the principal balance was 8% per annum and was payable on certain agreed-upon dates. In total, Lee received a $105,000 prepayment of interest on January 31, 2019, an interest payment in June 2019 of $33,333, and another interest payment in November 2019 for $20,222. Lee received no other payments. Also, the loan provided for a default interest rate of 25% per annum and a late payment charge of 5% for any interest payment not rendered within five days of the payment date.

Plaintiffs also seeks reasonable attorney's fees and costs in the amount of $416,662 as of July 6, 2021. According to the declaration attached to the motion for default judgment, the fees and costs relate to: (1) the pre-complaint investigation and review of the loan documents, underlying factual information, and the materials referenced in the complaint; (2) good faith efforts to avoid litigation by sending defendant a demand letter and a pre-filing copy of the complaint; (3) drafting and filing of the complaint; (4) post-filing service efforts; (5) motion practice related to the earlier request for entry of default and motion for entry of default judgment, a motion to compel, and the current request for entry of default and motion for entry of default judgment; (6) drafting, serving, and responding to discovery requests; (7) hiring a discovery vendor to forensically collect documents from plaintiffs' document custodians; (8) hosting, reviewing, and preparing to produce those documents; and (9) the hearings before the Court and Magistrate Judge Cox.

Defendant does not dispute the amounts due as set forth by plaintiffs in their motion for

default judgment and attached declarations. Thus, defendant owes plaintiffs $4,087,180 on the two loans and $416,662 for fees and costs for a total of $4,503,842.

**Conclusion**

Based on the foregoing, the Court, in its discretion, denies defendant's motion to vacate the July 1, 2021 entry of default [86] and grants plaintiffs' motion for default judgment in the total amount of $4,503,842 [77]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 8/17/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge