```
1            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
2                       EASTERN DIVISION

3
   ZHU ZHAI HOLDINGS, LIMITED, and  ) No. 20 C 4985
4  PETER PUI TAK LEE,               )
                                    )
5                   Plaintiffs,     )
                                    )
6         v.                        )
                                    )
7  STEVEN IVANKOVICH,               ) July 21, 2021
                                    ) Chicago, Illinois
8                                   ) 11:15 a.m.
                    Defendant.      ) Telephonic Status Hearing
9
              TRANSCRIPT OF PROCEEDINGS
10      BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

11  APPEARANCES:

12  For the Plaintiffs:    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    (Telephonically)       865 South Figueroa Street
13                         Suite 3000
                           Los Angeles, California  90017
14                         BY:  MR. WILL SEARS

15
    (In Person)            QUINN EMANUEL URQUHART & SULLIVAN, LLP
16                         191 North Wacker Drive
                           Suite 2700
17                         Chicago, Illinois  60606
                           BY:  MR. DAVID LAKIN
18
    ALSO PRESENT:
19
    (Telephonically)       MR. JASON M. WANDNER, P.A.
20                         100 Biscayne Boulevard
                           Suite 1607
21                         Miami, Florida  33132

22

23          TRACEY DANA McCULLOUGH, CSR, RPR
                  Official Court Reporter
24              219 South Dearborn Street
                       Room 1232
25              Chicago, Illinois  60604
                    (312) 435-5570
```

```
 1              THE CLERK:  20 CV 4985, Zhu Zhai Holdings versus
 2   Ivankovich.
 3              THE COURT:  Good morning.
 4              MR. LAKIN:  Good morning, Your Honor.  David Lakin on
 5   behalf of Zhu Zhai Holdings.  I'm joined by my colleagues Mr.
 6   Will Sears and Mr. Sascha Rand, who are on the line right now.
 7   We're here to present plaintiffs' motion for a default
 8   judgment.  Mr. Sears will be presenting the motion.
 9              THE COURT:  All right.  But, Mr. Sears, are you
10   there?
11              MR. SEARS:  Yes, I am.  Good morning, Your Honor.
12              THE COURT:  Good morning.  You're presenting by phone
13   but you're sending him in in person?  Is that -- do you think
14   we're like carriers or something here?  You're going to send
15   him in for the slaughter?  I'm teasing you.
16              MR. SEARS:  No, Your Honor.  We certainly -- okay.
17   Well, I did want to say up front we again appreciate the
18   Court's flexibility.  And we understood this procedure would be
19   okay from speaking to the courtroom deputy.  But if the Court
20   would prefer me to attend in person, I'm happy to do that going
21   forward.  Although as I'm about to say, I'm hoping that we're
22   getting to the end of the road here.
23              THE COURT:  Well, after Labor Day, since I have been
24   in the courtroom for almost since February, the Court is ready
25   to say, listen, I'm not invincible.  Lawyers can join me.  The
```

phone is getting old. So, yes, you'll just keep a lookout on the docket, and I'll let people know when I'm expecting them to all be in all the time, but proceed. Go ahead and state your name again for the record.

MR. WANDNER: Your Honor --

MR. SEARS: Will --

MR. WANDNER: Ma'am. Your Honor, may I intercede for one moment, please.

THE COURT: Yes. Whoever else -- I said state your names for the record. I don't know who's on. So you have to tell --

MR. WANDNER: Yes, ma'am.

THE COURT: That's one of my reasons for not liking this, so go ahead.

MR. WANDNER: Okay. I'm sorry, Judge.

THE COURT: No problem.

MR. WANDNER: I didn't want to interrupt the Court.

THE COURT: No problem. Go ahead.

MR. WANDNER: My name is Attorney Jason -- yes, ma'am. My name is Attorney Jason Wandner. I'm calling from south Florida. I believe Mr. Ivankovich, who's the defendant, is on the line. Your Honor, I'm not a member of the Northern District. I have not gone through the process yet. I am intending to be retained in this case. I was just consulted on it at the very latest of hours. I reached out to Mr. Sears and

spoke to him about it yesterday evening to try to get an agreement on a reset of this motion so that I could go through the particulars of getting admitted as pro hac in your district.

He respectfully declined to agree to it, saying he didn't have a chance to speak to his clients, which I understand. My client has intended, as indicated, he wants to retain me to take over this case. I reviewed some of the materials, but obviously I'm not in a position to respond in any way. I would ask the Court to respectfully reset this matter, allow me to get retained. I've already consulted with a local attorney named Ronald Stearney, who I believe is federally certified, who has agreed in principle to act as local counsel to move my pro hac motion once it's filed.

I would ask the Court to give me a reasonable period of time to get retained, to file my motions, to get up to speed on the merits to try to resolve any disputes that may be between my intended future client and the plaintiff.

THE COURT: All right.

MR. WANDNER: And to try to get this case back on track.

THE COURT: Counsel, I'm just going to -- I'm going to stop you just for a second. Thank you. All right. Counsel for the plaintiff who's the movant here, what's your position?

MR. SEARS: Thank you, Your Honor. As the

1  defendant's lawyer --

2  THE COURT: State your name again, please.

3  MR. SEARS: Will Sears, Quinn Emanuel, for
4  plaintiffs.

5  THE COURT: All right.

6  MR. SEARS: Your Honor, our, our position is that the
7  hearing does not need to be reset and that the Court should
8  enter a default judgment as we requested in our motion. As the
9  Court is aware, this is now the second time we're in this
10 position, the second time the Court has entered default, the
11 second time the defendant has ignored a deadline to secure
12 counsel, and the second time we've had to move for a default
13 judgment only to have the defendant swoop in and say that he
14 wants to participate in the case literally at the 11th hour.

15 We think this is a waste of the Court's time. It's a
16 waste of our time. It's a waste of our client's money. And
17 this is the exact scenario that we highlighted and discussed
18 with the Court as a possibility at the last hearing, which was
19 on July 1st. And at that time I believe the Court said that,
20 it would take something extraordinary to set aside the default
21 and allow defendants to come back into the case at this point.
22 And I'm not hearing anything extraordinary from the other side.
23 It sounds like just another tactical delay.

24 MR. WANDNER: Judge, I wasn't there on July 1st. I
25 don't know what was said, and I haven't had a chance to

1  evaluate the reasons why my client may not have participated,
2  but I'm quite sure that there is a legitimate reason that I
3  would like to present. I can't do that, though, because I'm
4  not licensed --
5          THE COURT: Okay.
6          MR. WANDNER: -- to practice in the district.
7          THE COURT: And, Counsel, I understand that. Let me
8  stop you one second. I have a courtroom full of people. But
9  let me say this: You know, you may not have been aware or been
10 there, but, you know, that is -- when you decide to take on a
11 case that has a default judgment motion pending and hanging
12 over it, you've got to know what you're dealing with before you
13 come in and just say, well, I don't know and give me more time.
14 You know, you're not just asking for more time --
15         MR. WANDNER: Well, I've reviewed --
16         THE COURT: -- you're coming out of the district.
17         MR. WANDNER: Yes.
18         THE COURT: You've got to, to comply and get pro hac
19 vice approval. And again, you should have some information.
20 And I think your client may be on the phone, but he knows what
21 the Court said the last time.
22         MR. WANDNER: Well, my understanding, Judge, and I
23 can say from speaking to my client, that my client was not
24 aware of that hearing. Apparently there was a change in the
25 date of the hearing from one date to another. He was not aware

1  of that. And when he became aware of what had happened at that
2  hearing, he has taken steps to consult and has now gotten to
3  me. And I am only aware of what I can be -- you know, what I'm
4  available to, to deal with, and that is, where I stand today.
5  I can't make an argument without having more access to the
6  evidence and the procedure. I can only rely on what counsel
7  for the plaintiff has stated, and I'm not accepting what his
8  representations are. Those are his representations, and so be
9  it.
10        But my client -- I believe my client has a right to
11 make his own representations as to what happened and why he
12 wasn't there on July 1st.
13        THE COURT: All right.
14        MR. WANDNER: But I don't feel comfortable to file
15 something of merit and substance without --
16        THE COURT: Counsel, let me slow you down. Let me
17 slow you down a little bit.
18        MR. WANDNER: Yes, ma'am.
19        THE COURT: You're talking sort of in a circle. I
20 understand your argument. At this time I'm going to enter and
21 continue the motion for default. That doesn't have to be set
22 again. We're going to enter and continue it, and whatever you
23 have to do you should be able to do in a couple of weeks. So
24 you get 14 days. All right. Then we'll be back here, and I'll
25 determine whether or not this motion for default will go

1  forward.  And you should have a lot more information to present
2  to the Court at that time.  Do you understand?
3          MR. WANDNER:  Yes, ma'am.  Absolutely.  And I
4  appreciate it.
5          THE COURT:  All right.  And that's over the objection
6  of the plaintiff, but they are allowed -- it's entered and
7  continued.  So the motion for default is still there.  It is
8  not being taken away and I'm not vacating it.  It is still
9  there.  Do you understand?
10          MR. WANDNER:  Yes, ma'am.
11          MR. SEARS:  Yes, we do.
12          THE COURT:  All right.  All right.  Give me a date,
13  Yvette.
14          THE CLERK:  August 4th.
15          THE COURT:  August 4th at what time?
16          THE CLERK:  At 10:30.
17          THE COURT:  August 4th at 10:30.  And I will hear
18  arguments at that time, and I will take into consideration what
19  has or has not been filed.  And make sure you comply with the
20  local rules, Counsel.
21          MR. WANDNER:  Yes, ma'am.  And would that be an
22  appearance that I can do remotely, or does the Court -- will
23  the Court require my in-person appearance?
24          THE COURT:  Well, you're coming from Florida, sir.
25  That's -- if you've filed your appearance on the docket, I'm

1 not going to require you to be here.  But you need to have
2 shown the Court that you really do intend to be a part of this
3 case.
4     MR. WANDNER:  Yes, ma'am.  I will do so.  Thank you
5 so much for the courtesy, Your Honor.  I appreciate it.
6     THE COURT:  All right.  Thank you very much.  All
7 right.
8     MR. WANDNER:  Have a good day.  Bye.
9     THE COURT:  All right.
10     MR. SEARS:  Thank you, Your Honor.
11     THE COURT:  Take care everybody.  Thank you.
12        CERTIFICATE
13     I HEREBY CERTIFY that the foregoing is a true,
14 correct and complete transcript of the proceedings had at the
15 hearing of the aforementioned cause on the day and date hereof.
16
17 /s/TRACEY D. McCULLOUGH         July 22, 2021
18 Official Court Reporter           Date
  United States District Court
19 Northern District of Illinois
  Eastern Division