```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


ZHU ZHAI HOLDINGS, LIMITED, and    ) No. 20 C 4985
PETER PUI TAK LEE,                 )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )
                                   )
STEVEN IVANKOVICH,                 ) August 4, 2021
                                   ) Chicago, Illinois
                                   ) 11:05 a.m.
                Defendant.         ) Status Hearing
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs:<br>(In person) | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 South Figueroa Street<br>Suite 3000<br>Los Angeles, California 90017<br>BY: MR. WILL SEARS |
| (Telephonically) | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>22nd Floor<br>New York, New York 10010<br>BY: MR. SASCHA N. RAND |
| For the Defendant:<br>(Telephonically) | MR. JASON M. WANDNER, P.A.<br>100 Biscayne Boulevard<br>Suite 1607<br>Miami, Florida 33132 |

TRACEY DANA McCULLOUGH, CSR, RPR
Official Court Reporter
219 South Dearborn Street
Room 1232
Chicago, Illinois 60604
(312) 435-5570

```
 1  APPEARANCES CONTINUED:
 2  ALSO PRESENT:
 3  (In person)            MR. DAVID DRESCHER
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

| | |
|---|---|
| 1 | THE CLERK: 20 CV 4985, Zhu Zhai Holdings versus |
| 2 | Ivankovich. |
| 3 | THE COURT: Good morning. |
| 4 | MR. SEARS: Good morning, Your Honor. Will Sears, |
| 5 | Quinn Emanuel for the plaintiffs, and I believe Sascha Rand |
| 6 | from Quinn Emanuel is on the phone as well. |
| 7 | THE COURT: All right. |
| 8 | MR. DRESCHER: Good morning, Your Honor. Attorney |
| 9 | David Drescher as local counsel for defendant Steven |
| 10 | Ivankovich. |
| 11 | THE COURT: All right. Thank you. But let me just |
| 12 | go ahead and -- whoever is on the phone you can state your |
| 13 | names please, but understand that those who are on the phone |
| 14 | can't speak unless spoken to. All right. Go ahead. |
| 15 | MR. RAND: Good afternoon, Your Honor. This is |
| 16 | Sascha Rand from Quinn Emanuel. Mr. Sears will be addressing |
| 17 | the Court. And thank you for letting me appear at least |
| 18 | telephonically as a second chair observer today. |
| 19 | THE COURT: All right. You're welcome. Thank you. |
| 20 | Anyone else who needs to identify themselves for the record by |
| 21 | phone? |
| 22 | MR. WANDNER: Yes, ma'am. This is attorney Jason |
| 23 | Wandner. I'm lead counsel for Steven Ivankovich. And if the |
| 24 | Court permits, I would appreciate being able to make the |
| 25 | arguments today telephonically. |

1  THE COURT: All right. My practice prior to the
2  whole COVID stuff was that the person in court made any
3  substantive arguments. I will allow you this today, but first
4  let's deal with the situation most at hand, which I don't think
5  anybody thought was going to happen, we'd have a lawyer
6  standing on the other side. That's a first. He just joined
7  us. When did you file your appearance, Counsel?
8  MR. DRESCHER: Judge, I actually have not filed my
9  appearance yet. I would like leave to do so. We were just
10 very, very recently retained coming into the, the picture here
11 to appear as local counsel.
12 THE COURT: Well, pro hac vice was granted, and it's
13 on the docket, so -- and so have you ever even had a chance to
14 speak to the lawyers for the plaintiff on this case?
15 MR. DRESCHER: I have not personally, Judge, but I --
16 my understanding -- well, I believe Jason Wandner, the attorney
17 on the phone and the other attorney Gary Goldstein may have
18 perhaps.
19 THE COURT: All right.
20 MR. DRESCHER: I understand this is a situation where
21 the previous attorney for the defendant had withdrawn.
22 THE COURT: Yes. Yes. That's true. Mr. Wandner, do
23 you want to speak up?
24 MR. WANDNER: Yes, ma'am. So, Judge, since we were
25 last together a few weeks ago and the Court was gracious enough

1  to give us some time to get up to speed, my colleague Gary
2  Goldstein, who I believe is on the phone, and is in the process
3  of filing his pro hac motion, we have worked very diligently to
4  get up to speed to review pretty much everything there is to
5  review to be prepared for today.  While I did speak to
6  Mr. Sears I believe prior to the last hearing, we only pretty
7  much finalized our papers and filed them pretty late yesterday,
8  so I did not have a chance to speak to him about it.
9           I do understand their position was to object to
10 our -- what we had asked for in terms of relief when we had
11 spoken.  But our, our motion to vacate the default and our
12 response in opposition to their motion for default judgment has
13 now been filed, and I'm eager to share with the Court in terms
14 of argument our position that has now been filed in writing.
15          THE COURT:  All right.  I also see that there's also
16 been a response to your motion that was filed the next day.  Am
17 I correct plaintiff?
18          MR. SEARS:  Yes, Your Honor, that's correct.  We got
19 the docket notification as my plane to Chicago was taking off,
20 so we worked over the night to, to try to fully brief this, and
21 I've -- actually I brought a copy of the, the brief and our
22 appendix for the Court, if that would be helpful.
23          THE COURT:  Well, that's always helpful.  Then I
24 guess the question is has the defense seen the response?
25          MR. DRESCHER:  I have not.

1      MR. WANDNER:  I did not, Judge.
2      THE COURT:  So I guess the question is do you need
3 any very short time for a reply?
4      MR. WANDNER:  I would appreciate it.  If, if their
5 position is to maintain that we don't intend to defend
6 ourselves and that we don't merit relief, then certainly I
7 would request a brief period of time to reply.
8      THE COURT:  All right.  Since everything is, is --
9 you all are filing everything within days of the filing, now
10 we're moving and we're moving at lightning speed.  But the
11 Court thinks it's best based on the history of this to have a
12 matter fully briefed so the Court can review in writing the
13 arguments.  So much of these contested situations are difficult
14 with the telephone, telephonic arguments, et cetera.  I know at
15 least for one party they've been ordering regular transcripts,
16 so you have them.  Even this Court doesn't look at regular
17 transcripts of the proceedings on the basis -- at least on the
18 frequency that the plaintiff has been.
19      But the Court needs to be able to, be able to review
20 the arguments in writing, which would be helpful to the Court.
21 And not saying by doing that you would not have additional
22 opportunity to argue.  You probably would briefly, if
23 necessary.  You know, the Court's just saying this as an aside.
24 If a case can be resolved by getting a party finally in with a
25 lawyer and you get the case resolved, that is much more

preferable than, you know, fighting it out for months, trying to decide whether or not you even get to proceed with your default. So that's the Court's personal position.

But, you know, you all are arguing your cases, and this case has more history than it should for a case that's less than a year old, so -- or only about a year old. It's like we have 88 docket entries on a case that's only been around a short period of time. So defense also knows and understands the frustration that the plaintiff and the Court have on this matter that predates when you came into the case, but it is something the Court has to take into consideration, all of this information, the entire situation. And I'm not, I'm not blind to it.

All right. So, again, for a response -- a reply to your motion for a default can you get it in by Friday, Counsel?

MR. WANDNER: Yes. So we will file a reply to their response to our motion --

THE COURT: Right.

MR. WANDNER: -- by Friday.

THE COURT: Right. So the dockets are 86 is the motion, your motion. Docket 87, filed a day later, is the response that was filed and the exhibits attached. And then that was done yesterday. And then you have until Friday, the 5th to file it. All right. And then once the Court --

MR. WANDNER: Yes, ma'am.

1  THE COURT: -- the Court reviews it all, I'm not
2  certain. I will either make a turnaround, and you will know
3  fairly quickly at the beginning of next week if I feel I need
4  oral argument. There's a good chance I won't, but I will let
5  you know if I do need oral argument, and I will set any further
6  dates, if necessary, or make any further orders as to --
7  proposed orders being asked for by the Court, et cetera, I will
8  put that in my next order, which will come in early next week
9  after everything has been briefed.
10  MR. WANDNER: Excellent, Judge. Judge, if I may.
11  THE COURT: Yes.
12  MR. WANDNER: If counsel can e-mail me the response.
13  For some reason I didn't see an electronic receipt of that, nor
14  of my own. I do have credentials from the Court, and the Court
15  did grant pro hac, which I appreciate very much. But for some
16  reason I don't -- I'm not seeing on my e-mail the, the filings.
17  THE COURT: So Miss Montanez, my court deputy, will
18  resend the --
19  THE CLERK: Notifications.
20  THE COURT: -- the notifications to you. Okay?
21  MR. WANDNER: Perfect. Thank you so much.
22  THE COURT: All right. You're welcome. Let us know
23  if you don't receive them. Let her know so that we can make
24  sure that you don't miss out on a day of preparation. Did you
25  have anything else plaintiff?

1  MR. SEARS: Yes, Your Honor. Not to push my luck,
2  but while I'm here, I think the Court's comments were apt. I
3  think we share the Court's frustration that we're a year into
4  this case. We've spent a lot of time and money and very little
5  has happened. I also hear the Court's comments about the
6  preference for resolving cases on the merits rather than a
7  default. We've explained why we think a default is fully
8  warranted in our papers, but just a preview.
9  Starting at page 9 of our response we also suggest a,
10 a middle path, so to speak, if the Court is so inclined. I
11 think what has become very clear over the past 10 months is
12 that this defendant for whatever reason does not do things --
13 THE COURT: Okay.
14 MR. SEARS: -- until the rubber hits the road.
15 THE COURT: Counsel, you're arguing. I'm not going
16 to allow the argument.
17 MR. SEARS: Thank you, Judge.
18 THE COURT: All right.
19 MR. SEARS: Understood.
20 THE COURT: I understand the sentiment, but I'm not
21 going to allow the argument. I want to see the briefs in
22 writing. I understand that's pretty much a common sentiment on
23 anybody who gets to this point on plaintiffs, and I understand
24 it, but I'm not going to allow it to go any further. All
25 right.

1  If there's nothing else, everyone understands about
2 the briefing schedule. I'll take it under advisement. So the
3 Court is going to have some certainty on at least part of this
4 case by next week. All right. Thank you all on phone and
5 thank you in person. Thank you. Stay safe everybody.
6  MR. WANDNER: Thank you, Judge.
7  MR. SEARS: Thank you, Judge.
8  MR. RAND: Bye.
9  MR. SEARS: Would you like me to hand up a copy of
10 the brief?
11  THE COURT: Oh, that would be great.
12  (Document tendered.)
13  (End of proceedings.)
14                    CERTIFICATE
15  I HEREBY CERTIFY that the foregoing is a true,
16 correct and complete transcript of the proceedings had at the
17 hearing of the aforementioned cause on the day and date hereof.
18
19 /s/TRACEY D. McCULLOUGH                         August 12, 2021
20 Official Court Reporter                         Date
   United States District Court
21 Northern District of Illinois
   Eastern Division