UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ZHU ZHAI HOLDINGS LIMITED )
And PETER PUI TAK LEE,
                             )
       Plaintiffs
                             )      Case No. 2020-CV- 4985
v.
                             )
STEVEN INVANKOVICH,
                             )
       Defendant    )

_____/

## MOTION TO DISMISS AND QUASH CITATION; REPLY TO EX-PARTE MOTION OF PLAINTIFFS TO TURN OVER ASSETS, FILED BY NON-PARTY ENTITES.

The non-party entities[1] by and through their undersigned counsel make this limited appearance, and specifically do not consent to the jurisdiction of this court. This "limited appearance" is necessary because the Plaintiff's are attempting to obtain the assets of the non-parties without affording the non-parties due process. The non-parties are Atlas Apartments LLC; Atlas Apartment Homes LLC; Atlas

---

[1] The Court's minute order entered on April 5, 2022, [Doc. No. 157] directed the "Defendant" to file a response to the Motion to Turn Over Funds. This is the issue raised in this motion. Non - parties have not received due process to protect their assets before those assets were "taken." The Defendant as ordered by the Court joins with the Non-Parties in the Motion and Response. Arrangements are being completed by the "Non-Parties" to retain counsel and for counsel to appear at the April 19, 2022, hearing.

Multifamily Three LLC; Atlas MF Mezzanine Borrower LLC; Atlas Multifamily Three LLC; Premier Orland Portfolio Two LLC; Atlas Alexandria & Parcvues LLC; Atlas Crowntree Lakes LLC; Atlas Apartments Homes LLC; Atlas Birchwood LLC; Atlas Apartment Holdings LLC; Atlas Apartment Homes LLC; P2 Portfolio Managing Member LLC; and Ivankovich Family LLC. All non-parties collectively referred to as "Non-Parties." In support of this motion and reply the Non-Parties state the following:

1. The Non-Parties have not been served with any summons to appear; have not be named as parties to any complaint filed by the Plaintiffs; and have not been notified of this proceeding or the Motion of Plaintiffs to turn over assets.

2. The instant case has been administratively closed.

3. The pending "turnover" motion is apparently being handled by the court through a collection procedure instituted by the Plaintiff seeking the discovery of assets of the judgment debtor, Steven Ivankovich.

4. As part of that collection process the Plaintiff filed a motion seeking an order of this court to serve citations on the defendant Ivankovich, and many other entities including Stifel Financial Services "Stifel" [Doc No. 106]. The citations to the multiple non-parties were grouped in Exhibit Group number 1 [Doc. No. 106-1]. The citations required each non-party who

2

served a citation to appear in this court, in this case to testify concerning the assets of the defendant. Effectively turning this closed case into a collection proceeding. It is respectfully suggested that this is not a proper use of this court's resources.

5. The citation to Stifel required Stifel to appear for an examination in this court on a blank date, for inquiry into what assets of Steven Ivankovich Stifel was holding. See [Doc No. 106 page 24].

6. The citation to Stifel also contained interrogatories to Stifel seeking to discover assets it held of the judgment debtor Steven Ivankovich. See [Doc No. 106-1 page 28].

7. The Court entered an order on January 11, 2022, allowing the Plaintiffs to serve the citations and interrogatories on the various entities including "Stifel." [Doc No.111].

8. The citations that the court approved to be served required the non- party to respond to several interrogatory questions that sought information about assets of Mr. Ivankovich held by each of the non-parties. [Doc No.106-1]. Counsel has reviewed the docket and did not locate an amended order that allowed different interrogatories to be served other than those interrogatories attached to the Plaintiff motion [Doc. No. 106-1} and approved by the Courts January 11, 2022, order [Doc. No. 111].

9. Each of the citations approved by the court to be issued were identical. The Citation Proceeding served on Stifel requested the following information: see {Doc No. 106-1 page 28}.

    1. "Information about the respondent and the debtor; (the debtor being Steven Ivankovich): (a) Bank name: Stifel Nicholas & Company, Incorporated; (b) Banks address: 501 North Broadway, St Louis, MO 63102; (c ) Debtor's name: Steven Ivankovich; (d) Debtors social security number last four digits: ( e) Judgment: $4,651,543.34".

    2. "Interrogatories: (a). *"On the date of service of the Citation, do you have any personal property belonging to the debtor?." Yes or no ".* *** "If no, do not fill out the rest of the form, Sign below."*

10. On March 24, 2022, Stifel filed an "Answer to Citation Proceeding By Stifel, Financial. Corp" [Doc. No.153]. Stifel in violation of the privacy laws that required it to maintain the confidentiality of its customers banking and financial information either intentionally and willfully, or simply grossly negligently mistakenly answered Interrogatory number 1 as YES, that on the date of service of the citation they were holding personal property or money of the debtor. That wrongful answer caused a taking of the non-party assets.

4

11. Stifel intentionally and willfully further violated the privacy of its customer account holders, or gross negligently, by listing each of the Non-Party investment accounts and the amount in each investment account on the date the citation was served.[2]

12. Stifel, initially placed a "freeze" on all non-party investment accounts and failed to even notify the Non-Party account holders that it had frozen in excess of $30,000,000 in the non-party investment accounts.

13. Stifel apparently conspired with and in violation of its fiduciary duty to its customers, discussed and shared with the Plaintiff and its counsel private confidential banking and financial information of the non-parties.

14. No notice was provided by Stifel or the Plaintiffs or its counsel that the non-parties confidential financial information was being discussed and disclosed.

15. The Plaintiffs, their counsel, and Stifel had actual knowledge that the non-party LLCs were not parties in this case. They had actual knowledge that the non-parties were separate entities from Steven Ivankovich . They had actual knowledge of the case and statutory law in Illinois and in Delaware,

---

[2] The information now is public. Stifel did not even seek to protect the confidentiality of the Non-Parties, did not qualify its interrogatory answer to explain that it held separate LLC entity accounts that the Defendant Ivankovich may have an interest in as a manager or member. Stifel did not even seek to provide the account information "under seal" so protect the privacy right of its customers. The violation of its customers right to privacy, Stifel's, breach of their fiduciary duty and collusion with the Plaintiff and Plaintiff counsel will be the subject of an independent proceeding.

were most of the LLC's are domiciled, that LLC assets are not subject to a taking by a creditor of a member.

16. The Plaintiffs, their counsel and Stifel had actual knowledge that the statutory and case law in Illinois and in Delaware provides that the exclusive remedy for a creditor of a member to pursue that members interest in a LLC is through the mechanism of a charging order.

17. Notwithstanding the law and the actual knowledge of that law by Plaintiffs and their counsel and Stifel those entities engaged in the conduct set forth in this motion and response. Their actions have caused and are continuing to cause these entities substantial damages, which will be addressed in another forum. However, Plaintiffs still are pursuing the turnover order, in bad faith.

18. Currently Stifel has "frozen" the Non-Party Ivankovich Family LLC Investment account in the amount of $8,356,534.29, and P2 Portfolio Managing Member LLC Investment Account in the amount of $946,552.39. [Doc. No. 153 and 160].

19. On Friday April 1, 2022, Plaintiff's counsel filed an ex -parte motion to have the court enter an order to have Stifel turn over to the Plaintiffs

$4,279,746.51 which Plaintiff alleged "will fully satisfy the judgement".[3] [Doc No. 154]

20. Plaintiff's counsel without any notice to the Non-Parties or even notice to Defendant Ivankovich scheduled a hearing for April 5, 2022, at 9:15 A.M.[4]

21. Only through fortunate circumstances did counsel for Mr. Ivankovich appear telephonically at the hearing, which was held on April 5, 2022, to enter the order requested by the Plaintiff's to turn over the Non-Party assets (bank accounts) to satisfy the judgment creditors judgment against Steven Ivankovich. [The proposed turnover is attached as exhibit number 2 [Doc No. 154 -2].

22. Once the Plaintiff and Stifel were delayed in literally obtaining the Non-Party assets without any due process, Stifel, on April 6, 2022, filed what it called "Answer to Amended Citation Proceeding by Stifel Financial Corp." [Doc. No. 160 ]. The amended Stifel answer changed the answer to interrogatory # 2 (a). The new citation interrogatory 2 (a) asked: "On the date of service of the *citation, do you have any money, accounts, or assets in which the debtor or an entity in which the debtor has ownership or*

---

[3] This amount was incorrect.
[4] The Court is requested to take judicial notice and inquire into how the Plaintiff's secured a hearing date on one days' notice (Monday April 4, 2022, being the following business day after the docketing of the Motion to Turn Over Funds). The Court sua- sponte is also requested to take such other appropriate actions including entering sanctions for what occurred and is occurring in this collection matter.

*control in or any other personal property, investment accounts, real property, or other assets belonging to the debtor, or in which the debtor has an interest"?* Stifel once again answered Yes and once again disclosed the bank account information of the Non-Parties. However, apparently Stifel no longer is claiming that that the defendant /debtor Steven Ivankovich owns those assets, although they still have "frozen" the investment accounts.

23. Stifel even admits its error in its amended citation answer: "*....Stifel's Answer filed with the Clerk of the Court on March 24, 2022, **mistakenly answered Interrogatory 2. a. to the original Citation….***" The effect of Stifel's amended answer, although in an attempt to most likely mitigate the damages that they have caused by their first "Mistaken" answer, try to avoid a simple No answer. However, Stifel now admits it is holding <u>no assets</u> of the defendant Steven Ivankovich. It has no assets of Steven Ivankovich to "turnover" to the Plaintiff.

24. The Plaintiff's ignored the Stifel amended answer to the interrogatory. On April 5, 2022, Plaintiff filed an amended turn over motion and attached as exhibits the mistaken Stifel answer and a new turnover order for the court to enter on April 19, 2022. See [Doc No. 158]. Plaintiff's, as of April 12, 2022, have not amended their turnover motion or proposed order to inform

the court that Stifel has now amended its interrogatory answer and Stifel now admits that the assets it is holding <u>are not</u> owned by defendant/judgment debtor Steven Ivankovich, but are owned by each of the Non-Parties.[5]

Wherefore, it is requested that the Court grant the Non-Parties the following relief:

A. Deny the Plaintiff's Motion for Turnover.

B. Enter and order dismissing the citation issued to Stifel.

C. Enter an order quashing the citation subpoena issued to Stifel.

D. Enter and order, ordering Stifel to release the "freeze" that it has placed on Non-Party investment accounts.

E. Enter an order closing this case to all collection matters.

F. Awarding the Non-Parties reimbursement for reasonable legal fees and costs that they have incurred in defending this motion for turnover.

G. Enter appropriate sanctions against the Plaintiff, and their counsel as may be appropriate under the circumstances.

---

[5] The Non-Parties will file under separate cover an exhibit registrar containing the relevant pleadings.

Respectfully Submitted,
By:/s/ Gary A. Goldstein
111 South Calvert Street
25th Floor
Baltimore, MD. 21201
Mailing Address:
1710 Lands End Road
Lantana, Florida
Maryland Federal Bar # 00825
e-mail ; gary@gagpa.com
Phone number: 561-373-0327[6]
Respectfully Submitted:
By: /s Jason Wandner_____
Jason Wandner, Fla Bar # 0114960
100 N. Biscayne Boulevard
Suite 1607
Miami, Florida 33132
Email: jason@wandnerlaw.com
Admitted Pro Hac Vice Counsel for
DefendantSteven Ivankovich.
Telephone (305) 868-1655.
Fax (305) 503-7480

_____
**Stuart Office:**
Treasure Coast-Stuart Office
412 SW Camden Avenue
Stuart, Florida 34994
Telephone (772) 324- 9255

---

[6] Gary Goldstein intends to file a Motion Pro Hoc Vice in this case and enter a special limited appearance for the Non-Parties. Mr. Goldstein represents Steven Ivankovich in the appeal pending in the United States Court of Appeals for the 7th Circuit and is a member in good standing of that Court. Counsel is arranging for Illinois counsel to also enter a "limited appearance" for the "non-parties." Mr. Wandner joins in the Motion and Response. Due to time constraints in timely filing this Motion and Response by the April 12, 2022, date scheduled by the court, it may be filed using Mr. Wandner' s ecf credentials.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused true and correct copies of the foregoing document to be served upon all counsel of record via the ECF filing system on April 12, 2022.

By: /s Jason Wandner_____