**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 20-cv-4985<br>) |
| STEVEN IVANKOVICH, | )<br>)<br>) |
| Defendant. | ) |

## THE ATLAS LLCs' MOTION FOR LEAVE TO FILE COMBINED MOTION TO DISMISS AND QUASH CITATION, AND RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR TURNOVER

NOW COME non-parties Atlas Apartments Acquisition LLC, Atlas Apartment Homes LLC, Atlas Multifamily Three LLC, Atlas MF Mezzanine Borrower LLC, Premier Orlando Portfolio Two LLC, Atlas Alexandria & Parcvue LLC, Atlas Crowntree Lakes LLC, Atlas Apartment Holdings LLC, P2 Portfolio Managing Member LLC, Atlas Birchwood LLC, and Ivankovich Family LLC (collectively, the "Atlas LLCs"), by and through their counsel, Chuhak & Tecson, P.C., and for their Motion for Leave to File Combined Motion to Dismiss and Quash Citation, and Response to Plaintiffs' Amended Motion for Turnover, pursuant to Northern District of Illinois Local Rule 5.6, or alternatively, Motion to Intervene pursuant to Federal Rule of Civil Procedure 24, states as follows:

### INTRODUCTION

The Atlas LLCs are various LLCs that are not judgment debtors but have been subjected to an erroneous Citation to Discover Assets issued to third-party Stifel Financial Corp. ("Stifel"). In short, Stifel incorrectly and improperly identified and disclosed investment accounts belonging to the Atlas LLCs, and not to Steven Ivankovich (the "Judgment Debtor"), in its initial

Answer to the Citation issued to Stifel relating to assets of the Judgment Debtor. Stifel realized its mistake and filed an Amended Answer to the Citation, which admits to its mistake, but does not correct it in the Answer itself. *See* Doc. Nos. 13 and 160. Seemingly relying on the incorrect information provided by Stifel, and now known to the parties to be incorrect, Plaintiffs seek turnover of funds from Stifel that do not belong to the Judgment Debtor. As such, the Atlas LLCs request leave to file a motion to dismiss the Stifel Citation, as Stifel does not have property belonging to the Judgment Debtor (*i.e.*, the accounts at Stifel belong to the Atlas LLCs, not the Judgment Debtor) and because the Plaintiffs have moved for turnover of the Atlas LLCs' property, or alternatively, for leave to intervene pursuant to Fed. R. Civ. P. 24.

## BACKGROUND

1. On July 10, 2020, Plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee (collectively, "Plaintiffs") filed their Complaint against sole Defendant Steven Ivankovich ("Ivankovich" or the "Judgment Debtor"). *See* Docket No. 1.

2. On August 17, 2021, this Court entered a Default Judgment in favor of the Plaintiff and against Ivankovich, *only*. *See* Docket No. 91.

3. On November 2, 2021, Ivankovich filed his Notice of Appeal with this Court regarding the Court's Order entering Default Judgment against him, *see* Doc. No. 91, and the Court's Order Denying Ivankovich's Motion to Vacate and Reconsider Entry of Default Judgment, *see* Doc. No. 100. *See* Docket No. 101.

4. This matter is currently pending appeal in the Seventh Circuit Court of Appeals.

5. On January 11, 2022, this Court granted Plaintiffs' Motion for Leave to Issue Citations to Discover Assets of Ivankovich. *See* Docket No. 111.

4885-5619-0747.v1.03500.94603

6. On January 14, 2022, Plaintiffs issued Citations to Discover Assets (collectively the "First Citations") to: 1) Steven Ivankovich; 2) JP Morgan Chase Bank; 3) Wells Fargo & Company, Inc.; 4) Walker & Dunlop; 5) Cushman & Wakefield; and, 6) Stifel. *See* Docket No. 118.

7. On January 22, 2022, Plaintiffs issued additional Citations to Discover Assets (collectively with the First Citations, the "Citations," individually a "Citation") to J & S Family LLC and A & O Family LLC. *See* Docket Nos. 149 and 151.

8. Plaintiffs did not issue or serve the Citations on the Atlas LLCs.

9. On March 24, 2022, Stifel filed its Answer to the Citation, incorrectly indicating that it held personal property of the Judgment Debtor. *See* Docket Nos. 153 and 160 (partially correcting its initial erroneous Answer). In reality, Stifel does not (and did not) hold personal property of the Judgment Debtor. *See* Docket No. 160. However, as part of its erroneous Answer, Stifel disclosed the names of the Atlas LLCs who are not the Judgment Debtor, the last four numbers of their respective investment accounts (the "Atlas LLCs' Investment Accounts"), and the balances of each of the Atlas LLCs' Investment Accounts. *Id.* Further, Stifel incorrectly placed a "freeze" on all the Atlas LLCs' Investment Accounts.

10. Neither Plaintiffs nor Stifel notified the Atlas LLCs of the Citations or the investment accounts "freeze."

11. Stifel "froze" accounts not belonging to the Judgment Debtor but belonging to non-parties Ivankovich Family LLC and P2 Portfolio Managing Member LLC with balances of $8,356,534.29 and $946,552.39, respectively.

12. Judgment Debtor does not have an interest or otherwise own the Atlas LLCs' Investment Accounts.

4885-5619-0747.v1.03500.94603

13. Upon belief and information, Stifel does not have personal property belonging to Judgment Debtor. *See* Document No. 160.

14. Despite this, on April 1, 2022, Plaintiffs filed their ex-parte motion for turnover for funds in the Atlas LLCs' Investment Accounts it alleged belonged to Judgment Debtor and held by Stifel in the amount of $4,279,746.51 (the "Turnover Motion"). *See* Docket No. 154.

15. On April 5, 2022, this Court entered and continued the Turnover Motion to April 19, 2022, and gave Judgment Debtor leave to file a response to the Turnover Motion. *See* Docket No. 157.

16. On the same day, April 5, 2022, Plaintiffs filed their Amended Motion for Turnover, amending the Turnover Motion only as to "correct a clerical error in the original motion regarding the amount of the judgment." *See* Docket No. 158.

17. On April 6, 2022, Stifel filed an Amended Answer to the Citation, in which question 2a is altered. *See* Docket No. 160. The question now asks:

> On the date of service of the *Citation*, do you have any money, accounts, or assets in which the debtor **or an entity in which the debtor has ownership or control in or any other personal property**, investment accounts, real property, or other assets belonging to the debtor, or in which the debtor has an interest?

*Id.* (emphasis supplied).

18. However, in its Amended Answer, **Stifel admits that it does not have any personal property belonging to Judgment Debtor.** *See* Docket No. 160 ("Stifel's Answer, filed with the Clerk of Court on March 24, 2022, mistakenly answered Interrogatory 2.a. to the original Citation. Set forth below is Stifel's Answer to the Amended Citation, including Stifel's answer to amended Interrogatory 2.a.").

4885-5619-0747.v1.03500.94603

## STATUTORY PREDICATES

A non-party may file a pleading or motion in a case to which it is not a party only when approved by the Court. N.D.I.L. L.R. 5.6. Similarly, on timely motion, the Court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69. Pursuant to Illinois law, a judgment creditor may issue Citation to Discover Assets to ascertain assets or income of the judgment debtor. 735 ILCS 5/2-1402. If the Court determines that the judgment debtor or third party does not possess any non-exempt income or assets of the judgment debtor, then the citation shall be dismissed. *See* 735 ILCS 5/2-1402(d-5).

## ARGUMENT

The Atlas LLCs seek leave to file a Combined Motion to Dismiss the Citation issued to Stifel, and a Response to the Plaintiffs' Motion for Turnover of Funds, substantially in the form attached hereto as <u>Exhibit 1</u>. Alternatively, if the Court would prefer that the Atlas LLCs file an intervenor complaint pursuant to Fed. R. Civ. P. 24, the Atlas LLCs request leave to file an intervenor complaint within twenty-eight (28) days. Stifel admits that it does not possess property belonging to Judgment Debtor and so the Citations must be dismissed. *See* Exhibit 1. Further, the Atlas LLCs interests and rights in its property are directly impacted by Plaintiffs' Turnover Motion and no current party adequately represents the Atlas LLCs' Interest.

4885-5619-0747.v1.03500.94603

Stifel incorrectly and improperly identified and disclosed investment accounts belonging to the Atlas LLCs, and not to Judgment Debtor, in its initial Answer to the Citation issued to Stifel relating to assets of Judgment Debtor. Although Stifel realized its mistake and filed an Amended Answer to the Citation, which admits to its mistake, it does not correct it in the Answer itself. *See* Doc. Nos. 13 and 160. Seemingly relying on the incorrect information provided by Stifel, and now known to the parties to be incorrect, Plaintiffs improperly seek turnover of funds from Stifel that do not belong to Judgment Debtor. As a result, the Atlas LLCs request that they be given leave to file a Combined Motion to Dismiss the Citations and Response to the Turnover Motion, as Stifel does not have property belonging to Judgment Debtor (*i.e.*, the accounts at Stifel belong to the Atlas LLCs, not Judgment Debtor) and because Plaintiffs have moved for turnover of the Atlas LLCs' property, or alternatively, for leave to intervene pursuant to Fed. R. Civ. P. 24.

WHEREFORE, the Atlas LLCs respectfully request that this Court enter an order granting this motion, permitting the Atlas LLCs to file its Combined Motion to Dismiss the Citation and Response to Plaintiffs' Motion for Turnover, or alternatively, to intervene in the pending action and file its intervenor complaint within twenty-eight (28) days, and granting such further relief as the Court deems just.

Respectfully submitted,

Atlas Apartments Acquisition LLC, Atlas Apartment Homes LLC, Atlas Multifamily Three LLC, Atlas MF Mezzanine Borrower LLC, Premier Orlando Portfolio Two LLC, Atlas Alexandria & Parcvue LLC, Atlas Crowntree Lakes LLC, Atlas Apartment Holdings LLC, P2 Portfolio Managing Member LLC, Atlas Birchwood LLC, and Ivankovich Family LLC

                                                                      By: /s/ Michael W. Debre
                                                                            One of their Attorneys

Michael W. Debre (#6296197)
Chuhak & Tecson, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, Illinois 60606
T: 312-855-4603
mdebre@chuhak.com

4885-5619-0747.v1.03500.94603