IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4985 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| STEVEN IVANKOVICH, | ) ) ) | |
| Defendant. | ) | |

## ORDER

The Court lifts the freeze over the assets Stifel Financial Corporation is holding in the P2 Portfolio Management Member LLC Investment Account and the Invankovich Family, LLC Investment Account. The Court grants plaintiffs' motion to show cause and directs judgment debtor Steven Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC to answer plaintiffs' April 13, 2022 citations to discover assets by no later than June 24, 2022 [187]. The Court denies non-parties' P2 Portfolio Management Member LLC, and Ivankovich Family LLC motion to quash and dismiss [191].

## BACKGROUND

On August 17, 2021, the Court denied defendant Steven Ivankovich's motion to vacate the July 1, 2021 entry of default and granted plaintiffs' motion for default judgment in the total amount of $4,503,842. The Court presumes familiarity with its August 17 ruling, including that after repeatedly failing to meet court deadlines and participate in this lawsuit, the Court entered default against judgment debtor Ivankovich on July 1, 2021.

To date, Ivankovich has not paid plaintiffs the over $4,503,842 judgment he owes them. Instead, he filed a motion to vacate and reconsider the August 17, 2021 entry of default judgment that the Court denied on October 20, 2021. Thereafter, Ivankovich filed an untimely appeal of the

Court's default judgment and later conceded that he was only appealing the Court's October 20, 2021 ruling. Ivankovich's counsel then waived appellate oral argument. The Seventh Circuit affirmed the Court in a two-page unpublished opinion on May 6, 2022.

In the interim, plaintiffs have filed numerous citations to discover assets. In particular, plaintiffs filed a citation notice to Stifel Financial Corporation ("Stifel") on January 18, 2022 and February 25, 2022. On March 24, 2022, Stifel answered the citation indicating that it had money belonging to judgment debtor Ivankovich. These amounts included an account entitled P2 Portfolio Management Member LLC Investment Account in the amount of $946,552.39 and an account named Invankovich Family, LLC Investment Account in the amount of $8,356,534.29. Stifel then froze a total of $9,303,086.68 representing these two funds. From the record, it appears that Stifel froze these assets of the limited liability companies without giving notice to the non-parties. On April 5, 2022, plaintiffs filed an amended motion for turnover of the Stifel funds for a total judgment amount of $4,775,923.41. The next day, Stifel filed an amended answer to the citation stating that it mistakenly answered Interrogatory 2.a, which asked whether Stifel had accounts or assets of the judgment debtor. Nevertheless, Stifel did not change its answer that it held approximately $9.3 million in judgment debtor Ivankovich's assets.

On April 12, 2022, attorneys filed appearances in this matter for the "intervenor" limited liability companies listed on the Stifel answer to the citation to discover assets, including P2 Portfolio Management Member LLC and Ivankovich Family LLC. Also on April 12, Ivankovich's attorney filed a motion to dismiss and quash the citation, but did not follow Northern District of Illinois Local Rule 5.3 by failing to notice up the motion for presentment. The Court therefore struck the motion. Instead of properly refiling the motion, Ivankovich filed what was labelled a "reply brief" to the plaintiffs' motion to turn over assets.

2

At the April 19, 2022 motion hearing, the Court held oral arguments as to plaintiffs' amended motion to turnover the Stifel assets. At that time, the Court took the matter under advisement stating it would issue an opinion after the Seventh Circuit's appellate ruling. On May 9, 2022, after the Seventh Circuit affirmed the Court's default judgment, the Court denied plaintiffs' turnover motion because they did not sufficiently establish that Stifel was holding the assets of Ivankovich due to the discrepancies in the amended answer to the citation, discussed above. The Court, however, did not lift the freeze Stifel had implemented on P2 Portfolio Management Member LLC's assets and Ivankovich Family LLC's assets.

Instead of directing the Court's attention to the continued freeze of these assets, on May 11, 2022, Ivankovich's lawyer filed a lawsuit in the United States District Court for the Southern District of Florida, on behalf of the limited liability companies listed in the Stifel answer to the citation to discover assets, against the plaintiffs in this lawsuit, Stifel, and several Jane and John Does. In this complaint, the limited liability plaintiffs allege a conspiracy claim against defendants arguing that they conspired to freeze the plaintiffs' assets, among other claims. The better way to approach this issue, however, was to ask this Court to unfreeze the assets, instead of filing what appears to be a baseless lawsuit in another federal district court.

## DISCUSSION

Plaintiffs in this lawsuit assert that because the Court did not lift the freeze on the Stifel accounts when it denied plaintiffs' turnover motion on May 9, 2022, the freeze should remain intact until judgment debtor Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC answer plaintiffs' April 13, 2022 citations to discover assets. Because plaintiffs failed to sufficiently establish that Stifel is holding the assets of judgment debtor Ivankovich, the Court directs Stifel to lift the freeze on these assets.

3

The Court recognizes that judgment debtor Ivankovich repeatedly failed to meet court deadlines and participate in this lawsuit, which lead to the default judgment. Moreover, through his Florida counsel's tactics, it appears Ivankovich is seeking to avoid paying the $4.5 million judgment he owes. That said, until plaintiffs can sufficiently establish that Stifel is holding the assets of judgment debtor Ivankovich, there is no basis for the freeze to remain intact.

Turning to plaintiffs' motion to show cause, as discussed in open court, judgment debtor Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC are abundantly aware of the citations to discover assets issued to them on April 13, 2022. These limited liability companies and judgment debtor admit that their counsel contacted plaintiffs to discuss a time frame to answer the citations before they filed the present motion to quash. To that end, the Court gives judgment debtor and these non-parties until June 24, 2022 to answer plaintiffs' April 13 citations to discover assets.

**IT IS SO ORDERED.**

Date: 5/31/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge