IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED AND PETER PUI TAK LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:20-CV-04985 |
| STEVEN IVANKOVICH, | ) ) ) |
| Defendant. | ) ) ) |

**THIRD PARTIES' PILGRIM WARWICK LLC, PILGRIM COULTER LLC, PILGRIM WINDTREE LLC, PILGRIM CARIBBEAN ISLE LLC, PILGRIM FOREST PARK LLC, AND ALLIANCE HTFL LLC, COMBINED MOTION TO DISMISS CITATION(S) AND TO ENTER AN ORDER REQUIRING WALKER DUNLOP TO LIFT ITS FREEZE ON ESCROW ACCOUNTS, AND RESPONSE TO MOTION OF WALKER DUNLOP**

NOW COMES Pilgrim Warwick LLC; Pilgrim Coulter LLC; Pilgrim Windtree LLC; Pilgrim Caribbean Isle LLC; Pilgrim Forest Park LLC (collectively the "Pilgrim LLCs," each a "Pilgrim LLC"); and Alliance HTFL LLC, (together with the Pilgrim LLCs, the "LLCs") by and through their attorneys, and for their Combined Motion to Dismiss the Citation(s) (collectively, the "Citations") issued to Walker Dunlop and Response to Walker Dunlop's Motion filed as Docket No. 198, and request that this Court enter an order finding that the LLCs' escrow accounts and funds maintained with Walker Dunlop are not assets of the judgment debtor Steven Ivankovich and ordering Walker Dunlop to unfreeze the escrow accounts and turn over the funds held in escrow to the owner of the funds, the LLCs, pursuant to 735 ILCS 5/2-1402(g) as made applicable by Federal Rule 69. In support of this Motion and Response to the Walker Dunlop Motion, the LLCs state as follows:

## **INTRODUCTION**

The pertinent procedural background for this Motion is set forth in the "Background" section of the Walker Dunlop Motion to Compel Parties to Determine Judgment Debtor's Interest in Escrow Funds or Dismiss Amended Third-Party Citation. *See* Doc No. 198. The Pilgrim LLCs each owned and/or operated a multi-family property located in Texas ("Warwick," "Coulter," "Windtree") or Florida ("Caribbean Isle" and "Forest Park"). Alliance HTFL LLC was the title owner of the Florida properties. All of the LLCs were incorporated in Delaware. Walker Dunlop, as the loan servicer for loans made to the LLCs, required that each Pilgrim LLC maintain with Walker Dunlop an escrow account for the payment of expenses including insurance and real estate taxes. As such, the LLCs maintained escrow accounts for the Pilgrim LLCs with Walker Dunlop.

On about April 1, 2022, the loans serviced by Walker Dunlop for the Pilgrim LLCs were satisfied. On that date, Walker Dunlop was holding escrow accounts for the LLCs with funds to be released to the LLCS. *See* Docket 198, ¶ 5. The amount of money being held in escrow is:[1]

| | |
|---|---|
| Pilgrim Warwick | $151,657.44 |
| Pilgrim Coulter | $64,016.51 |
| Pilgrim Windtree | $285,414.41 |
| Pilgrim Caribbean | $650,640.28 |
| Pilgrim Forest Park | $392,820.26 |
| Total Escrow: | $1,544,548.90 |

To be clear, the funds held in the escrow accounts are owned by the respective LLCs. The judgment debtor does not own or have an ownership interest in the escrow accounts or funds. However, in response to the Citation issued to it, Walker Dunlop froze the LLCs' funds in the escrow accounts (again, which do not belong to Mr. Ivankovich), because of the confusion caused by Judgment Creditor's Amended Third-Party Citation which was amended to include a request

---

[1] Copies of the escrow statements are attached as Group Exhibit 1.

4868-1929-5013.v4.34147.78623

to address funds that belong to third parties which Mr. Ivankovich has an interest in (or in Walker Dunlop's Citation's case, entities which Mr. Ivankovich *may* have an interest in – he is not a member of the LLCs). The Judgment Creditor further made demand for turnover of the escrowed LLCs funds on Walker Dunlop, *see* Docket No. 198 ¶ 6, and persists in its request that the funds remain frozen. As a result, Walker Dunlop filed its motion and the LLCs bring this Motion and Response.

## STATUTORY PREDICATES

This Court previously ruled on a nearly identical issue and entered two instructive Orders in this matter as to citations issued on a third party financial institution. As the Court is sure to remember, the Judgment Creditor sought turnover and to keep funds of third party limited liability companies frozen *(i.e.*, the creditor's Amended Citation issued on Stifel Financial Services ("Stifel") as to the Atlas LLCs' funds). *See* Docket Nos. 118, 136, 154, 158. However, as the Court made clear in its Orders addressing the Stifel citations, Illinois law requires that the asset sought to be turned over to a judgment creditor from a third party MUST be an asset of the judgment debtor. *See* Docket Nos. 186 and 197. In issuing its Orders, the Court denied the Plaintiff's motion to turn over funds held by Stifel that were owned by the two third party limited liability companies (*i.e.*, the Atlas LLCs). *See Id.* The Court's Orders are instructive as to the present issue:

> Because the evidence plaintiffs presented in support of their amended motion for turnover of Stifel Financial Corporation Funds does not sufficiently establish that Stifel Financial is holding the assets of judgment debtor Ivankovich, the Court denies plaintiffs' turnover motion [158]. See RJ Construction Supply Company, Inc. v. Adamusik, 70 N.E.3d 266, 271, 410Ill.Dec. 449, 454, 2017 IL App (1st) 160778, 14 (1st Dist. 2017).

Docket No. 186.

> Because plaintiffs failed to sufficiently establish that Stifel is holding the assets of judgment debtor Ivankovich, the Court directs Stifel to lift the freeze on these assets.

Docket No. 197.

Likewise, to the extent that the Court rules that it has personal jurisdiction over Walker Dunlop (affecting the Delaware LLCs rights), Illinois law applies. *See* Fed. R. Civ. P. 69. A supplementary proceeding may proceed against any third party the creditor believes has property of or is indebted to the judgment debtor. *See* Ill. Sup. Ct. R. 277(a). If the Court determines that a third party does not possess any non-exempt income or assets, then the citation shall be dismissed. 735 ILCS 5/2-1402(d-5). The court at any time may terminate, or otherwise control and direct the proceedings to the end that the rights and interests of all parties and persons involved may be protected and harassment avoided. Ill. Sup. Ct. R. 277(e). If it appears that any property or interest therein is claimed by any person, the court shall permit or require the claimant to appear and maintain his her right. 735 ILCS 5/2-1402(g). The court at any time may terminate, or otherwise control and direct the proceedings to the end that the rights and interests of all parties and person involved may be protected and harassment avoided. Ill. Sup. Ct. R. 277(e).

## **RELIEF REQUESTED**

The escrow accounts and funds being held by Walker Dunlop are funds owned by the respective LLCs. *See* Group Exhibit 1.[2] The judgment debtor Steven Ivankovich does not have any ownership interest in the escrow accounts. Attached as Group Exhibit 2, Exhibits 2A-2F, are the operating agreements of the LLCs which conclusively establish that the judgment debtor Steven Ivankovich is not an owner of the LLC assets. Indeed, Mr. Ivankovich is not even a member of the LLCs. *See* Group Exhibit 2. Illinois law is clear, if the third party does not possess income or assets of the debtor, then the citation must be dismissed. 735 ILCS 5/2-1402(d-5). Further, the

---

[2] Walker Dunlop uses the name "Atlas" informally to refer to the LLCs' properties. To be clear, the LLCs are the owners of the escrow funds.

4868-1929-5013.v4.34147.78623

LLCs note that the Illinois and Delaware Limited Liability Acts create a special and <u>exclusive remedy that enables the creditor to realize the value of the judgment debtor's distributional interest, only,</u> <u>while at the same time protecting both the limited liability company's ability to continue to operate and the interests of the other members</u>. *See* Del. Code Ann. tit. 6, § 18-703(d) (West), 805 ILCS 180/30-20(g) (the **exclusive remedy** a judgment creditor has against a member of an LLC is a charging order as to any **distributional interest/LLC interest**); *see* Del. Code Ann. tit. 6, § 18-101 (West) ("Limited liability company interest" means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets"), 805 ILCS 180/1-5 ('Distributional interest' means a member's right to receive distributions of the limited liability company's assets, but no other rights or interests of a member."); *First Mid-Illinois Bank & Tr., N.A. v. Parker*, 403 Ill. App. 3d 784, 793, 933 N.E.2d 1215, 1222 (2010) (citations omitted).

      The LLCs are all separate legal entities that own the escrowed funds. Pursuant to the applicable law, the Citations against Walker Dunlop aimed at the LLCs' funds must be dismissed and the freeze lifted. *See* 735 ILCS 5/2-1402(d-5). In light of the confusion caused by Judgment Creditor's Amended Citations[3] as reflected in Walker Dunlop's Motion, the LLCs request that in addition to an order dismissing the Walker Dunlop Citation and lifting the freeze, that the Order include a finding that the escrow funds belong to the LLCs and are not assets of the Debtor. Further, the LLCs request that the Order include language ordering Walker Dunlop to release the escrow funds to the LLCs as set forth in Group Exhibit 1. *See* Docket No. 198. Such language would clarify the interests in the escrow funds as they relate to Walker Dunlop's obligations in this matter.

---

[3] Specifically, the Amended Citation directing Walker Dunlop to identify "any property, money, accounts or assets in which the debtor has an interest or any other real property, or other assets in which the debtor has an interest, either individually **or through a corporate entity that the debtor has an interest in**[.]" *See* Docket No. 198, ¶ 3, Exhibit A thereto (emphasis supplied).

Further, considering the Judgment Creditor's previous attempts to freeze assets of third parties that did not belong to the judgment debtor despite this Court's order, *see* Docket Nos. 186 (Order denying Judgment Creditor's Motion for Turnover of LLC funds held by Stifel), 187 (subsequent Motion by Judgment Creditor for Rule to Show Cause requesting that the Stifel funds remain frozen despite Docket No. 186), and 197 (Order lifting the Stifel freeze), the LLCs further request that this Court enter an order enjoining the Judgment Creditor pursuant to Ill. Sup. Ct. R. 277(e) from further actions aimed at reaching funds that belong solely to the LLCs, unless good cause shown by the Judgment Creditor that the LLCs are holding assets of the judgment creditor Steven Ivankovich

In that regard, the Judgment Creditor's actions have already amounted to harassment of the LLCs and its continued pursuit of freezing the LLCs funds have impacted the LLCs' ability to continue to operate and impeded the interests of its members in contravention of the Delaware and Illinois Limited Liability Acts and Illinois supplementary proceedings law. *See First Mid-Illinois Bank & Tr., N.A. v. Parker*, 403 Ill. App. 3d 784, 793, 933 N.E.2d 1215, 1222 (2010) (citations omitted); Del. Code Ann. tit. 6, § 18-703(d); 805 ILCS 180/30-20(g). As a result, the LLCs have been forced to pay attorneys' fees and costs in protecting its interests in its own funds and of its members, and so request that the Court award it its reasonable attorneys' fees and costs incurred in bringing this Motion/Response pursuant to 735 ILCS 5/12-817.

WHEREFORE, the Movants request that the Court enter an Order:

1. Finding that the escrow funds belong to the LLCs and not to debtor Steven Ivankovich;

2. Dismissing the Citation(s) issued by the Plaintiff to Walker Dunlop;

3. Ordering Walker Dunlop to lift the "freeze" on the LLCs' escrow accounts;

4. Ordering Walker Dunlop to turn over the escrow funds to the LLCs in the amounts set forth in Group Exhibit 1 plus any accrued interest on the escrow funds;

5. Awarding costs and reasonable attorneys' fees in favor of the LLCs assessed against the Plaintiffs for costs and fees incurred by the LLCs in filing this combined Motion/Response pursuant to 735 ILCS 5/12-817;

6. Enjoining the Plaintiffs from further harassment of the LLCs and limiting the filing of any additional motion or citation to obtain the assets of the LLCs without showing cause to this Court that the LLCs are holding assets of the judgment creditor Steven Ivankovich pursuant to Ill. Sup. Ct. R. 277(e); and,

7. For such other and further relief as the nature of the movants motion may require.

Respectfully submitted,

Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, Pilgrim Forrest Park LLC, and Alliance HTFL LLC

/s/ C. Cy Porras
By: One of Its Attorneys

Michael Debre (IL Bar No. 6296197)
C. Cy Porras (IL Bar No. 6324512)
CHUHAK & TECSON, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
(312) 844-4313
mdebre@chuhak.com
cporras@chuhak.com

4868-1929-5013.v4.34147.78623