IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED AND PETER PUI TAK LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:20-CV-04985 ) |
| STEVEN IVANKOVICH, | ) ) |
| Defendant. | ) ) ) |

**P2 PORTFOLIO MANAGING MEMBER LLC AND IVANKOVICH FAMILY LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR TURNOVER AND FREEZE OF THE LLCS' FUNDS**

NOW COMES P2 Portfolio Managing Member LLC and Ivankovich Family LLC (collectively, the "LLCs"), by and through their attorneys, and for their Response to Plaintiffs' Motion for Turnover of Funds Held by Debtor Ivankovich, P2 Portfolio Management, LLC, and Ivankovich Family, LLC, or, Alternatively an Order Prohibiting Transfer of Funds (the "Motion"), states as follows:

**RESPONSE**

The LLCs are not judgment debtors and they do not owe money to Plaintiffs. *See* Docket No. 92. The LLCs' assets are not assets of the Judgment Debtor, Steven Ivankovich. *See* Delaware Limited Liability Company Act (the "DE Act") 6 Del.C. § 18, *et seq.*[1], Illinois Limited Liability Company Act (the "IL Act") 805 ILCS 180, *et seq.*; *In re Opus E., LLC*, 528 B.R. 30, 64 (Bankr. D. Del. 2015), *aff'd sub nom. In re: Opus E., LLC*, No. 09-12261, 2016 WL 1298965

---

[1] To the extent the Court holds that it has personal jurisdiction over the Delaware LLCs, which the Plaintiffs have not established, the DE Act still controls the organization of the DE LLCs and rights of a creditor against a member as to the Delaware LLCs as set out in the DE Act. *In re Glick*, 568 B.R. 634, 674 (Bankr. N.D. Ill. 2017). Because the statute is substantially the same and the laws would yield the same result, the LLCs provide parallel citations to the Illinois Limited Liability Company Act.

(D. Del. Mar. 31, 2016), *aff'd sub nom. In re Opus E. LLC*, 698 F. App'x 711 (3d Cir. 2017), *In re Glick*, 568 B.R. 634, 674 (Bankr. N.D. Ill. 2017). The LLCs' assets cannot be used to pay the judgment of one of its members, let alone a third party who is not a member. *Id.*

With a blind eye towards the Delaware (and Illinois) Limited Liability Act, corporate law, corporate veils, standard corporate structures and operations, supplementary proceedings law, and the pending citation proceedings against the LLCs and Steven Ivankovich (the "Debtor"), Plaintiffs once again ask this Court to force third parties and banks that <u>do not hold assets</u> of the Debtor to pay the Judgment. In their Motion, Plaintiffs proclaim the Stifel funds in the LLCs' accounts (and ostensibly all the LLCs' funds) to be the Debtor's funds based on his testimony that 1) he has the *ability* to cause movement of limited liability company funds and 2) because the Debtor ostensibly has a *net worth* greater than the judgment (and because the LLCs *also* have enough funds to pay the Judgment). Plaintiffs then clumsily ask the Court for a turnover order of funds from the Debtor, but state that the funds to be turned over are actually the LLCs' funds, which Plaintiffs suggest in any event should be frozen.

As is clear in the Delaware Limited Liability Company Act (applicable to the Delaware LLCs), the exclusive remedy a judgment creditor has against a member of a Delaware LLC is a charging order as to the debtor's limited liability interest (*i.e.*, share of the profits and losses of a limited liability company and a member's right to receive distributions). *See* Del. Code Ann. tit. 6, § 18-703(d) (West); 805 ILCS 180/30-20(g). **<u>A member has no interest in specific limited liability company property.</u>** Del. Code Ann. tit. 6, § 18-701 (West); 805 ILCS 180/30-1(a). Moreover, as will be shown in the LLCs' response to the Citations, the Debtor is not a member of the P2 Portfolio LLC and is one of several members of the Ivankovich Family LLC.

Both Delaware and Illinois limit a creditor's remedy to a charging order so that the creditor may realize the value of the judgment debtor's distributional interest, only, while at the same time **protecting both the limited liability company's ability to continue to operate and the interests of the other members**. *See* 6 Del.C. § 18-703; *First Mid-Illinois Bank & Tr., N.A. v. Parker*, 403 Ill. App. 3d 784, 793, 933 N.E.2d 1215, 1222 (2010) (citations omitted). It is axiomatic that an LLC's assets are not assets of its members which may be used to satisfy a debt of any single member absent piercing the corporate veil. *See* Del. Code Ann. tit. 6, § 18-701 (West); 805 ILCS 180/30-1(a); Del. Code Ann. tit. 6, § 18-703(d), 805 ILCS 180/30-20(g) (exclusive remedy against member of LLC is charging order); Del. Code Ann. tit. 6, § 18-101 (West) ("'Limited liability company interest' means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."), 805 ILCS 180/1-5 (A '[d]istributional interest' means a member's right to receive distributions of the limited liability company's assets, **but no other rights or interests of a member**"); *see also*, Del. Code Ann. tit. 6, § 18-215, 805 ILCS 180/37-40 (allowing even for a series of LLCs to limit the debts, liabilities and obligations to a single LLC or series).

Allowing Plaintiffs to eschew the formalities of corporate entities, without even an attempt at piercing the corporate veil, would undo all of corporate law and the post-judgment supplementary proceedings rules. Plaintiffs' motive for their actions is clear. Rather than abide by post-judgment supplementary law, corporate law, and the LLC Acts, Plaintiffs seek to strong arm innocent third parties affiliated with the Debtor to push the Debtor to payment. As part of their brazen, strong arm move, Plaintiffs further suggest the LLCs should not be moving *the LLCs' own funds*, because they should be frozen. However, the Court has already clearly held that the LLCs' funds must not be frozen. *See* Docket Nos. 186 and 197. Moreover, this sort of

harassment is specifically prohibited by Illinois law. *See* Ill. Sup. Ct. R. 277(e) (regarding harassment) and 735 ILCS 5/12-817(regarding wrongful garnishment).

As will be shown by the LLCs' citation production due June 24, 2022, the LLCs have non-debtor members that are affected by Plaintiffs' harassment tactics. As was discussed in the LLCs' Motion to Dismiss the Citations issued to them, it is apparent Plaintiffs' plot for issuing the Citations to the LLCs was to attach their Judgment to the LLCs' Stifel Funds (determined by the Court to not belong to the Judgment Debtor and thus not subject to garnishment or attachment), to otherwise harass the LLCs, and to make the Debtor uncomfortable so he would satisfy the judgment. Plaintiffs continue to harass the LLCs and third parties, which is especially apparent given the timing of Plaintiffs' current Motion filed *before* the LLCs' deadline to respond pursuant to the Citations.

WHEREFORE, P2 Portfolio Managing Member LLC and Ivankovich Family LLC respectfully pray that this Honorable Court enter an order denying Plaintiffs' Motion, and granting such further relief as the Court deems just.

                                             Respectfully submitted,

                                             P2 Portfolio Managing Member LLC and Ivankovich Family LLC

                                             /s/ C. Cy Porras
                                             By: One of Its Attorneys

Michael Debre (IL Bar No. 6296197)
C. Cy Porras (IL Bar No. 6324512)
CHUHAK & TECSON, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
(312) 844-4313
mdebre@chuhak.com
cporras@chuhak.com

4893-6747-6262.v1.34147.78623