UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN IVANKOVICH <br><br> Defendant. | Case No. 1:20-cv-04985 <br><br> Judge Sharon Johnson Coleman |

## ORDER

The Court denies plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee's (together, the "Judgment Creditors") motion for turnover [202]. The Court also denies third-parties Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, Pilgrim Forest Park LLC, and Alliance HTFL LLC's combined motion to dismiss citation(s) [205]. The Court grants citation respondent Walker & Dunlop, LLC's ("Walker Dunlop") motion to compel parties to determine Judgment Debtor's interest in escrow funds but denies Walker Dunlop's alternative request to dismiss the amended third-party citation [198].

## BACKGROUND

This Order stems from a months-long citation battle between Judgment Creditors, defendant Steven Ivankovich ("Ivankovich"), and various third parties. The Court presumes familiarity with its August 17, 2021 and May 31, 2022 rulings.

Ivankovich has yet to pay Judgment Creditors the $4,503,842 judgment (the "Judgment") this Court ordered on August 17, 2021. As a result, Judgment Creditors have filed various citations to discover Ivankovich's assets. In early 2022, Judgment Creditors filed a third-party citation on Walker Dunlop, a large commercial real-estate vendor, which it later amended. Walker Dunlop has yet to formally answer the citation, but informed plaintiffs that it held over $1.5

1

million in escrow for five real estate LLCs in which Ivankovich may hold an interest: Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC (collectively, the "Pilgrim LLCs"). Each entity is 100% owned by Overlook Managing Member LLC, an entity in which Ivankovich holds at least a 90% interest. Because of the third-party citation, Walker Dunlop will not release the escrow funds without further direction from this Court.

In April 2022, Judgment Creditors served citations to discover assets on Ivankovich, third-party P2 Portfolio Managing Member LLC ("P2 Portfolio LLC"), and third-party Ivankovich Family LLC. Ivankovich, P2 Portfolio LLC, and Ivankovich Family LLC answered the citations per the Court's May 31, 2022 Order. The Ivankovich Family LLC claimed that it did not have any money, accounts, or assets belonging to Ivankovich but noted that Ivankovich is a manager of and had a membership interest in the LLC. Similarly, P2 Portfolio LLC answered that it did not have any of Ivankovich's assets but that Ivankovich was a manager of the LLC.

To discover more information about Ivankovich's assets, the parties agreed to depose Ivankovich on August 31, 2022. During this deposition, Ivankovich stated that he does not currently have a job and lacks any personal assets beyond his interest in a family home. (Dkt. 232 at 49:12–19; 84:18–21.) He discussed how, due to the COVID-19 pandemic, he used his personal funds to pay the bills and obligations of his various corporate entities. *Id.* at 50:1–24; 52:3–9. He could not recall which entities received the funds, nor the current value held by these companies, but named several individuals who may possess this information, such as Mark Brown (another manager of the corporate entities) and his parents. *See, e.g., id.* at 39:6-12; *id* at 74:1. According to Ivankovich, these financial transfers depleted his personal accounts and his family now pays for his expenses. *Id.* at 50:2–6; 77:15–16.

**LEGAL STANDARD**

Rule 69(a)(1), which "governs the enforcement of money judgments in federal court, provides that the 'procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must [comply] with the procedure of the state where the court is located.'" *GE Betz, Inc. v. Zee Co., Inc.,* 718 F.3d 615, 626 (7th Cir. 2013). Therefore, the Court looks to "Illinois law for the procedural rights and processes accompanying a citation to discover assets." *Id.* Under the Illinois Code of Civil Procedure, a judgment creditor:

> is entitled to prosecute citations to discover assets for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment.

735 ILCS 5/2-1402(a).

**DISCUSSION**

Three motions are currently before the Court: plaintiffs' motion for turnover of funds, third-party Walker Dunlop's motion to compel parties to determine Judgment Debtor's interest in escrow funds or dismiss amended third-party citation, and third-parties Pilgrim LLCs and Alliance HTFL LLC's motion to dismiss citation(s) and require Walker Dunlop to lift its freeze on escrow accounts.[1] The Court addresses each motion in turn.

Plaintiffs' motion for turnover of funds is premised on two grounds: that Ivankovich himself has sufficient assets to satisfy the Judgment and that the P2 Portfolio LLC funds and Ivankovich Family LLC funds should be used to satisfy the Judgment. In Illinois, supplementary citation proceedings are used to determine "whether the judgment debtor is in possession of assets

---

[1] The third-party LLCs suggest that the Court may lack personal jurisdiction over them. The Court finds the third parties' purposeful availment of courts in Illinois, particularly their active participation in this matter, sufficient to establish personal jurisdiction. *See, e.g., Bank of Montreal v. SK Foods, LLC*, No. 09 C 3479, 2011 WL 4578357, at *6–*8 (N.D. Ill. Sept. 30, 2011) (Gottschall, J.) (finding the court had personal jurisdiction over a citation respondent who had previously submitted an affidavit in Illinois litigation).

that should be applied to satisfy the judgment or [] whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *National Life Real Estate Holdings, LLC v. Scarlato*, 83 N.E.3d 44, 54, 415 Ill. Dec. 788, 798 (1st Dist. 2017) (internal citations omitted). "The provisions of section 2-1402 are to be liberally construed, and the burden lies with the petitioner to show that the citation respondent possesses assets belonging to the judgment creditor." *Schak v. Blom*, 777 N.E.2d 635, 639, 334 Ill. App. 3d 129, 133 (1st Dist. 2002).

Plaintiffs have failed to sufficiently establish that they are entitled to turnover of funds from Ivankovich or either LLC. The evidence presented indicates that Ivankovich does not currently possess any assets. Plaintiffs attempted to use Ivankovich's 2020 Personal Financial Statement to demonstrate his current net wealth, but his testimony suggests that he transferred the money out of these accounts and that he no longer has independent assets. The record reflects that Ivankovich is far from destitute, but that his parents now support his lavish lifestyle. (Dkt. 232 at 78:14-19; 84:3–25.) Therefore, plaintiffs cannot point to evidence that Ivankovich himself has assets that can be turned over to plaintiffs.

Undeterred, plaintiffs suggest that the Pilgrim LLCs' funds are Ivankovich's assets. Because Ivankovich has a near total ownership interest in Overlook Managing Member LLC, which wholly owns each Pilgrim LLC, plaintiffs argue the Pilgrim LLCs' funds should be used to satisfy the Judgment. The Pilgrim LLCs maintain that the Pilgrim LLCs are legally distinct from Ivankovich and thus the Pilgrim LLCs' assets do not belong to Ivankovich. As noted above, the appropriate inquiry in a supplementary proceeding is "whether a third party is holding assets *of the judgment debtor.*" *Scarlato*, 83 N.E.3d at 54 (emphasis added). Because plaintiffs have not pointed to evidence indicating that the Pilgrim LLCs hold *Ivankovich's* assets, the Court finds plaintiffs have not established they are entitled to turnover of the Pilgrim LLCs' funds.

The Pilgrim LLCs direct this Court's attention to a Cook County civil court order in a similar proceeding, in which Judge Heneghan dismissed a citation issued to Walker Dunlop and ordered Walker Dunlop to release the funds. *See* Order, *Atlas Huntington Ridge, LLC v. Atlas Apartment Homes, LLC*, No. 2019 L 454 (Ill. Cir. Ct. Sept. 1, 2022). Ivankovich claims this order should collaterally estop plaintiffs' claim. The Court finds that this decision does not collaterally estop this Court from considering whether the Pilgrim LLCs' funds hold Ivankovich's assets because it is unclear if this order was based on the same issue or whether the parties are the same. *See Shannon v. United Airlines Inc.*, No. 14-cv-02739, 2015 WL 1509802, at *3 (N.D. Ill. Mar. 30, 2015) (Coleman, J.) (outlining the four elements of collateral estoppel: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action").

Plaintiffs similarly fail to demonstrate that the P2 Portfolio LLC and Ivankovich Family LLC's funds should be turned over to satisfy the Judgment. Plaintiffs point to Ivankovich's testimony in New York state court suggesting that he could easily withdraw draw checks from the two LLCs' accounts as evidence that he owns these assets. (Dkt. 202 at 4–6.) The Court finds that this testimony does not prove that these funds are Ivankovich's own assets, rather than assets belonging to the LLCs. Ivankovich testified in his August 31 deposition that other members of the LLCs, particularly his family, must agree to transfer these funds and he cannot make a transfer by himself. (Dkt. 232 at 70:9–13; 71:16–19.) Plaintiffs have not argued why the Court should disregard corporate formalities to treat these funds as Ivankovich's assets, nor provided any explanation as to whether plaintiffs have a right to his membership interest. As a result, this Court denies plaintiffs' motion for turnover and declines to hold Ivankovich in contempt [198].

Next, this Court considers whether to dismiss the citation issued to Walker Dunlop. Under Illinois law, "[i]f upon examination the court determines that the judgment debtor does not possess any non-exempt income or assets, then the citation shall be dismissed." 735 ILCS 5/2-1402(d-5). The Court's powers under 2-1402 are broad. *See, e.g., Flow Capital Corp. v. BESH Holding Corp.*, No. 17 CV 810, 2020 WL 6149568, at *3 (N.D. Ill. Oct. 20, 2020) (Kim, J.) (internal citations omitted) ("[T]he provisions of Section 2-1402 are to be construed liberally to provide for the discovery of a debtor's assets and income as well as to vest[] the courts with broad powers to compel the application of discovered assets or income to satisfy a judgment."). "[T]he legislature enacted 2-1402 so that judgment creditors would be able to reach a judgment debtor's assets that he or she did not personally hold." *Scarlato*, 83 N.E.3d at 57.

The Court finds that further proceedings are warranted to determine whether the Pilgrim LLCs hold Ivankovich's assets and thus does not dismiss the Walker Dunlop citation. *See, e.g., Pyshos v. Heart-Land Development Co.*, 630 N.E.2d. 1054, 1058, 258 Ill. App. 3d 618, 625 (1st Dist. 1994) (remanding for further supplementary proceedings to determine whether the corporate judgment debtor's assets had been converted into personal assets). Ivankovich's deposition raised questions as to the propriety of transfers he made from his personal accounts to corporate entities, particularly the Pilgrim LLCs. Ivankovich denied knowledge about these transfers, but named various individuals, such as Mark Brown, who may possess this information. Thus, this Court denies third-party Pilgrim LLCs and Alliance HTFL LLC's motion in its entirety [205]. The Court grants Walker Dunlop's motion in so far as this Court instructs the parties to conduct further proceedings into whether corporate entities hold Ivankovich's assets [198]. These proceedings will be limited to whether the Pilgrim LLCs, Ivankovich Family LLC, or P2 Portfolio LLC hold Ivankovich's assets. Magistrate Judge Cox is referred to manage further discovery on these issues.

**IT IS SO ORDERED.**

Date: 12/16/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge