UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| STEVEN IVANKOVICH | ) ) |
| Defendant. | ) ) |

Case No. 1:20-cv-04985

Judge Sharon Johnson Coleman

**ORDER**

Pursuant to Local Rule 40.4, Movant Stifel Nicolaus & Company Inc. ("Stifel") seeks to reassign *Atlas Apartments Acquisitions, LLC et al v. Stifel Nicolaus & Company Inc. et al*, No. 22-cv-06470, (the "Atlas case") to this Court's docket. Stifel argues that the Atlas case is related to the case at bar (the "Ivankovich case") and that Northern District of Illinois Local Rule 40.4(b)'s reassignment requirements have been met. For the reasons stated below, Stifel's motion is denied [248].

The Ivankovich case is in the middle of lengthy citations proceedings to discover assets potentially belonging to Steven Ivankovich. The Court entered judgment against Ivankovich and in favor of Zhu Zhai Holdings Ltd. and Peter Lee (collectively, "Judgment Creditors") on August 17, 2021. Ever since, Judgment Creditors have pursued citation proceedings against Ivankovich and various third parties, including Stifel, to try to locate assets that could be used to satisfy the judgment. The Court issued its most recent Order on these issues on December 16, 2022 and referred further supplemental discovery proceedings to Magistrate Judge Cox. The current deadline to complete further citation proceedings is May 18, 2023.

On March 24, 2022, Stifel answered Judgment Creditors' citation, noting that it had assets belonging to Ivankovich and identifying accounts held by Atlas Apartments Acquisitions, LLC, Atlas Apartment Homes LLC, Atlas Multifamily Three LLC, Atlas MF Mezzanine Borrower LLC,

1

Premier Orlando Portfolio Two LLC, Atlas Alexandria & Parcvue LLC, Atlas Crowntree Lakes LLC, Apartment Holdings LLC,[1] P2 Portfolio Managing Member LLC, Atlas Birchwood LLC, and Ivankvoich Family LLC (collectively, the "Atlas LLCs"). The Atlas LLCs appeared in the Ivankovich case to contest the citations, and Ivankovich sought to keep them at arms' length. On May 9, 2022, this Court held that Judgment Creditors failed to sufficiently establish that Stifel held Ivankovich's assets. Two days later, the Atlas LLCs filed the Atlas case against Stifel, Judgment Creditors, and other defendants in the Southern District of Florida. In their complaint, the Atlas LLCs contend that it was improper for Stifel to disclose information about their assets to Judgment Creditors, that Judgment Creditors engaged in unconscionable collection practices, and that Judgment Creditors and Stifel conspired to exchange financial records. In November 2022, District Judge Moreno granted the Atlas case defendants' motion to change venue, concluding that the overlapping issues in the Atlas case and Ivankovich case satisfied the "first-filed rule" and the 28 U.S.C. § 1404 factors, making the proper forum the Northern District of Illinois. *See Atlas Apartments Acquisitions, LLC v. Stifel Nicolaus & Co. Inc.*, No. 22-21469-CIV-MORENO, 2022 WL 17084205, at *3–5 (S.D. Fla. Nov. 18, 2022). Upon transfer, the Atlas case was randomly assigned to Judge Seeger's docket.

The issue of whether to reassign a case under Local Rule 40.4 lies within the discretion of the district court. *See Urban 8 Fox Lake Corp. v. Nationwide Affordable Fund 4, LLC*, No. 18-cv-6109, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019) (Durkin, J.). Under Local Rule 40.4, a party seeking reassignment must first demonstrate that the cases are related by showing that at least one of the following conditions is satisfied: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or

---

[1] Stifel's Answer refers to Atlas Apartment Holdings LLC. The Court understands this to be the same party as Apartment Holdings LLC.

occurrence." N.D.Ill. LR 40.4(a). Once the movant shows the cases are related, the case may be reassigned only if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D.Ill. LR 40.4(b).

The Court finds that these cases are related under Local Rule 40.4(a). Given that the Atlas case arises out of the Ivankovich case, the cases necessarily involve some of the same issues of fact or law. *See Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.*, 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010) (Shadur, J.) (discussing how relatedness is defined "with a broad brush"). Therefore, Stifel has shown that the cases are related.

Nonetheless, the Court finds that Stifel did not establish each of Local Rule 40.4(b)'s requirements for reassignment. Specifically, it is unclear how the Ivankovich case and Atlas case are susceptible of disposition in a single proceeding. The Atlas case is in its initial pleading stage, whereas the Ivankovich case is in its final stages. The Court does not see how the upcoming supplemental proceedings in the Ivankovich case will resolve issues relevant to the Atlas case.[2] Stifel has not identified which single proceeding could resolve both cases, and focuses primarily on efficiency concerns. Indeed, this Court is extensively familiar with the parties, attorneys, and issues in the cases, and agrees that this knowledge could be useful in the Atlas case. Yet, this Court also has full faith that Judge Seeger is competent to handle the Atlas case. Because Stifel did not establish each 40.4(b) factor, this Court denies Stifel's motion [248].

---

[2] This Court acknowledges its comment from its May 31, 2022 Order that "[t]he better way to approach [the conspiracy claim to freeze plaintiffs' assets], however, was to ask this Court to unfreeze the assets, instead of filing what appears to be a baseless lawsuit in another federal district court." Nonetheless, the Atlas LLCs filed their complaint, and the Atlas case must now proceed through proper litigation procedure as set forth under the Federal Rules of Civil Procedure and Illinois Local Rules.

**IT IS SO ORDERED.**

Date: 1/20/2023

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

4