UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZHU ZHAI HOLDINGS LIMITED and
PETER PUI TAK LEE

    Plaintiffs,

v.

STEVEN IVANKOVICH,

    Defendant.

Case No. 1:20-cv-4985

Hon. Sharon Johnson Coleman

## PARTIES' AMENDED JOINT STATUS REPORT

Consistent with the Court's October 27, 2023, Order (Dkt. 282), Plaintiffs Peter Lee ("Lee") and Zhu Zhai Holdings Limited ("ZZH") (collectively, "Plaintiffs"), Defendant Steven Ivankovich ("Defendant"), and third parties Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, Pilgrim Forest Park LLC (collectively, "Pilgrim LLCs") and other limited liability companies (together with the Pilgrim LLCs, collectively, "LLCs") hereby submit this status report:

This Amended Joint Status Report is filed to amend and supersede the Joint Status Report filed on November 20, 2023 as Dkt. 283 filed by ZZH.

**Preliminary Statement:**

On August 18, 2023, this Court entered a minute order that set forth a revised discovery schedule. *See* Dkt. 277. The dates for discovery included that Plaintiffs were to amend their discovery request by September 1, 2023 and objections were required to be filed by October 6, 2023. The LLCs were required to respond to discovery not later than October 13, 2023.

On September 5, 2023, Plaintiffs issued for the first time discovery requests on each of the Pilgrim LLCs, consisting of Rule 33 and Rule 34 interrogatories and document requests (the Pilgrim LLCs consented to an extension from September 1 to September 5, 2023 to issue the same). On or about October 13, 2023, the Pilgrim LLCs answered Plaintiff's discovery requests, notwithstanding that the discovery requests were substantively and otherwise styled as Rule 33 and Rule 34 party requests made on out-of-state, nonparty limited liability companies. *See* Dkt. 280 and 281 Certificates of Service. The parties have engaged in good faith settlement discussions but through the date of the filing this status report there has been no agreement upon settlement terms.

**Steven Ivankovich Statement:**

Status of discovery from Mr. Ivankovich. The Plaintiffs issued and served interrogatories upon Mr. Ivankovich, to which he responded. There is no pending discovery issue concerning the interrogatory answers.

The Plaintiffs previously served document requests upon Mr. Ivankovich that requested information of the LLCs. Mr. Ivankovich produced extensive responsive documents and completed written responses to the document request. The Plaintiff objected to the document responses and on August 16, 2023, filed a motion to compel after a meet and confer telephone conversation. *See* Dkt. 276.

On August 18, 2023, this Court addressed the motion to compel and required the Plaintiffs to amend their discovery. To complete the record, Mr. Ivankovich's counsel believes the Court's August 18, 2023 Order mooted the Plaintiff's Motion to Compel. Defendant filed a response to Plaintiff's Motion to Compel on August 28, 2023. *See* Dkt. 278.

Mr. Ivankovich does not believe that there is any outstanding discovery matter, and therefore nothing to be argued at the oral argument scheduled for January 9, 2024.

4874-4153-5378.v2.34147.78623

**LLCs' Statement:**

The LLCs have responded to the discovery propounded by the Plaintiffs. There has been no objection filed. Counsel for the Plaintiffs and counsel for the LLCs, have met and conferred to produce any additional relevant information or documents requested by the Plaintiffs as have been requested by Plaintiffs. Although the LLCs believe all relevant information and documents have been produced, including evidence of any intercompany transfers and payments, an inquiry from Plaintiffs' counsel concerning the LLCs' Chase operating accounts remains an open item according to the Plaintiff. The LLCs believe the requested Chase operating account statements have been produced.

The Plaintiffs have requested the deposition of a representative of the LLCs in addition to the written discovery. The LLCs designated either Mark Brown, asset manager, and/or Shanna Willis, Atlas Homes' vice president to be deposed. On November 16, 2023, Plaintiffs requested that Mark Brown appear for a deposition. The LLCs and Plaintiffs expect to agree on a new deposition date for a representative of the LLCs to be deposed, prior to the January 9, 2004 continued hearing date. Of note, Mr. Brown planned to attend the hearing scheduled for October 30, 2023 in person and indeed flew to Chicago to attend the same, which was subsequently reset on the Court's minute entry. *See* Dkt. 282. Mr. Brown, the LLCs' counsel, and counsel for the Plaintiffs had an in-person meeting in Chicago to informally discuss matters related to the case and the possibility of settlement.

Mark Brown, with authority to settle although not obligated to engage in settlement negotiations, further met in person with Plaintiff Peter Pui Tak Lee in Chicago. They conducted in person settlement negotiations.

The LLCs do not believe there is any outstanding discovery issue to be argued in the oral argument scheduled for January 9, 2024. It is respectfully suggested that in the event Plaintiffs

allege that a discovery dispute exists, that the LLCs be permitted to call witnesses to show that all outstanding discovery has been produced.

Further, the Pilgrim LLCs request that the continued freeze of their funds held at Walker Dunlop be lifted and Walker Dunlop ordered to release the funds to the Pilgrim LLCs in light of the good faith responses to Plaintiffs' discovery requests, lack of showing that the Pilgrim LLCs hold assets of the judgment debtor, and continued (now over a yearlong) freeze and resulting losses incurred by the Pilgrim LLCs as a result of the continued freeze as addressed in various filings the Pilgrim LLCs to date (*e.g.*, Dkts. 205, 233, 244, 266, and 271). The Pilgrim LLCs further request that to the extent the Court does not lift the freeze prior to the January 9, 2024 hearing date, that the Pilgrim LLCs be allowed to produce a witness(es) to testify regarding the ownership of their funds held at Walker Dunlop.

**Statement of Plaintiffs:**

Plaintiffs disagree there are no outstanding discovery issues. Ivankovich testified that he transferred over 50M to entities that are currently subject to citations. He stated that he transferred the money to the LLCs. But neither Ivankovich or the LLCs have provided statements that evidence such transfers. Plaintiffs have noticed depositions of the corporate representatives of these entities. They are expected to be schedule to go in January. Plaintiffs request this discovery be completed and the hearing on the pending motion to compel be continued to February. Plaintiffs request the hold on the Pilgrim LLCs accounts at Walker Dunlop remain in place until further order of Court.

                                                                           Respectfully submitted,

                                                                           /s/ Amir Tahmassebi
                                                                           Amir Tahmassebi, Bar #6287787
                                                                           Konicek & Dillon, P.C.
                                                                           70 W. Madison, Suite 2060
                                                                           Chicago, IL 60602

4874-4153-5378.v2.34147.78623

(312) 328-9166 (Direct)
(630) 262-9659 (Fax)
amir@konicekdillonlaw.com

Steven Lammers, Bar #6294413
Mandel Rauch & Lammers, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
(317) 581-7440 (Direct)
(317) 848-6197 (Fax)
slammers@mhmrlaw.com


Respectfully Submitted:
By: /s Jason Wandner_____

Jason Wandner, Fla Bar # 0114960

100 N. Biscayne Boulevard
Suite 1607
Miami, Florida 33132
Email: jason@wandnerlaw.com
Admitted Pro Hac Vice Counsel for Defendant
Telephone (305) 868-1655. Fax (305) 503-7480

**Stuart Office:**
Treasure Coast-Stuart Office
412 SW Camden Avenue
Stuart, Florida 34994
Telephone (772) 324- 9255

Third Party LLCs

/s/ C. Cy Porras_____
By: One of Its Attorneys

Michael Debre (IL Bar No. 6296197)
C. Cy Porras (IL Bar No. 6324512)
CHUHAK & TECSON, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
(312) 844-4313
mdebre@chuhak.com

4874-4153-5378.v2.34147.78623