IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE,<br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN IVANKOVICH,<br>　　　　　　Defendant, | Case No. 20-cv-4985 |

### ADVERSE CLAIM OF JEANETTE IVANKOVICH

NOW COMES the Movant, JEANETTE IVANKOVICH, by and through her attorneys, SCHILLER, DuCANTO & FLECK LLP, and pursuant to 750 ILCS 5/501, 750 ILCS 5/503, 735 ILCS 5/12-710, 735 ILCS 5/2-1402, and Federal Rule of Civil Procedure 69, and in support thereof states as follows:

### FACTS COMMON TO ALL COUNTS

1. Adverse Claimant, Jeanette Ivankovich ("Jeanette"), is the spouse of judgment debtor, Steven Ivankovich ("Steven").

2. On October 22, 2021, Jeanette filed for dissolution of her marriage to Steven in the Circuit Court of Cook County, Illinois, case number 2021 D 9220 ("divorce case"). Jeanette's Petition for Dissolution of Marriage remains pending and undetermined.

3. A Special Master was appointed by this Court on January 19, 2024 to specifically address who has the superior interest in those funds, so Jeanette's Adverse Claim comes at an ideal time for the Special Master to determine who has the priority interest in the escrowed funds.  (*See* ¶8 of January 19, 2024 Order).

4. In the current case, Plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee (hereinafter referred to collectively as the "Plaintiffs"), obtained a judgment in the amount of $4,503,842.00 against Steven on or about August 17, 2021.

5. The Plaintiffs knew about Steven and Jeanette's pending divorce, yet specifically chose not to send Jeanette notice as an adverse claimant when they discovered that third-party Respondent, Walker & Dunlop LLC were holding over a million dollars, even though she is clearly an adverse claimant as Steven's wife in a pending divorce action. Jeanette has already been prejudiced for Judgment Creditor's failure to properly provide notice to an adverse claimant who clearly has a superior right to the escrowed funds.

## COUNT I: ADVERSE CLAIM FOR UNPAID CHILD SUPPORT AND MAINTENANCE

1-5. Jeanette restates and realleges the allegations of Paragraphs 1-5 of the Facts Common to All Counts as if fully set forth herein.

6. On November 6, 2023, an Order was entered by the Honorable Judge Patrick Powers of the Circuit Court of Cook County ordering Steven to pay Jeanette temporary child support and maintenance. A true and correct copy of the November 6, 2023 Order is attached hereto and incorporated herein as **Exhibit A**.

7. Specifically, starting November 1, 2023, Steven was ordered to pay child support in the amount of $6,933.00 per month and temporary maintenance in the amount of $14,180.00 per month (total support of $21,113.00 per month).

8. Moreover, the November 6, 2023 Order also required Steven to pay a lump sum amount of $506,712.00 for retroactive support to Jeanette by November 27, 2023. To date, Steven has not paid Jeanette a penny of child support or maintenance.

9. On November 1, 2023, Steven failed to make his maintenance payment to Jeanette in the amount of $14,180.00 and child support payment to Jeanette in the amount of $6,933.00.

10. On November 27, 2023, Steven failed to make his retroactive support payment to Jeanette in the amount of $506,712.00.

11. On December 1, 2023, Steven failed to make his maintenance payment to Jeanette in the amount of $14,180.00 and child support payment to Jeanette in the amount of $6,933.00.

12. On January 1, 2024, Steven failed to make his maintenance payment to Jeanette in the amount of $14,180.00 and child support payment to Jeanette in the amount of $6,933.00.

13. On February 1, 2024, Steven failed to make his maintenance payment to Jeanette in the amount of $14,180.00 and child support payment to Jeanette in the amount of $6,933.00.

14. If history is any indicator, it is clear that Steven has no intention of complying with the November 6, 2023 Order.

15. Jeanette's financial situation is dire. She has nothing to support her children, nothing to support herself, and is owed approximately $591,164.00 in support (*excluding* interest), which continues to accrue each month.

16. If this Court determines the escrowed funds belong to Steven pursuant to the Illinois Citation Act, 735 ILCS 5/2-1402 and are, therefore, subject to turnover, Jeanette has a priority interest in the funds over the judgment creditor and is entitled to turnover of the funds to satisfy the outstanding child support and maintenance judgments against Steven. She also has a claim to the funds since would be considered part of her and Steven's marital estate.

17. In Illinois, each unpaid maintenance and child support payment immediately becomes a judgment by operation of law on the day it is due and may be enforced as such. Additionally, a lien arises by operation of law against the real and personal property of the obligor for each installment of overdue support owed by the obligor. 750 ILCS 5/504(b-7); 750 ILCS 5/505(d).

18. Judgments arising under 750 ILCS 5/504(b-7) and 750 ILCS 5/505(d) have the full force, effect, and attributes of any other Illinois judgment.

19. Federal Rule of Civil Procedure 69 states, in relevant part,

"A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--**must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies." Fed. R. Civ. Pro. 69(a)(1)(Emphasis Added).

20. "In the absence of a federal statutory provision setting priorities between child support order garnishments and judgment creditor garnishments, the matter of priority is determined by Illinois law. As between judgment creditor garnishments and support order garnishments, Illinois gives priority to those for support regardless of the timing of those garnishments." 20 Ill. Law and Prac. Garnishment § 28; *See Com. Edison v. Denson*, 144 Ill. App. 3d 383, 386 (3rd Dist. 1986).

21. The Illinois Citation Act, 735 ILCS 5/2-1402 states, *inter alia*,

"If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings." 735 ILCS 5/2-1402(g).

22. The Illinois Adverse Claims statute, 735 ILCS 5/12-710(c), states that claims for spousal support or dependent children "shall be superior to all other claims for garnishment of property."

23. Unpaid maintenance is a "claim for support of a spouse" within the meaning of 735 ILCS 5/12-710(c). Therefore, each and every unpaid maintenance and child support payment owed to Jeanette is a claim superior over all other non-material support claims pursuant to 735 ILCS 5/12-710(c).

24. All of Jeanette's current claims and judgments for unpaid maintenance and child support are superior to the Plaintiffs' claims and liens. Further, any future unpaid maintenance and/or child support owed to Jeanette that arises would also be superior to the Plaintiffs' claims and liens.

WHEREFORE, Adverse Claimant, Jeanette Ivankovich, requests the following relief from this Honorable Court:

  A. Make a finding and determination that the approximately $1,494,619.10 held in escrow with the Northern District of Illinois Court registry belong to Steven Ivankovich pursuant to 735 ILCS 5/2-1402 and are subject to turnover;

  B. Make a finding and determination that all of Jeanette's current claims and judgments for unpaid maintenance are superior to Plaintiffs' claims and liens;

  C. Make a finding and determination that any of Jeanette's claims and judgments for unpaid maintenance that arise in the future would become superior to Plaintiffs' claims and liens at the time they arise;

  D. Enter an order requiring Plaintiffs to release their claims and liens to the extent that they affect Jeanette's claims and judgments;

  E. Allow Plaintiffs to keep their citations in place subordinate to Jeanette's claims and judgments so that Plaintiffs may maintain their claim and lien priority with respect to other creditors; and

  F. Any relief that the Court deems necessary and just.

## COUNT II: ADVERSE CLAIM FOR INTERIM FEE AWARD

  1-24. Jeanette restates and realleges the allegations of Paragraphs 1-24 of the Facts Common to All Counts and Count I as if fully set forth herein.

  25. On May 18, 2023, an Interim Fee Order was entered which required Steven to pay Schiller DuCanto & Fleck LLP Four Hundred Thousand Dollars ($400,000) and Twenty-Five Thousand Dollars ($25,000) for the appointment of a forensic accounting expert within 45 days (by July 3, 2023). A true and correct copy of the May 18, 2023 Interim Fee Order is attached hereto and incorporated herein as **Exhibit B.**

  26. The May 18, 2023 Interim Fee Award is an interim award which assumes that the payment is an advance from the parties' marital estate. 750 ILCS 5/501(c-1)(2).

27. During a dissolution of marriage action, all property is presumed to be marital. 750 ILCS 5/503(b)(1). Each spouse has a species of common ownership in the marital property which vests at the time the dissolution proceedings are commenced. 750 ILCS 503(e).

28. Section 4 of the Rights of Married Persons Act states,

> "For all civil injuries committed by a married person, damages may be recovered from that person alone, and **his or her spouse shall not be responsible for those damages**, except in cases where he or she would be jointly responsible with that person if the marriage did not exist." 750 ILCS 65/4 (Emphasis Added).

29. In this case, Jeanette would not be jointly responsible with Steven for the judgment held by the Plaintiffs if the marriage did not exist.

30. Furthermore, Section 5 of the Rights of the Married Persons Act of states, in relevant part,

> "… (except as herein otherwise provided) [the husband and the wife] **shall not be liable for the separate debts of each other**, nor shall the wages, earnings or property of either, nor the rent or income of such property, be liable for the separate debts of the other." 750 ILCS 65/5. (Emphasis Added).

31. If this Court determines the escrowed funds belong to Steven pursuant to the Illinois Citation Act, 735 ILCS 5/2-1402, then the escrowed funds are presumed to be marital property. Thus, the escrowed funds are Jeanette's marital property, in whole or part.

32. The May 18, 2023 Interim Fee Award remains unpaid. Jeanette has the right to access the marital estate to ensure compliance with the May 18, 2023 Interim Fee Award. Her portion of the marital estate is, in whole or in part her property, and thus should be awarded to her. The Judgment Creditor's judgment is against Steven individually, not Jeanette. Therefore, Jeanette's marital property should not go to Steven's individual creditors, only Steven's portion should.

33. The May 18, 2023 Interim Fee Award should be honored in light of Jeanette's marital property rights and take priority over Steven's creditors.

WHEREFORE, Adverse Claimant, Jeanette Ivankovich, requests the following relief from this Honorable Court:

A. Make a finding and determination that the approximately $1,494,619.10 held in escrow with the Northern District of Illinois Court registry belong to Steven Ivankovich pursuant to 735 ILCS 5/2-1402 and are subject to turnover;

B. Make a finding and determination that the approximately $1,494,619.10 held in escrow with the Northern District of Illinois Court registry are the marital property of Jeanette and Steven Ivankovich pursuant to 735 ILCS 5/2-1402 and 750 ILCS 5/503;

C. Make a finding and determination that Jeanette is entitled to at least $425,000 of the approximately $1,494,619.10 held in escrow with the Northern District of Illinois Court registry as and for an advance to her from the parties' marital estate;

D. Make a finding and determination that all of Jeanette's marital property rights are superior to Plaintiffs' claims and liens;

E. Enter an order requiring Plaintiffs to release their claims and liens to the extent that they affect Jeanette's claims and judgments; and

F. Any relief that the Court deems necessary and just.

                                                                            Respectfully submitted,

By: /s/ Morgan B. Handwerker
      One of Movant's Attorneys

Morgan B. Handwerker (ARDC #6342045)
SCHILLER DU CANTO & FLECK LLP
Attorneys for Movant Jeanette Ivankovich
321 N. Clark Street, Suite 1200
Chicago, Illinois 60654
Telephone No. (312) 641-5560
Facsimile Telephone No. (312) 641-6361