IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE,<br>    Plaintiff,<br><br>v.<br><br>STEVEN IVANKOVICH,<br>    Defendant, | Case No. 20-cv-4985 |

**MOTION TO INTERVENE AS OF RIGHT OF JEANETTE IVANKOVICH**

NOW COMES the Movant, JEANETTE IVANKOVICH, by her attorneys, SCHILLER, DuCANTO & FLECK LLP, and based upon FRCP 24(a) files this Motion to Intervene as of Right, and in support thereof states as follows:

**STATEMENT OF FACTS**

On October 22, 2021, Jeanette filed for dissolution of her marriage to Defendant, STEVEN IVANKOVICH ("Steven"), in the Circuit Court of Cook County, Illinois (Case No. 2021 D 9220) ("divorce action"). Jeanette's Petition for Dissolution of Marriage remains pending and undetermined. There are numerous issues pending in the divorce action, including but not limited to child support, maintenance, property allocation, dissipation, and allocation of parental responsibilities.

On November 6, 2023, the Honorable Judge Patrick Powers of the Circuit Court of Cook County entered an Order ajudicating the issue of *temporary* child support and maintenance. Specifically, starting November 1, 2023, Steven was ordered to pay child support in the amount of $6,933.00 per month and temporary maintenance in the amount of $14,180.00 per month (total domestic support obligation of $21,113.00 per month). The November 6, 2023 Order also required

1

Steven to pay a lump sum amount of $506,712.00 for retroactive support to Jeanette by November 27, 2023. To date, Steven has not paid Jeanette a penny of court ordered child support or maintenance.

The divorce action has been a highly litigious matter wherein Steven has continuously violated court orders. Not only has Steven continuously violated court orders, but the divorce action is riddled with Steven's false allegations and blatant misrepresentations to Jeanette and the Circuit Court of Cook County[1].

On or about February 7, 2024, Jeanette learned that approximately $1,494,619.10 was being held in escrow by Walker & Dunlop, LLC ("escrowed funds"). On February 8, 2024, an order was entered by this Court which granted Walker & Dunlop, LLC leave to deposit the escrowed funds with the Northern District of Illinois Court registry. As a result, Jeanette seeks to intervene as a matter of right because she has s superior right to the escrowed funds, which are part of the marital estate.

## ARGUMENT

**I.     The Elements for Intervention As Of Right**

"On timely motion, the court <u>must</u> permit anyone to intervene who: . . .  (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FRCP 24(a)(2)(Emphasis Added).

---

[1] This includes Steven's theory that his doppelganger was served with summons in the divorce action- a theory which the Honorable Judge Flannigan found to be "incredible, not persuasive, and not supported by law or fact."

2

Thus, there are four elements Jeanette has to establish in order to intervene in this case as of right: "(1) timely application, (2) an interest relating to the subject matter of the action, (3) potential impairment, as a practical matter, of that interest by the disposition of the action, and (4) lack of adequate representation of the interest by the existing parties to the action." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995)(citing *Shea v. Angulo*, 19 F.3d 343, 344 (7th Cir. 1994).

## II. Jeanette Claims a Superior Interest In The Escrowed Funds

Jeanette has an interest in the escrowed funds under Illinois law, namely the Illinois Marriage and Dissolution of Marriage Act and the Illinois Adverse Claims statute. Steven has failed to pay Jeanette no less than $612,277 (representing the $506,712 in retroactive court ordered support and five months of support arrearage from November 1, 2023 to March 1, 2024 totaling $105,565) as and for child support and maintenance. In Illinois, each unpaid maintenance and child support payment immediately becomes a judgment by operation of law on the day it is due and may be enforced as such. Additionally, a lien arises by operation of law against the real and personal property of the obligor for each installment of overdue support owed by the obligor. 750 ILCS 5/504(b-7); 750 ILCS 5/505(d). As set forth more fully in Jeanette's Adverse Claim, attached hereto as Exhibit "A", Jeanette has an adverse claim to the escrowed funds.

"In the absence of a federal statutory provision setting priorities between child support order garnishments and judgment creditor garnishments, the matter of priority is determined by Illinois law. As between judgment creditor garnishments and support order garnishments, Illinois gives priority to those for support regardless of the timing of those garnishments." 20 Ill. Law and Prac. Garnishment § 28; *See Com. Edison v. Denson*, 144 Ill. App. 3d 383, 386 (3rd Dist. 1986).

Therefore, Jeanette's past due child support and maintenance judgments have priority over the Plaintiffs' judgment. 20 Ill. Law and Prac. Garnishment § 28; *See Com. Edison v. Denson*, 144 Ill. App. 3d 383, 386 (3rd Dist. 1986). If this Court determines the escrowed funds belong to Steven pursuant to the Illinois Citation Act, 735 ILCS 5/2-1402 and are, therefore, subject to turnover, Jeanette is entitled to turnover of the funds to satisfy the outstanding child support and maintenance judgment liens against Steven and to further preserve her rights to the funds since they are part of the marital estate.

**III.  Disposing Of The Escrowed Funds Will Absolutely Impair Jeanette's Ability To Protect Her Interest Therein**

If Jeanette is not allowed to intervene, she will have no means to protect her interest in the escrowed funds –Steven has demonstrated a complete disregard of the Circuit Court's orders by refusing to pay the past due child support and maintenance. Intervention is necessary and proper here because Jeanette clearly has an interest in the escrowed proceeds as they are part of the marital estate, she has a lien by operation of law in all Steven's personal property, and she has outstanding child support and maintenance judgment liens which are superior to that of any third party creditor.

**IV.  Existing Parties Do Not Adequately Represent Jeanette's Interests**

The third element for intervention as of right "is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v United Mine Workers of America*., 404 U.S. 528, 538 n. 10, (1972).

Neither Steven nor any of the plaintiffs adequately represent Jeanette's interest in the escrowed funds. Steven is actively thwarting Jeanette's interests, as is evidenced by his failure to comply with the November 6, 2023 temporary support order (in addition to his calculated litigation

and financial abuse in the underlying divorce action). In fact, if Steven would act in Jeanette's interest, namely by complying with his court ordered child support and maintenance obligation, there would be no need for Jeanette to intervene in the instant matter, but he has not and likely will not.

The fox should not guard the henhouse. Jeanette cannot and should not have to trust that Steven and/or businesses within his control will protect her interests, namely her right to collect the outstanding child support and maintenance. Based on Steven's actions in the divorce case, it is extremely unlikely that if the escrowed funds are turned over to him that he will use same to satisfy his outstanding domestic support arrears.

Moreover, the Plaintiffs' interests are antithetical to Jeanette's interests. Jeanette and the Plaintiffs are both creditors of Steven. As set forth more fully in Jeanette's Adverse Claim, which is attached hereto as Exhibit "A", Jeanette has a priority lien of the escrowed funds. If the procedural posture in the instant case is of any indication, the Plaintiffs seek to have the escrowed funds turned over to them to satisfy a portion of their outstanding judgment. This is a direct conflict to Jeanette's interest. If the escrowed funds are turned over to the Plaintiffs, their subordinate judgment will be granted unlawful priority over Jeanette's judgment. This Court cannot let that happen while Jeanette is due over half a million dollars in unpaid child support and maintenance and Steven is vacationing around the world and living a luxurious lifestyle while funneling money through various LLCs in an attempt to hide assets from not only his wife and children, but several third party creditors who have outstanding judgments against him. While Jeanette does not wish to thwart the legitimate creditors claims against Steven, she must prioritize hers and her children's support needs, as the law permits.

**V.     This Motion Is Timely**

A determination of timeliness "is committed to the sound discretion of the district judge. Although the court's judgment as to timeliness is made under the totality of the circumstances, the following factors should be considered: (1) the length of time the intervenor knew or should have known of his interest in the case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)(internal citations ommitted). As set forth below, it is clear that Jeanette's motion to intervene is timely under the totality of the circumstances.

    A.    <u>There is no prejudice to the original parties caused by the delay.</u>

Here, there is no prejudice to the original parties caused by any delay in Jeanette's motion to intervene as the Court has not yet made a determination of who has a superior right to the funds. The funds in question are currently in escrow and have been held in escrow since same were received by Walker & Dunlop, LLC. In fact, a Special Master was only just appointed by this Court on January 19, 2024 to specifically address the dispute related to the parties' post-judgment discovery proceedings, so Jeanette's Motion to Intervene comes at an ideal time for the Special Master to determine who has the priority interest in the escrowed funds. Regardless of when Jeanette had filed her motion to intervene, said funds would still be escrowed. Therefore, there is no prejudice to the original parties caused by any delay in Jeanette's motion to intervene. Additionally, the Plaintiffs knew about Steven and Jeanette's pending divorce, yet specifically chose not to send Jeanette notice as an adverse claimant, even though she is clearly an adverse claimant as Steven's wife in a pending divorce action. If there is any prejudice here, it's against Jeanette, for the Judgment Creditor's failure to properly provide notice to an adverse claimant who clearly has a superior right to the escrowed funds.

B.    <u>There is extreme resulting prejudice to the intervenor if the motion is denied.</u>

Jeanette will suffer *substantial* prejudice if her motion is denied; the foremost reason being that her children will suffer and she will be without funds to support herself. Currently, Jeanette has no funds to pay for basic living necessities including, but not limited to, housing, heat, gas, water, and internet. Denying intervention would deprive Jeanette of her ability to act on her priority judgment lien.

C.    <u>There are several unusual circumstances.</u>

As the Court may already be aware, this case is fraught with many unusual circumstances. Steven is the subject of lawsuits in a litany of jurisdictions throughout the country. He evades his financial obligations, controls and moves multi-millions in money through LLCs to do so and seems to prefer to pay lawyers who aid him rather than honor his legal obligations to third parties. Unfortnately, he takes the same tactic with his wife and children. In a normal circumstance, a defendant would comply with support orders rather than have a warrant out for his arrest. Instead, Steven would rather starve his children than pay a dime for support. He moves the millions of dollars within his control between various businesses in a textbook shell game in an effort to make himself judgment proof, even from his own family. This Court needs to consider Steven's diabolical actions to become judgment proof when deciding whether Jeanette has a right to intervene in this matter.

D.    <u>Jeanette only recently discovered there were escrowed funds in this penidng action.</u>

On or about February 7, 2024, Jeanette learned that Walker & Dunlop, LLC was granted leave to deposit the escrowed funds with the Northern District of Illinois Court registry. On February 8, 2024, an order was entered by this Court to that effect. Jeanette filed her motion to intervene within a reasonable period of time after learning that the escrowed funds would be placed

with the Northern District of Illinois Court registry. Jeanette's financial situation is dire. She has nothing to support her children, and nothing to support herself and is owed over half a million dollars in support, which continues to accrue each month. Had Jeanette known earlier that over a million dollars was escrowed, she would have intervened as soon as she made that discovery, which is exactly what she is doing now. Of note, a cursory review of the docket of post judgment proceedings pending in this case reflects that an Answer to the Walker & Dunlop LLC Citation was never filed.

In sum, Jeanette has proven all the elements for her to intervene as of right in this case.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Movant JEANETTE IVANKOVICH, respectfully requests that this Court allow her to intervene in this case as of right. Movant asks for such other relief as may be proper. Pursuant to FRCP 24(c), a pleading that sets out Movant's claim or defense for which intervention is sought is attached as Exhibit A.

                   Respectfully submitted,

By:  */s/ Morgan B. Handwerker*
   One of Movant's Attorneys

Morgan B. Handwerker (ARDC #6342045)
SCHILLER DU CANTO & FLECK LLP
Attorneys for Movant Jeanette Ivankovich
321 N. Clark Street, Suite 1200
Chicago, Illinois 60654
Telephone No. (312) 641-5560
chicagoservice@sdflaw.com