UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) Case No. 20-cv-04985 |
| Plaintiffs/Judgement Creditors, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) Hon Sidney I. Schenkier (Ret.), |
| STEVEN IVANKOVICH, | )   Special Master ) |
| Defendant/Judgement Debtor | ) |

## SPECIAL MASTER'S ORDER NO. 3

On August 17, 2021, the presiding district judge entered a default judgment in favor of plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee ("plaintiffs") and against Steven Ivankovich ("defendant") in the amount of $4,503,842 (doc. # 92). Post judgement proceedings to collect on the judgment ensued and remain ongoing.

By an order dated January 19, 2014, the presiding district judge appointed the undersigned to serve as Special Master "for the purpose of hearing and resolving issues and disputes related to the parties' post-judgment discovery proceedings, as identified in Plaintiffs' pending post-judgment motions, Dkts 276, 285" (doc. # 290: Order Appointing Special Master ("Appointment Order") at ¶ 1). Pursuant to that mandate, the district judge directed the Special Master to address "issues related to but not limited to the parties' post-judgment discovery proceedings, the discovery produced thus far, and the location and amount of Judgment Debtor Ivankovich's assets" (*Id.*).

On May 1, 2024, the Special Master convened a status hearing by Zoom in the matter. Counsel for plaintiffs and defendant attended the hearing, as well as counsel for Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Carribean Isle LLC, and Pilgrim Forest Park LLC (collectively, the "Third Party LLCs") and counsel for Third Party Intervenor Jeanette

Ivankovich ("Ms. Ivankovich"), who was given leave to intervene pursuant to the district judge's March 19, 2019, order (doc. # 307). Ms. Ivankovich also attended the proceeding. Pursuant to the Appointment Order, the May 1, 2024, hearing was court reported and a transcript of the hearing (along with this Order) will be docketed.

In preparation for the hearing, and as required by the Special Master's Order No. 1, dated March 19, 2024 (doc. # 305), on April 29, 2024, the parties filed on JAMS Access a status report. Based on the discussion with the parties at the hearing, the Special Master issues the following order:

1. **Document Production.** Special Master Order No. 1 stated that "defendant and the Third Party LLCs shall deliver to plaintiffs' counsel and file on the court docket an identification of each such institution or entity with detail sufficient to permit the service of subpoenas on them." Production of certain information was made. Plaintiffs' counsel has used that information to subpoena banks for account information relevant to issues concerning the Third Party LLCs. Those subpoenas have a return date of May 10, 2024. Plaintiffs have raised questions concerning whether information provided is sufficient to subpoena other institutions. The Special Master orders counsel for the defendant and Third Party LLCs to take steps to ensure that they have supplied that information. The Special Master orders counsel for plaintiffs to promptly serve any additional subpoenas, and for counsel for plaintiffs and Ms. Ivankovich to coordinate to avoid issuance of subpoenas that would duplicate discovery efforts that have taken place in *Ivankovich v. Ivankovich,* No. 2021 D 9220 (Cir. Ct. Cook County) ("the State Court Proceeding").

2. **Motion by Third Party LLCs to concerning allocation of costs.** On April 21, 2024, the Third Party LLCs filed a motion asking that the Special Master: (a) require Ms. Ivankovich to pay a pro rata share of the costs of the Special Master, and (b) to allocate costs so that the Third Party

2

LLCs are not required to pay for any work by the Special Master to determine as between plaintiffs and Ms. Ivankovich the right to any funds. For the reasons stated on the record, the Special Master (a) defers a ruling on the request that Ms. Ivankovich pay a pro rata share of the costs of the Special Master pending her filing on JAMS Access by **May 8, 2024,** a financial affidavit (using the IFP form from the district court website); and (b) denies without prejudice the motion to allocate costs, as at present the work of the Special Master is focused on what assets may be subject to turnover and not the respective rights of plaintiffs or Ms. Ivankovich to those funds.

3. **Production of documents to Ms. Ivankovich.** By **May 2, 2024,** counsel for plaintiffs defendants, and the Third Party Intervenors shall produce to counsel for Ms. Ivankovich the discovery they have exchanged during the post-judgment proceedings. Documents produced pursuant to a subpoena issued by one party in this proceeding shall be promptly provided to all other parties in this proceeding.

4. **Third Party LLCs motion for release of funds.** On April 30, 2024, the Third Party LLCs filed a motion seeking the immediate release to them of funds being held by the district court. For the reasons stated during the hearing, the motion is denied without prejudice. At the next hearing, the Special Master will consider whether there is sufficient information to make a reasoned determination as to whether those funds are assets of defendant, and what further proceedings may be needed to properly address that question.

5. **Next hearing.** The matter is set for a further status hearing by Zoom on **June 13, 2024, at 10:00 a.m. C.T.** The parties shall file a joint status report by **5:00 p.m. on June 12, 2024,** which sets forth the status and any matters they wish to address with the Special Master at the June 13 hearing.

**Entered:**

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**May 1, 2024**