UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) Case No. 20-cv-04985 |
| Plaintiffs/Judgement Creditors, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) Hon Sidney I. Schenkier (Ret.), |
| STEVEN IVANKOVICH, | )   Special Master ) |
| Defendant/Judgement Debtor. | ) |

## SPECIAL MASTER'S ORDER NO. 7

On July 11, 2024, plaintiffs filed a motion to compel and for sanctions (doc. # 319) based on a failure to provide them with EIN numbers for certain accounts pursuant to Paragraph 1 of Special Master's Order No. 5 (doc. # 318). The Special Master ordered that both defendant and the Third Party LLCs respond to the motion by July 16, 2024. Defendant failed to file any response. On July 16, 2024, counsel for the Third Party LLCs filed a response to the motion, asserting that they already had supplied plaintiffs with that information, which can be found in Exs. B-C of their response.

The Special Master cannot tell from the submissions if the Third Party LLCs are correct. On or about June 20, 2024, plaintiffs asked for EIN numbers for certain Atlas and Alliance accounts as of April 15, 2019, as well as for 12 other accounts (Plaintiffs' Mot., Ex. 2). The Third Party LLCs says that information can be found in Exhibits B and C to their response. But while those documents identify certain numbers for various accounts, they do not specify that they are EIN numbers and do not indicate that the accounts in Exhibit C constitute all of the Atlas and Alliance accounts as of April 15, 2019. And while Exhibit B lists 10 of the 12 additional accounts for which plaintiffs sought information, there is no information provided for two of those accounts: Ivankovich Family LLC and A&O LLC. In addition, the numbers provided in Exhibits B and C for Pilgrim Wintree Owner LLC differ: the number in Exhibit B ends in 144 but the number in Exhibit C ends in 131. The Special Master does not expect that both are the EIN number for the same account.

Each side professes a desire to get to a hearing and resolution promptly, but neither side is taking the steps to make that happen. The Special Master's Order No. 5 required defendant and the Third Party LLCs to provide EIN information by June 27, 2024. Plaintiffs say the defendants and Third Party LLCs failed to do so, but did not reach out to raise the issue with defendants and the Third Party LLCs until July 11, 2024. That delay does not reflect a sense of urgency. For their part, the defendants and Third Party LLCs continue to provide confusing and seemingly inconsistent information that does not make it clear that – as they profess – the information has been produced by them.

Based on the submissions, the Special Master denies the motion to compel and for sanctions without prejudice. The Special Master orders that by July 24, 2024, the defendants and the Third Party LLCs provide a new document – and not merely a reference to some prior documents -- that identifies the EIN number for each entity and account requested by plaintiffs. When producing the document, the defendants and Third Party LLCs shall make clear who (defendants, Third Party LLCs, or both) is producing the information. If as defendant say that information has been produced already, it should not be difficult for them to produce it again in a separate document within one week.

**Entered:**

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**July 17, 2024**