UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | )<br>)<br>) Case No. 20-cv-04985 |
| Plaintiffs/Judgement Creditors, | )<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) Hon Sidney I. Schenkier (Ret.), |
| STEVEN IVANKOVICH, | )    Special Master<br>) |
| Defendant/Judgement Debtor | ) |

## SPECIAL MASTER'S ORDER NO. 10

On August 17, 2021, the presiding district judge entered a default judgment in favor of plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee ("plaintiffs") and against Steven Ivankovich ("defendant") in the amount of $4,503,842 (doc. # 92). Post judgement proceedings to collect on the judgment ensued and remain ongoing.

By an order dated January 19, 2014, the presiding district judge appointed the undersigned to serve as Special Master "for the purpose of hearing and resolving issues and disputes related to the parties' post-judgment discovery proceedings, as identified in Plaintiffs' pending post-judgment motions, Dkts 276, 285" (doc. # 290: Order Appointing Special Master ("Appointment Order") at ¶ 1). Pursuant to that mandate, the district judge directed the Special Master to address "issues related to but not limited to the parties' post-judgment discovery proceedings, the discovery produced thus far, and the location and amount of Judgment Debtor Ivankovich's assets" (*Id.*).

On August 28, 2024, the Special Master convened a status hearing by Zoom in the matter. Counsel for plaintiffs and defendant attended the hearing, as well as counsel for Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC (collectively, the "Third Party LLCs") and counsel for Third Party Intervenor

Jeanette Ivankovich ("Ms. Ivankovich"), who was given leave to intervene pursuant to the district judge's March 19, 2019, order (doc. # 307). Also in attendance were Ms. Ivankovich attended and Andrea Hendrix, who observed the proceeding on behalf of various governmental entities in Reagan County, Texas. Pursuant to the Appointment Order, the May 1, 2024, hearing was court reported and a transcript of the hearing (along with this Order) will be docketed.

In preparation for the hearing, on August 26 and 27, 2024, the parties filed on JAMS Access separate status reports. Based on the discussion with the parties at the hearing, the Special Master issues the following order:

1. **Motion to Release Funds.** Pursuant to the district judge's order dated February 8, (doc. # 296), the sum of $1,494,619.10 is on deposit in the Court Registry. In their status report and during the hearing, defendant and the Third-Party LLCs moved for an order releasing those funds (in whole or in part) to the Third-Party LLCs. In the alternative, the defendant and the Third-Party LLCs asked for a schedule to file for summary judgment on the issue of the release of the funds. Those motions were denied.

2. **Evidentiary Hearing.** The Special Master set an evidentiary hearing to commence on **November 7, 2024, at 9:00 a.m. CT** at the JAMS Resolution Center in Chicago, Illinois. The sole subject of that hearing will be whether the funds on deposit with the Court (a) are an asset of the defendant, which should be held for distribution to plaintiffs or to Intervenor Ivankovich as would be determined in a later, separate proceeding, or (b) instead should be released to the Third-Party LLCs. The schedule for preparation of pre-hearing materials is as follows:

A. By **October 11, 2024,** the parties shall exchange proposed stipulations, witness lists, and exhibit lists, and the designations of any deposition testimony they plan to offer into evidence.

B. By **October 15, 2024,** they shall meet and confer in a good faith effort to reach

2

stipulations and to resolve any objections over exhibits and witnesses. In addition, by that date the parties shall provide any objections they have to deposition designations and any counter-designations.

      C. By **October 18, 2024,** the parties shall file on the Court docket and on JAMS Access (in pdf format) their stipulation; their witness lists (identifying the subject of the witnesses testimony and its expected length, along with any objections); their exhibit lists (identifying any objections to exhibits and responses to objections, using a format the parties may obtain from the case manager); and their deposition designations (identifying the party designating the testimony and aby objections).

      D. By **October 30, 2024,** the parties shall file on the Court docket and on JAMS Access (in pdf format) pre-hearing memoranda. Plaintiffs and Intervenor Ivankovich shall file one consolidated memorandum, and defendant and the Third-Party LLCs shall file one consolidated memorandum. Each memorandum shall not exceed 15 pages double spaced.

      **3. Witness Testimony.** Without objection, third-party witnesses may testify by Zoom. Over the objection of plaintiffs and Intervenor Ivankovich, the defendant may testify by Zoom.

      **4. Subpoenas.** No additional subpoenas shall issue prior to the hearing. With respect to subpoenas that have been served, by **September 6, 2024,** plaintiffs shall provide all parties and intervenors with copies and any responses (including a response that indicated there are no documents to produce). With respect to any subpoena responses received after September 6, 2024, plaintiffs shall provide copies to all parties and intervenors within two business days after receipt.

**Next Hearing.** The matter is set for a pre-hearing conference by Zoom on **November 1, 2024, at 9:00 a.m. CT.**

**Entered:**

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**August 28, 2024**