UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) Case No. 20-cv-04985 |
| Plaintiffs/Judgement Creditors, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) Hon Sidney I. Schenkier (Ret.), |
| STEVEN IVANKOVICH, | ) Special Master ) |
| Defendant/Judgement Debtor | ) |

## SPECIAL MASTER'S ORDER NO. 11

On August 17, 2021, the presiding district judge entered a default judgment in favor of plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee ("plaintiffs") and against Steven Ivankovich ("defendant") in the amount of $4,503,842 (doc. # 92). Post judgement proceedings to collect on the judgment ensued and remain ongoing.

By an order dated January 19, 2014, the presiding district judge appointed the undersigned to serve as Special Master "for the purpose of hearing and resolving issues and disputes related to the parties' post-judgment discovery proceedings, as identified in Plaintiffs' pending post-judgment motions, Dkts 276, 285" (doc. # 290: Order Appointing Special Master ("Appointment Order") at ¶ 1). Pursuant to that mandate, the district judge directed the Special Master to address "issues related to but not limited to the parties' post-judgment discovery proceedings, the discovery produced thus far, and the location and amount of Judgment Debtor Ivankovich's assets" (*Id.*).

Pursuant to the district judge's order dated February 8, 2024 (doc. # 296), the sum of $1,494,619.10 is on deposit in the Court Registry. In their status report and during the hearing, defendant and the Third-Party LLCs moved for an order releasing those funds (in whole or in part) to the Third-Party LLCs. By an order dated August 28, 2024, the Arbitrator set the matter for an

evidentiary hearing to commence on November 7, 2024, and to continue on November 8, 2024, as needed. The sole subject of the hearing will be whether the funds on deposit with the Court (a) are an asset of the defendant, which should be held for distribution to plaintiffs or to Intervenor Ivankovich as would be determined in a later, separate proceeding, or (b) instead should be released to the Third-Party LLCs.

The Order Appointing Special Master provides that "[t]he Special Master shall be paid according to JAMS procedures" (doc. # 290 at ¶ 6). Under JAMS Rules, for the hearing to commence on November 7, 2024, the parties to make a required deposit by October 8, 2024. Despite extending that deadline to October 11, 2024, the defendant and the Third-Party LLCs have not made the required deposit. Instead, by an email dated October 9, 2024, counsel for the LLCs stated that neither defendant nor the Third-Party LLCs have the funds required to make the necessary deposit. Counsel for the Third-Party LLCs asks instead that the Special Master authorize payment of the deposit amount required of defendant and the Third-Party LLCs from the funds on deposit with the Court. Counsel for the Third-Party LLCs proposes that the Third-Party LLCs will then reimburse that amount from the funds on deposit "if the intervening LLCs are the prevailing party" – without a plan for reimbursing those funds if the plaintiffs prevail.

The Special Master denies that request. Rather, by **October 18, 2024,** the defendant and the Third-Party LLCs shall file financial affidavits (using the IFP form from the district court website, adapted as appropriate for LLCs) to provide on oath information that will allow the Special Master to assess the statement about their inability to pay the JAMS deposit. In addition, by **October 18, 2024,** all counsel for the defendant and the Third-Party LLCs who have appeared before the Special Master in this proceeding shall state when they have been last paid for their legal services, and whether defendant or the Third-Party LLCs provided that payment.

2

Given that the necessary deposits have not been made to JAMS, the Special Master strikes the November 7-8, 2024, hearing dates. The dates set forth in Special Master's Order No. 10 for the pre-hearing exchanges and filings remain unchanged. Assuming the necessary deposits have been fully and timely made, the Special Master will reset the matter for hearing to on **December 5-6 or December 16-17, 2024.** By **October 18, 2024,** the parties shall advise the Special Master of their availability on those dates.

**Next Hearing.** The pre-hearing conference by Zoom previously set to take place on **November 1, 2024, at 9:00 a.m. CT** will proceed as scheduled.

**Entered:**

*[signature]*

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**October 11, 2024**