UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) |
| Plaintiffs/Judgement Creditors, | ) Case No. 20-cv-04985 ) |
| v. | ) Judge Sharon Johnson Coleman ) |
| STEVEN IVANKOVICH, | ) Hon Sidney I. Schenkier (Ret.), )    Special Master ) |
| Defendant/Judgement Debtor | ) |

**SPECIAL MASTER'S ORDER NO. 12**

By an order dated August 28, 2024, the Special Master set the matter for an evidentiary hearing on November 7-8, 2024, for the purpose of deciding the disposition of certain funds on deposit in the Court Registry. For that hearing to take place, plaintiffs, defendant and the Third-Party LLCs were required to deposit funds with JAMS by October 8, 2024, to cover for the cost of the hearing and related activities. Plaintiffs made the required deposit (albeit belatedly), but defendant and the Third-Party LLCs failed to do so. Instead, by an email on October 9, 2024, defendant and the Third-Party LLCs professed an inability to make the deposit and asked that their share of the deposit be covered by a withdrawal of funds from the Court Registry.

On October 11, 2024, the Special Master entered an order denying that request (Special Master's Order No. 11). In that order, the Special Master ordered that by October 18, 2024, the defendant and the Third-Party LLCs file financial affidavits on oath to support their claims of lack of funds to pay the JAMS deposit. In addition, the Special Master ordered that by that same date, counsel for defendant and the Third-Party LLCs state when they were last paid for their legal services and whether the payment was made by the defendant or the Third-Party LLCs. Finally,

the Special Master struck the November 7-8, 2024, hearing dates and ordered that by October 18, 2024, all parties state their availability for the evidentiary hearing on December 5-6 or 16-17, 2024.

Counsel for plaintiffs and for Intervenor Jeanette Ivankovich have provided their availability for a hearing on those dates. As of the date of this order, neither the defendant nor the Third-Party LLCs have done so. Moreover, neither the defendant nor the Third-Party LLCs have filed the required financial affidavit. While one of the law firms representing the Third-Party LLCs has disclosed that it was paid for its services as recently as last month (from some source other than defendant or the Third-Party LLCs), the other lawyers representing the Third-Party LLCs and defendant have not provided that information.

Rather than complying with the Special Master's Order No. 11, on October 19, 2024 (one day after the deadline for compliance), defendant and the Third-Party LLCs filed a motion to reconsider and modify that order ("Motion to Reconsider"). Defendant and the Third-Party LLCs reiterated their request that their share of the deposit be satisfied through a withdrawal of funds from the Court Registry. The motion says that funding for operating expenses that the Third-Party LLCs had previously received were through entities that all filed for bankruptcy in the Southern District of Florida (Motion to Reconsider at ¶ 6). The motion states that the Third-Party LLCs are requesting a secured loan for one of the entities in bankruptcy, A&O Family LLC (FL) (the motion does not say from whom the loan is sought) in the amount of $5 million, which includes a budget for payment of the Special Master's fees that would permit reimbursement of funds withdrawn from the Court Registry in the event those funds are not awarded to the Third-Party LLCs (*Id.,* at ¶¶ 8-9 and Ex. 1). The motion states that the information contained in the Third-Party LLCs' loan request is "submitted to comply with Special Master order Number 11 that requested financial disclosure by the LLCs" (*Id.,* at ¶ 9).

2

The Special Master invited plaintiffs and Intervenor Jeanette Ivankovich to respond to the motion by October 24, 2024. On that date, plaintiffs filed an objection to the motion; Intervenor Jeanette Ivankovich did not file a response.

Upon consideration of the motion and the response, the motion to modify Special Master's Order No. 11 is denied. To begin with, neither defendant nor the Third-Party LLCs have provided the financial information required by Special Master's Order No. 11. Defendant's counsel has not disclosed when he was last paid for his services and whether that payment was made by defendant or the Third-Party LLCs. The Third-Party LLCs likewise have not disclosed when one of their counsel -- Mr. Goldstein -- was last paid for his services and whether that payment was made by defendant or the Third-Party LLCs. In the face of the failure to provide that information, the Special Master assumes that they are being paid for their services by some source.

In addition, defendant has provided no financial information whatsoever. The loan request provided with the motion for reconsideration does not supply all of the information required by Special Master's Order No. 11. *First*, the information provided is not on oath. *Second*, the information pertains to three of the Third-Party LLCs which are seeking the loan (Pilgrim Warwick LLC, Pilgrim Coulter LLC, and Pilgrim Windtree LLC), but says nothing about the two other Third-Party LLCs: Pilgrim Caribbean Isle LLC and Pilgrim Forest Park LLC. *Third,* the information provided for Warwick, Coulter and Windtree – even were it supplied on oath – would not persuade the Special Master that the Third-Party LLCs cannot pay the deposit required to proceed to hearing. The 2024 balance sheets for those three entities show that as of September 30, 2024, they collectively had total cash of a little more than $200,000.00 and land, building and other property assets valued at more than $16,000,000.00. *Fourth,* three of the companies now in bankruptcy that the Third-Party LLCs say previously funded the operating expenses of the Third-

Party LLCs stated in their bankruptcy petitions that they each had assets that far exceed their liabilities: (a) A&O Family LLC (IL) and disclosed estimated assets of $1,000,001-$10,000,000 and estimated liabilities of $50,001-$100,000; and (b) A&O Family LLC (FL) and Atlas P2 each disclosed estimated assets of $10,000,001-$50,000,000 and estimated liabilities of $50,001-$100,000. Each of those entities also was authorized to continue business operations as debtors in possession. The motion does not explain why those entities could not continue to fund operations of the Third-Party LLCs, or whether they have sought any bankruptcy court approval that might be necessary to do so.

In short, the motion to reconsider does not provide the information required by Special Master's Order No. 11, and the information that it does provide only raises more questions. Accordingly, the Special Master denies the motion, and will not modify Special Master's Order No. 11. The funds necessary for defendant and the Third-Party LLCs to pay the required JAMS deposition may come from the $5 million loan if it is approved (the Third-Party LLCs provide no anticipated timeline for that to occur). The funds may come from other assets that it appears the entities seeking the loan in fact possess – or from the Third-Party LLCs who have not provided the required information. They may come from the entities in bankruptcy who allegedly provided funding for the Third-Party LLCs in the past. Or they may come from whatever source is paying legal bills for counsel representing defendant and the Third-Party LLCs. But those funds will not come from the monies on hand in the Court Registry.

The evidentiary hearing will not be reset until the required deposit is received. The longer it takes for defendant and the Third-Party LLCs to make that deposit, the less likely that the December 2024 dates offered for hearing in Special Master's Order No. 11 will remain available.

4

Once that deposit is received, the Special Master will reset the hearing as the earliest available date for the parties and for the Special Master.

The motion also asks that the Special Master continue all scheduling dates for two weeks from the original scheduling dates (Motion to Reconsider at ¶ 10). Plaintiffs' response states that defendant and the Third-Party LLCs have failed to comply with the schedule set forth in Special Master's Order No. 10. The order required that by October 11, 2024, the parties exchange proposed stipulations, witness and exhibit lists, and depositions designations (Special Master's Order No. 10, 08/28/24, at ¶ 2(A)). On or about that date, the parties filed the following documents on JAMS Access: plaintiffs filed a statement saying no stipulations had been reached, and a witness and exhibit list; and Intervenor Jeanette Ivankovich filed a preliminary witness list, an exhibit list, and deposition designations. As best as the Special Master can tell, defendant and the Third-Party LLCs provided nothing. The order also required that by October 18, 2024, all parties file on the Court docket and on JAMS Access their witness and exhibit lists, stipulations and deposition designations (*Id.* at ¶ 2(C)). None of the parties have done so.

Accordingly, the Special Master orders that by **November 4, 2024,** the defendant and Third-Party LLCs file on JAMS Access their proposed exhibit and witness lists, deposition designations, and stipulations; either of those parties who fails to do so will be barred from offering exhibits, calling witnesses, or presenting deposition testimony at the evidentiary hearing. By **November 8, 2024,** the parties shall meet and confer in a good faith effort to resolve any objections. By **November 12, 2024,** the parties shall file on the Court docket and on JAMS Access their final stipulations, exhibit and witness lists, and deposition designations. The October 30, 2024, date for filing pre-hearing memoranda is stricken, and will be reset once a new date for the evidentiary hearing is set.

Finally, in view of the foregoing, the pre-hearing conference with the Special Master set for November 1, 2024, is stricken. The Special Master will reset the pre-hearing conference once the new date for the evidentiary hearing is set.

**Entered:**

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**October 28, 2024**