UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) )  ) Case No. 20-cv-04985 |
| Plaintiffs/Judgement Creditors, | )  ) Judge Sharon Johnson Coleman |
| v. | )  ) Hon Sidney I. Schenkier (Ret.), |
| STEVEN IVANKOVICH, | )     Special Master ) |
| Defendant/Judgement Debtor | ) |

## SPECIAL MASTER'S ORDER NO. 13

On August 17, 2021, the presiding district judge entered a default judgment in favor of plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee ("plaintiffs") and against Seven Ivankovich ("defendant") in the amount of $4,503,842 (doc. # 92). Post judgement proceedings to collect on the judgment ensued and remain ongoing.

By an order dated January 19, 2014, the presiding district judge appointed the undersigned to serve as Special Master "for the purpose of hearing and resolving issues and disputes related to the parties' post-judgment discovery proceedings, as identified in Plaintiffs' pending post-judgment motions, Dkts 276, 285" (doc. # 290: Order Appointing Special Master ("Appointment Order") at ¶ 1). Pursuant to that mandate, the district judge directed the Special Master to address "issues related to but not limited to the parties' post-judgment discovery proceedings, the discovery produced thus far, and the location and amount of Judgment Debtor Ivankovich's assets" (*Id.*).

On January 13, 2025, the Special Master convened a status hearing by Zoom in the matter. Counsel for plaintiffs and defendant attended the hearing, as well as counsel for Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC (collectively, the "Third Party LLCs") and counsel for Third Party Intervenor

Jeanette Ivankovich ("Ms. Ivankovich"), who was given leave to intervene pursuant to the district judge's March 19, 2019, order (doc. # 307). Pursuant to the Appointment Order, the May 1, 2024, the hearing was court reported and a transcript of the hearing (along with this Order) will be docketed.

**Evidentiary Hearing.** The purpose of today's hearing was to reset a date for an evidentiary hearing to take evidence and determine whether the funds on deposit with the Court (a) are an asset of the defendant, which should be held for distribution to plaintiffs or to Intervenor Ivankovich as would be determined in a later, separate proceeding, or (b) instead should be released to the Third-Party LLCs. The hearing was originally set for November 7-8, 2024, but was delayed because of the failure of the defendant and Third-Party LLCs to make the required deposit of funds. That deposit was made on January 3, 2025. With the agreement of the parties, the evidentiary hearing has been reset to commence at **9:00 a.m. CT on February 25, 2025,** and continuing as necessary commencing at **9:00 a.m. CT on February 27, 2025**. The hearing will take place at the JAMS Resolution Center, 71 South Wacker Dr., Suite 2400, Chicago, IL. 60606.

**Pre-Hearing Filings.** Pursuant to Order No. 10, dated August 28, 2024, plaintiffs, Ms. Ivankovich and the Third-Party LLCs have filed exhibit lists, and Ms. Ivankovich and the Third Party LLCs have filed exhibit lists. Defendant has not filed any witness or exhibit list, and will be barred from now doing so. An oral motion by counsel for the Third Party LLCs to bar witnesses and exhibits identified by the Third-Party LLCs on the ground that they failed to timely do so was denied.

By **January 24, 2025**, the parties may amend their exhibit list with any items that they first generate after October 2024. The parties shall meet and confer in an effort to resolve any objections to proposed exhibits and by **February 7, 2025,** shall file on JAMS Access (in pdf

2

format) and the Court docket revised exhibit lists that reflect any additional exhibits and any agreements on admissibility. By **February 19, 2025**, the parties shall file on JAMS Access (in pdf format) and the Court docket pre-hearing memoranda as set forth in Order No. 10.

**Witness Testimony.** Without objection, third-party witnesses may testify by Zoom. Over plaintiff's objection, the Special Master reaffirms his ruling in Order No. 10 that Mr. Ivankovich may testify by Zoom.

**Other Matters.** Counsel for the Third-Party LLCs Mr. Goldstein shall file an appearance on the Court docket.

**Entered:**

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**January 13, 2025**