## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) | |
| | ) | Case No. 20-cv-04985 |
| Plaintiffs/Judgement Creditors, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | Hon Sidney I. Schenkier (Ret.), |
| STEVEN IVANKOVICH, | ) | Special Master |
| | ) | |
| Defendant/Judgement Debtor | ) | |

### SPECIAL MASTER'S ORDER NO. 14

This matter is set for an evidentiary hearing to commence on February 25, 2025, and to continue as necessary on February 27, 2025, for the purpose of determining whether funds held "on deposit with the Court (a) are an asset of the defendant [Steven Ivankovich], which should be held for distribution to plaintiffs [Zhu Zhai Holdings Limited and Peter Pui Tak Lee] or to Intervenor [Jeanette] Ivankovich as would be determined in a later, separate proceeding, or (b) instead should be released to the Third-Party LLCs [Pilgrim Warwick LLC, Pilgrim Coulter LLC, Pilgrim Windtree LLC, Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC]" (Special Master's Order No. 13, 01/13/25, at 2). The hearing originally was set for November 7-8, 2024 (Special Master's Order No. 10, 08/28/24, at 2), but that date was stricken due to the failure of the defendant and Third-Party LLCs to pay the required deposit for the hearing (Special Master's Order No. 11, 10/11/24, at 2-3).

Pursuant to Special Master's Order No. 13, the parties were to file their revised exhibit lists with any objections by February 7, 2025, and their pre-hearing memoranda by February 19, 2025. The parties (without consulting the Special Master) agreed among themselves to defer the filing of the revised exhibit lists to February 19.

On Sunday, February 17, 2025, the Third-Party LLCs filed a motion to compel plaintiffs and Intervenor Ivankovich to answer interrogatories that the Third Party LLCs served on November 5, 2024. Counsel for the Third-Party LLCs adverted to this issue during the January 13, 2025, hearing, at which time the Special Master expressed skepticism about a motion to compel but stated that he would not bar the Third-Party LLCs from filing one. Having reviewed the motion, the Special Master concludes that it should be denied.

*First,* the discovery requests themselves were untimely. Pursuant to his assignment, the Special Master first met with the parties on March 19, 2024 (*see* Special Master's Order No.1, 03/19/24). Over the ensuring five months, the parties had ample opportunity to seek discovery and, after the parties reported that no further discovery was needed concerning the issue before the Special Master for hearing, the Special Master set the matter for hearing to commence on

November 7, 2025. It was only as a result of the failure of defendant and the Third-Party LLCs to pay the required deposition that the hearing date was stricken by an order dated October 11, 2024. The striking of that date was not an occasion for the Third-Party LLCs thereafter to request discovery that for many months they had not chosen to serve.

*Second*, even had the interrogatories been timely served, seeking to compel answers to them by way of a motion filed on a weekend nine days prior to the hearing date is grossly untimely. As the Third-Party LLCs acknowledge in their motion, they were aware as of the January 13, 2025, that plaintiffs and Intervenor Ivankovich declined to answer them. The Third-Party Intervenors offer no good reason – and the Special Master cannot conceive of one – for delaying for another five weeks before filing a motion.

*Third,* to the extent that the Third-Party Intervenors claim prejudice from the failure to answer the interrogatories, for the reasons set forth above any prejudice is of the Third-Party Intervenors' own making by their dilatory conduct. In any event, the Special Master finds that there is no prejudice. The Third-Party LLCs say they seek the interrogatory responses to "flush out what evidence Plaintiffs and Jeanette Ivankovich intended to introduce and the identity of any person or document" to support they claim that the funds are an asset of defendant (Motion to Compel, 02/16/25, at 3). However, plaintiffs and Intervenor Ivankovich have filed exhibit and witness lists, and will file any amended exhibit lists as well as a pre-hearing memorandum on February 19, 2025. Those materials will give the Third-Party Intervenors notice of the evidence and argument that plaintiffs and Intervenor Ivankovich intend to offer to prove their claim.

Accordingly, the motion to compel is denied.

**Entered:**

_____
**HON. SIDNEY I. SCHENKIER (RET.)**
**Special Master**
**February 17, 2025**