**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | | |
|---|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED | ) | | |
| And PETER PUI TAK LEE, | ) | | |
| | ) | | |
| **Plaintiffs** | ) | | |
| | ) | **Case No. 2020-CV- 4985** | |
| v. | ) | | |
| | ) | **Honorable Sharon Johnson Coleman** | |
| STEVEN IVANKOVICH, | ) | **Hon Sidney I. Schenkier (Ret.),** | |
| | ) | **Special Master** | |
| | ) | | |
| **Defendant** | ) | | |
| | ) | | |

**<u>COMBINED MEMORANDUM ADDRESSING THE NEWLY-CITED AUTHORITY IN THIRD-PARTY LLC'S AND STEVEN IVANKOVICH'S POST-HEARING MEMORANDUM SUBMITTED ON BEHALF OF PLAINTIFFS and THIRD-PARTY INTERVENOR, JEANETTE IVANKOVICH</u>**

NOW COMES, Plaintiffs and Third Party Intervenor Jeanette Ivankovich[1] and for their Combined Memorandum Addressing the Newly Cited Authority in Third Party LLC's and Steven Ivankovich's Consolidated Post-Hearing Memorandum, state as follows:

On March 27, 2025 the parties filed their post-hearing memoranda. Pursuant to scheduling order No. 15, the Parties' memoranda were to address authorities cited by each side in the pre-hearing memoranda. However, the memorandum filed by Defendant, Steven Ivankovich, and the Third Party LLCs disobeyed that order and cited authority not raised in the pre-hearing memorandum. Thereafter, on April 1, 2025, the Special Master ordered Plaintiff and Jeanette to file a memorandum to address that newly cited authority, "in particular, authority on the subjects of 'charging orders' (Third Party LLC's and Steven Ivankovich's Consolidated Post-Hearing Memorandum at 7) and 'reverse-veil piercing' (Id., at 7-12)."

---

[1] Third Party Intervenor joins in this combined memorandum solely with respect to turnover of Steven Ivankovich's funds and assets.

1

A consistent feature of Steven's scheme to avoid his creditors and starve out his wife and children is for his numerous counsel to work in concert to divert, distract and confuse the issues, intending to bog down the process and endlessly delay any resolution or relief to Jeanette and plaintiffs. True to form, the opposing Post-Hearing Memorandum misrepresents that Jeanette and plaintiffs have brought a "reverse veil-piercing claim" in a classic example of building a strawman to knock it down: miscasting the arguments made by Jeanette and plaintiffs allows the Third Party LLCs and Steven to engage in a shell game that misdirects the discourse and fills several pages with more than a dozen irrelevant case law citations to create the false illusion that they have refuted the "position" taken by Jeanette and plaintiffs in lieu of addressing the reality of the mountain of uncontradicted evidence presented at the hearing that cries out for this tribunal to find that the funds on deposit with the Court are Steven's assets and that they must be turned over to Jeanette and plaintiffs under the Illinois Citation Act, 735 ILCS 5/2-1402.

The opposing Post-Hearing Memorandum follows the same pattern of diversion and distraction with respect to its "charging order" argument (Opposing Memo, at 7), which states in its entirety as follows (emphasis in original):

> Here, the Third-Party LLCs and Overlook are Delaware LLCs. Plaintiffs and Jeanette are judgment creditors of Steven, not of the Third-Party LLCs or Overlook. As such, in this supplementary proceeding, Plaintiffs and Jeanette would *at most* be entitled to a charging order against Steven's LLCs interests, if any, which they have not sought. Delaware law prohibits the shortcut Plaintiffs and Jeanette are attempting here.

Significantly, the argument that a charging order is the "exclusive remedy" against a member of an LLC improperly assumes a fact that is the ***exact <u>same</u> fact*** that the Special Master was appointed to determine: whether the funds on deposit with the Court are owned by Steven such that they are subject to turnover to his creditors, or whether the funds are owned by the LLCs and must be released to the LLCs. If the Special Master rules that the funds are owned by the

LLCs, then yes, the exclusive remedy against a member of an LLC is a charging order against their distributional interest in the LLC. That is true both in Delaware and in Illinois. However, it is the position of Jeanette and plaintiffs that the subject funds are owned by Steven and that he uses them to his benefit and for his personal expenses whenever he likes. By acting as if this determination has already been made, it allows the LLCs and Steven to again ignore the abundance of evidence presented at the hearing and to attempt to escape from their meritless legal arguments.

As Jeanette and plaintiffs fully explained in their own Combined Post-Hearing Memorandum (at 19-20), the case law relied upon by the LLCs and Steven - *In Re Opus E., LLC* and *In Re Glick* (Opposing Memo, at 7) - is wholly inapposite and ignores the Illinois Citation Act (735 ILCS 5/2-1402) which is the controlling law that governs this proceeding.[2]

This begs the question of why the LLCs and Steven are so strongly pushing this position at the veritable 11th hour in these proceedings? The answer is that Steven is up to yet another scheme of falsity and misdirection: the *only* reason that the Third Party LLCs and Steven are advocating that a charging order must be the exclusive remedy against a member of an LLC is because there is a charging order already in place against several LLCs linked to Steven in favor of an alleged "third party" creditor, an entity named Pami Grand Too LLC. Significantly, Gary Goldstein – who is counsel of record for the Third Party LLCs in this matter – is intimately familiar with this fact, as he was at the center of orchestrating that prior charging order, which Jeanette reasonably believes to be a ploy to defraud creditors and the courts.

The following series of events are relevant:

- On October 10, 2008, an entity called Pami Grand Lake LLC obtained a judgment for more than $12.6 million in the Marion County, Indiana Superior Court against Steven in the matter of *Pami Grand Lake, LLC v. Alliance SH2 Limited Partnership, et. al.*, Cause

---

[2]Federal Rule of Civil Procedure 69(a)(1) provides that "a money judgment is enforced by a writ of execution," and that the "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]"

No. 49D06-0711-MF-048331. See judgment attached hereto as **'Exhibit A.'** Thereafter, Steven appealed and the Superior Court's ruling was affirmed.

- On August 20, 2018, the judgment obtained by Pami Grand Lake LLC was assigned to Edgefield Holdings LLC ("Edgefield"), a debt investment firm that specializes in judgment monetization. A copy of that assignment is attached hereto as **'Exhibit B.'**

- On March 10, 2022, Edgefield Holdings LLC, assigned the judgment to another entity named "Pami Grand Too LLC" which had been recently incorporated in Delaware on February 16, 2022. A copy of that assignment is attached hereto as **'Exhibit C.'**

- On June 13, 2022, Pami Grand Too LLC - via its counsel of record, the Law Offices of Aaron Resnick, P.A. - registered the assigned judgment as a foreign judgment in the Circuit Court of the 11th Circuit in Miami-Dade County, Florida. See attached as **'Exhibit D'** the filed judgment and affidavit of foreign judgment which reference the assignments set forth herein.

- On July 29, 2022, the Circuit Court of the 11th Circuit in Miami-Dade County, Florida granted Pami Grand Too LLC's "*Ex Parte* Motion for Charging Order in its Favor Against Payments for Profits and Distributions to Judgment Debtor, Steven Ivankovich." The court therefore entered a charging order (attached as **'Exhibit E'**) in that matter - *i.e. Pami Grand Too LLC v. Ivankovich, Steven,* Case No. 2022-010735-CA-01 - against Steven's interests in several LLCs: Overlook Managing Member LLC.; Ivankovich Family LLC; P2 Portfolio Managing Member LLC; Tyler Atlas LLC; Alliance HTTX LLC; Atlas Apartment Homes LLC; Atlas Apartment Holdings LLC; Atlas Birchwood LLC; Atlas Crowntree Lakes LLC; Atalas Alexandria & Parc Vue, LLC; Premier Orlando Portfolio Two LLC; Atlas Multifamily Three LLC; Atlas MF Mezzanine Borrower LLC; and Atlas Apartments Acquisition LLC.

But that's not the full story, because there's more: none other than GARY GOLDSTEIN, who is counsel of record for the Third Party LLCs in this matter, orchestrated the entire charging order in those proceedings himself, which Jeanette reasonably believes to be a sham.

How do we know of Gary Goldstein's involvement? When the Law Offices of Aaron Resnick P.A.- the attorneys of record for Pami Grand Too LLC - filed a Motion to Withdraw from that same Florida matter on February 6, 2023, they attached as an exhibit to that motion a document titled "Consent to Withdraw," which had been previously signed by Gary Goldstein on May 21, 2022. See Motion to Withdraw and Consent to Withdraw attached hereto as '**Exhibit F.'** Paragraph 4 of the Motion to Withdraw states that "Pami has been notified" of the withdrawal and that the

law firm has Pami's "consent to withdraw" by way of the Consent that was attached to the Motion as an exhibit. In turn, the Consent states (with emphasis added):

> I, **Gary Goldstein, on behalf of Pami Grand Too, LLC**, hereby give consent to the Firm to withdraw at any time that it perceives a conflict of interest, which includes, but is not limited to, failure to make timely payments for services rendered. Said conflicts shall not include any conflicts waived herein unless the Client has disputed same according herein.[3] If Pami Grand Too LLC fails to pay fees and or costs when due, the Firm shall have the right to immediately withdraw from representation. In the event the Firm moves to withdraw for non-payment of any fee or cost Pami Grand Too LLC agrees to consent to this request and not to oppose in any way the relief requested by the Firm.

As noted, **Gary Goldstein signed this Consent "on behalf of Pami Grand Too LLC**."

From these documents, it is reasonable to conclude that Steven – with the assistance of Gary Goldstein – concocted a deal to benefit himself and defraud his creditors by creating Pami Grand Too LLC (which has a deliberately similar name to Pami Grand Lake LLC), buy his original debt to Pami Grand Lake LLC from Edgefield Holdings, LLC, and then obtain a charging order on behalf of Pami Grand Too so that he can prevent Jeanette and plaintiffs from getting any money from the LLCs. By doing this, Steven wanted Jeanette and his other creditors to be dissuaded from pursuing Steven's interests in various LLCs, claiming that Pami Grand Too LLC held priority to distributional payouts ahead of Jeanette and other creditors.

Mr. Goldstein should be required to explain to this tribunal how he can be counsel for Steven and the Ivankovich family, for one of Steven's creditors (Pami Grand Too LLC), and also for the Third-Party LLCs in this matter. It is reasonable to conclude that Mr. Goldstein committed fraud on the Florida court and is now engaging in a repeat-performance in this matter, by failing to disclose his intimate involvement in the creation of Pami Grand Too LLC and its connection to Steven. He's now using the Pami Grand Too LLC structure to scare this Court into believing the charging order supersedes this Court's authority under the Illinois Citation Act.

---

[3] The "herein" language indicates that this may be part of a larger, undisclosed document.

Steven even went so far as to hire an Illinois-licensed attorney (Gary Goldstein is not licensed in Illinois) to file a Motion to spread Pami Grand Too LLC's judgment lien of record in his pending divorce matter, in an attempt to place a lien on any and all of Steven's interests in his various LLCs to prevent Jeanette from receiving anything from Steven or the LLCs, which are marital property. The motion specifically states that plaintiff "wants to ensure that funds that could possibly be used to satisfy the judgment are not transferred to his ex-wife." That motion was filed in the Cook County Law Division and the court denied the motion on March 9, 2023. The same motion was also filed in the divorce matter. Jeanette filed a Motion to Strike and Dismiss the Motion to Spread the Lien of Judgment and the court granted Jeanette's motion on August 2, 2023. Both motions and both orders denying those motions are attached hereto as **Group Exhibit G**.

Steven and his counsel play shell games and hide facts. Raising the charging order in their briefing for the first time, without disclosing the full facts, history and proper law is another example of how far they will go to divert the Courts from granting relief to Steven's true creditors, including his own wife, Jeanette, and plaintiff in this matter. Their argument fails both factually and legally and stinks of legal impropriety.

Apart from the above, it bears repeating that the issue before the Special Master is ***not*** to determine the remedy available against the Third Party LLCs; instead, it ***is*** to determine the ***ownership*** of the funds that are on hold with the Court. When a judgment debtor is beneficially using money titled in another entity's name as their own and paying off personal debts with that money - as Steven has, here - Illinois law dictates that the money belongs to the judgment debtor and is subject to his creditors. It is well-settled in Illinois that "ownership" is not just a technical matter of title, but it considers the realities of control and who has the beneficial use of the property. In *People v. Chicago Title and Trust Co,* 75 Ill. 2d 479, 489 (1979), the Illinois Supreme Court

6

made it clear more than four decades ago that when determining the "owner" of property, "[t]itle to property does not necessarily involve ownership of the property," as title "refers only to a legal relationship." In contrast, "ownership is comparable to control and denotes an interest" in the property other than that of holding title thereto, with the "key elements" of ownership being "control and the right to enjoy the benefits of the property." *Id*.

Although the *Chicago Title* case was decided in the context of defining an "owner" for purposes of payment of delinquent real estate taxes, the Illinois Appellate Court has recently observed that "Illinois courts have recognized in other contexts that control, rather than title, determines ownership." *Levine v. City of Chicago,* 2024 IL App (1st) 231245, ¶ 71 (collecting cases). This same observation was likewise made by the United States Court of Appeals for the Seventh Circuit in *United States v. Miller*, 39 F.4th 844, 851 (7th Cir. 2022). After noting that the *Chicago Title* case "recognized certain exceptions to the general rule that title is king," the *Miller* court explained Illinois law, as follows:

> The idea that title does not always control ownership disputes extends beyond taxes to other areas in Illinois law as well. See, *e.g.*, *IMM Acceptance Corp. v. First National Bank & Trust Co. of Evanston*, 148 Ill.App.3d 949, 102 Ill.Dec. 232, 499 N.E.2d 1012, 1015 (1986) (statute of frauds); *Department of Conservation v. Franzen*, 43 Ill.App.3d 374, 1 Ill.Dec. 912, 356 N.E.2d 1245, 1250–51 (1976) (eminent domain proceedings).
>
> These cases indicate that in rare cases where substantial evidence casts paper title into doubt, Illinois courts are willing to look beyond paper title and to take practical approaches to resolving ownership questions. Cf. *Chicago Title*, 27 Ill.Dec. 476, 389 N.E.2d at 544 ("where the primary issue involves ownership rather than title, reliance on bare legal title would be inappropriate" (internal citation omitted)).

See also, *e.g.*, *In re Marriage of Marriott,* 264 Ill. App. 3d 23, 31-32 (2d Dist. 1994)(In the context of a dissolution of marriage proceeding, where the inquiry pertains to a spouse's contribution to the acquisition of marital property, title is not of primary importance; rather, it is the attributes of the beneficiary's interest indicating control and the right to enjoy the property's benefits that are most significant in determining ownership in this context," citing *Chicago Title*).

Applying these fundamental principles of Illinois law to the facts here, although the Third Party LLCs may arguably hold legal title to the subject funds, when that property is subsequently transferred to 2-4 different bank accounts (*i.e* shell game), and then used by the Judgment Debtor (Steven) to pay his personal expenses and debts (including attorneys' fees for his divorce counsel) as established by Jeanette and plaintiff at the hearing via the relevant bank account records, this "substantial evidence shows that the paper title cannot be trusted," as it "does not reliably reflect reality." *Miller,* 39 F.4th at 851. Accordingly, because Steven has actual control of the subject funds and enjoys their benefits, Illinois law deems him the owner of the funds. *Id.*; see also, *e.g.*, *Chicago Title,* 75 Ill. 2d at 489-90; *Levine,* 2024 IL App (1st) 231245, ¶71; *In re Marriage of Marriott*, 264 Ill. App. 3d at 31-32.

In sum, the totality of the substantial and uncontradicted evidence adduced at the hearing establishes that the funds on deposit with the Court registry are an asset of Steven under the Illinois Citation Act, 735 ILCS 5/2-1402, which is how the funds on deposit were frozen by the plaintiffs (via service of a Citation to Discover Assets on Walker & Dunlop). Although the Third-Party LLCs and Steven largely ignore the Illinois Citation Act in their Post-Hearing Memorandum, they cannot erase it: that Act is controlling and requires that the funds be turned over to Jeanette and plaintiffs.

Just as the Third Party LLCs and Steven's argument regarding a charging order have no merit, their argument mischaracterizing the claims brought by plaintiffs and Jeanette as a "disguised attempt to 'reverse veil pierce'" also should be summarily disregarded. As already explained, above, miscasting the arguments made by plaintiffs and Jeanette as "reverse veil piercing" is a classic strawman device designed to allow the opposition to engage in a very lengthy discourse to cite numerous case law decisions for general boilerplate legal propositions to create the illusion that they have "refuted" a non-existent position. Therefore, the newly-cited authority

set forth by the opposition at pages 7-12 of their Post-Hearing Memorandum is irrelevant and inapposite to the instant matter.

It bears further noting that the same newly-cited authority is inaccurately and misleadingly presented, with one example being the opposition's statement at page 8 of their Memorandum that "Delaware law has not recognized reverse veil-piercing as a legitimate cause of action. *In re Glick*, at 661," and that "[a]t most, a Delaware court suggested that a reverse veil-pierce should be available under Delaware law in the case of a corporate parent and subsidiary. See *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694 (Del. Ch. 2021)." First, the opposition's cited 2017 bankruptcy court decision in *In re Glick* noted that a prior 2012 bankruptcy ruling in *In re ALT Hotel, LLC*, 479 B.R. 781 (Bankr. N.D. Ill. 2012), had concluded it was "doubtful" Delaware courts would recognize an inside[4] reverse veil piercing claim, because, *at that time*, Delaware had not yet recognized any form of reverse piercing. *In re Glick,* 568 B.R. at 661.

Significantly, the decisions in *ALT Hotel* and *Glick* predated both the 2018 ruling of the U.S. Court of Appeals for the Fourth Circuit in *Sky Cable, LLC. v. Direct TV, Inc.*, 866 F.3d 375 (4th Cir. 2018) - which predicted that Delaware would recognize outside veil piercing - and the 2021 decision of the Delaware Court of Chancery in *Manichaean Capital, LLC v. Exela Technologies, Inc.*, 251 A.3d 694 (2021), wherein the Delaware Courts – for the first time – recognized the validity of reverse veil-piercing for Delaware-formed LLCs. The *Manichaean* court explained that although Delaware embraces and protects "corporate separateness," ***Delaware "will not countenance the use of the corporate form as a means to facilitate fraud or injustice***." *Id*.,

---

[4] An "inside" piercing claim is typically one in which the corporate insider, the shareholder or subsidiary, wants to be considered the alter ego of the corporation to assert a corporate claim against a third party. In the event that a reverse veil piercing theory would be alleged here, an "inside" piercing claim would not apply to these facts.

at 713 (emphasis added). Accordingly, the Chancellor wrote that "I am satisfied that there is a place for a carefully-circumscribed reverse veil-piercing rule within Delaware law." *Id*., at 714.

In sum, with respect to their reverse-veil piercing argument, Third Party LLCs and Steven rely upon outdated authority and mischaracterize the holding in *Manichaean* that clearly adopted reverse veil piercing principles into the fabric of Delaware law (which is more than "suggest[ing] that a reverse veil-pierce should be available" as claimed by the opposition). Failing to accurately present legal authority to a tribunal is yet another hallmark of Steven's litigation playbook.

In any event, as already explained, the discussion of reverse veil-piercing is intended as a distraction and diversion, and has no place in these instant proceedings. Steven and the LLCs want to make this case about the formalities of corporate structure and erase the controlling Illinois Citation Act. As explained, the relevant inquiry is *who controlled and benefitted* from the funds on deposit with the Court, and the crystal clear answer – based upon the abundant uncontradicted evidence presented at the hearing – is Steven. Respectfully, the plaintiffs and Jeanette request that this tribunal find that the funds on deposit are an asset of Steven, which should be held for subsequent distribution to Jeanette and plaintiffs.

/s/ Amir R. Tahmassebi                          /s/ Tanya Stanish, /s/ Shaska Dice

Respectfully Submitted:                         Attorneys for Jeanette Ivankovich
Attorneys for Plaintiffs                        Tanya Stanish, Shaska Dice
Amir R. Tahmassebi                              Schiller DuCanto & Fleck, LLP
70 W. Madison St, Suite 2060                    321 North Clark Street, Suite 1200
Chicago, IL 60602                               Chicago, Illinois 60654-4714
(312) 328-9166 (Direct)                         Telephone No. (312) 641-5560
                                                Facsimile No. (312) 641-6361
                                                tstanish@sdflaw.com
                                                sdice@sdflaw.com
                                                chicagoservice@sdflaw.com

22-10735CA 10

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
) SS:
COUNTY OF MARION ) CAUSE NO. 49D06-0711-MF-048331

PAMI GRAND LAKE, LLC )
)
    Plaintiff, )
)
vs. )
)
ALLIANCE SH2 LIMITED PARTNERSHIP, et al., )
)
    Defendants. )
)
──────────────────────────────────── )
)
QUANTUM ASSET DEVELOPMENT, INC., )
)
    Counterclaim Plaintiff, )
)
vs. )
)
PAMI GRAND LAKE, LLC, )
)
    Counterclaim Defendant. )
)
──────────────────────────────────── )
)
QUANTUM ASSET DEVELOPMENT, INC., )
)
    Cross-Claim Plaintiff, )
)
vs. )
)
ALLIANCE SH2 LIMITED PARTNERSHIP, )
ALLIANCE HOLDINGS INVESTMENTS, L.L.C., )
ALLIANCE HOLDINGS INVESTMENTS II, L.L.C., )
ALLIANCE HOLDINGS INVESTMENTS III, L.L.C., )
STEVEN IVANKOVICH, and THE BLAKELY )
CORPORATION, )
)
    Cross-Claim Defendants. )
)

**FILED**

(189)

OCT 1 0 2008

*Elizabeth F. White*
**CLERK OF THE MARION CIRCUIT COURT**

2022 JUN 13 AM 11: 31

*Elizabeth F. White*
OCT 1 4 2008

## FINAL JUDGMENT ON GUARANTY

EXHIBIT "A"

This cause comes before the Court on the Motion for Partial Summary Judgment as to Count V of Complaint filed by Plaintiff PAMI Grand Lake LLC ("Plaintiff") regarding Count V of its Second Amended Complaint. Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, and for the reasons that follow, Plaintiff's motion is GRANTED.

## A.    Findings

1.      All Defendants have been validly served with process in this action.

2.      This Judgment pertains to the liability of Defendant Steven Ivankovich ("Ivankovich") under that certain Payment Guaranty Agreement dated June 25, 2007 and attached as Exhibit N to Plaintiff's Complaint (the "Guaranty").

3.      On October 28, 2004, Defendant Alliance SH2 Limited Partnership ("Alliance SH2") executed a promissory note (the "Note") made payable to Column Financial, Inc. ("Column") in the original principal amount of Thirty Eight Million Dollars ($38,000,000.00). The Note incorporates the terms of a certain Loan Agreement between Alliance SH2 and Column, which (among other things) provides for the payment terms for the Note.

4.      Alliance SH2 has been in default under the Note since October 9, 2006, when its last payment was made.

5.      Column assigned the Note, Loan Agreement, Guaranty and the other loan documents to Plaintiff by virtue of a certain Allonge and a General Assignment executed on October 17, 2007.

6.      Plaintiff has exercised the option reserved in the Note to declare all the sums thereunder due and payable.

7.      The Note and Loan Agreement provide for the collection of daily interest, together with costs of collection, including attorneys' fees.

8.     As of July 16, 2008, there was due and owing to Plaintiff from Alliance SH2 $12,611,727.98.

9.     The per diem owing on the Note is $3,493.45, which continues to accrue after July 16, 2008.

10.     As of April 7, 2008, Plaintiff has incurred $47,768.37 in costs, expenses and attorneys fees from the law firm Riley, Bennett & Egloff, LLP in connection with this litigation, and additional attorneys' fees will be incurred before and subsequent to judgment in this matter.

11.     As of March 31, 2008, Plaintiff has incurred $62,636.05 in costs, expenses and attorneys fees from the law firm Miller, Canfield, Paddock and Stone, PLC in connection with this litigation, and additional attorneys' fees will be incurred before and subsequent to judgment in this matter.

12.     Ivankovich executed the Guaranty in order to induce Column to enter into a certain Second Amended Forbearance Agreement dated as of June 19, 2007.

13.     The Guaranty is genuine, was signed by Ivankovich, and has no written amendments.

14.     Pursuant to the Guaranty, Ivankovich agreed to "become surety to Lender, and otherwise unconditionally, absolutely and irrevocably guarantee to Lender, its successors and assigns, the due payment, fulfillment and performance of the Guaranteed Obligations ...." Further, Ivankovich "irrevocably and unconditionally covenant[ed] and agree[d] to be liable for the Guaranteed Obligations (as hereinafter defined) as primary obligor...."

15.     The Guaranty defines Guaranteed Obligations as "the payment of the difference between $35,000,000 and the amount of principal prepaid on the Loan in connection with the Refinancing Loan (as hereinafter defined)."

3

16.     The Guaranty defines Refinancing Loan as "the refinancing of the portion of the Loan secured by the Grand Oaks Property and Lakewood Property by a new loan funded by Tremont Netfunding I, LLC pursuant to its loan application dated June 7, 2007."

17.     The Loan was not refinanced by the Refinancing Loan or by any loan from Tremont Netfunding I, LLC, and no principal was paid on the Loan in connection with the Refinancing Loan or a new loan funded by Tremont NetFunding I, LLC.

18.     Because the Loan was not refinanced, Ivankovich is liable for up to the full $35,000,000 in Guaranteed Obligations under the Guaranty.

## B.     Order of Relief and Final Judgment of Foreclosure

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that final Judgment shall be, and is, entered on Count V of Plaintiff's Complaint in favor of Plaintiff PAMI Grand Lake LLC, and against Defendant Steven Ivankovich, as follows:

1.     Plaintiff is granted a final Judgment on Count V (as to Defendant Ivankovich's liability under the Guaranty).

2.     Judgment is entered in favor of Plaintiff PAMI Grand Lake LLC and against Defendant Steven Ivankovich in the amount of $12,611,727.98 plus reasonable attorneys' fees in the amount of $110,404.42. Interest continues to accrue at a per diem of $3,493.45 from July 16, 2008.

3.     There is no genuine issue of material fact and no just reason for delay, and the Court expressly directs entry of this Judgment as a final judgment with respect to Defendant Steven Ivankovich's liability under the Guaranty as described in Count V of the Second Amended Complaint.

4

Dated: **OCT 1 0 2008**

_____

_____

Judge, Marion County Superior Court

**Distribution To:**

Bryce H. Bennett, Jr., Kevin N. Tharp, Riley Bennett & Egloff, LLP, 141 East Washington Street, Fourth Floor, Indianapolis, IN 46204

James L. Allen, MILLER, CANFIELD, PADDOCK & STONE, PLC, 840 West Long Lake Road, Suite 200, Troy, MI 48098-6358

Diane J. Cowger, 8201 Englewood Road, Suite A, Indianapolis, Indiana 46240

Jeffrey A. Hokanson, Courtney E. Chilcote, Hostetler & Kowalik, P.C., 101 West Ohio Street, Suite 2100, Indianapolis, Indiana 46204

Quantum Asset Development, Inc., c/o Michael Comar, 10204 N. Washington Boulevard, Indianapolis, Indiana 46280

Timothy D. Freeman, The Freeman Law Firm, P.C., 310 North Alabama Street, Suite 100, Indianapolis, Indiana 46204

KC Cohen, KC Cohen, Lawyer, PC, 151 North Delaware Street, Suite 1104, Indianapolis, Indiana 46204

Jerry K. Collins, Flaherty & Collins, Inc., 8900 Keystone Crossing, Suite 1200, Indianapolis, Indiana 46240

KNT/KNTCI/6008.705/9834-48/pac



5

FILED DATE: 7/22/2019 9:56 AM   2009L050947

## ASSIGNMENT OF JUDGMENT

PAMI GRAND LAKE, LLC, a Delaware limited liability company ("**Assignor**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to Edgefield Holdings, LLC, a Delaware limited liability company ("**Assignee**"), all of Assignor's right, title and interest in and to the judgment described on **Exhibit A** attached hereto (the "**Judgment**") and all related documents and rights Assignor has in the Judgment, as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgment and all of Assignor's rights, title and interest incident thereto.

Assignor hereby nominates and appoints Assignee as its attorney-in-fact, which shall be construed as being coupled with an interest, with respect to the assignment or recording of any Judgment or Loan Documents, which shall include the right to act in Assignor's and its affiliates' names, places and steads to execute, deliver and record any instrument of assignment, recording, perfection, protection, amendment, renewal, extension, application and any other documents which Purchaser, in its sole and exclusive judgment and discretion, deems necessary or desirable to assign, preserve, register and/or record its rights in and to the Judgment.

[Signature on following page]

EXHIBIT "B"

FILED DATE: 7/22/2019 9:56 AM   2009L050947

Dated this 20th day of August, 2018.

PAMI GRAND LAKE, LLC, a Delaware limited
liability company

By: _____
Name:  Christopher Mosher
Its:     Vice President

STATE OF New York            )
                                        )  ss:
COUNTY OF New York      )

Before me Christine Negron in and for said County and State, on this 20th day of August,
2018, personally appeared Christopher Mosher, to me known to be the identical person who
subscribed the name of the Assignor to the foregoing instrument as its Vice President and
acknowledged before me that he executed the same as his free and voluntary act and deed, and as
the free and voluntary act and deed of PAMI GRAND LAKE, LLC, for the uses and purposes
therein set forth.

_____
Notary Public

CHRISTINE NEGRON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01NE6327770
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES JUL 13, 2019

FILED DATE: 7/22/2019 9:56 AM 2009L050947

Exhibit A to Assignment of Judgment

Final Judgment on Guaranty dated October 10, 2008, in favor of PAMI Grand Lake, LLC and against Steven Ivankovich, in the amount of $12,611,727.98, plus attorney's fees in the amount of $110,404.42, plus interest from and after July 16, 2008.

1

## ASSIGNMENT OF JUDGMENT

This Assignment of Judgment (*"Assignment"*) by Edgefield Holdings, LLC, as successor in interest to PAMI Grand Lake, LLC and ("*Assignor*") or (*"Edgefield"*), on the one hand, to Pami Grand Too LLC, an entity incorporated in Delaware (*"Assignee"*) or (*"Pami Grand Too"*).

## R E C I T A L S

**WHEREAS,** on or about October 10, 2008, a judgment was entered against Steven Ivankovich and in favor of Plaintiff's predecessor-in-interest PAMI Grand Lake, LLC in the amount of $12,722,132.40, in addition to further accruing post-judgment interest, fees and costs, in the Marion County Superior Court, Indiana, in that certain cause titled *PAMI Lake, LLC v. Alliance SH2 Limited Partnership et al.*, Cause No. 49D06-0711-MF-048331 (the *"Judgment"*);

**WHEREAS,** on or about July 24, 2009, the Judgment was registered in the Circuit Court of Cook County, Illinois as Case No. 2009 L 050947 (the *"Illinois Proceeding"*);

**WHEREAS,** on or about August 20, 2018, PAMI Grand Lake, LLC assigned the Judgment to Edgefield;

**WHEREAS,** on or about September 3, 2019, the Judgment was revived in the Illinois Proceeding in the amount of $24,306,941.02;

**WHEREAS** the Judgment balance of no less than $24,306,941.02 remains outstanding;

**WHEREAS,** since the time of the Judgment was registered in the Illinois proceeding Edgefield has engaged in post-judgment proceedings against Ivankovich and other third-parties (collectively, the *"Post-Judgment Proceedings"*).

**WHEREAS,** Edgefield has since dismissed the Post-Judgment Proceedings against Ivankovich without prejudice.

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor, Edgefield, Assigns all of its right, title, and interest

in the Judgment to Pami Grand Too LLC, it being the intention of the Parties that by virtue of this Assignment, Pami Grand Too LLC will become the owner of the Judgment and all of Edgefield's rights, title and interest incident thereto. Assignor, Edgefield agrees and consents to Pami Grand Too LLC being substituted for Edgefield as plaintiff in the Post-Judgment Proceedings.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Assignment Effective as of January 5, 2022.

EDGEFIELD HOLDINGS, LLC, as successor in interest to PAMI Grand Lake, LLC

By: _____

Name: Mark King
Its: President
Dated : March 10, 2022

-2-

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION    **22 - 10735CA 10**

PAMI GRAND TOO LLC,

      Plaintiff/Judgement Creditor,

v.

STEVEN IVANKOVICH,

      Defendant/Judgment Debtor.

_____/

**AFFIDAVIT OF MICHAEL S. GREENBERG, ESQ., FOR RECORDING FINAL
JUDGMENT OF GUARANTY ENTERED ON OCTOBER 10, 2008 AGAINST
DEFENDANT/JUDGMENT DEBTOR, STEVEN IVANKOVICH, AND IN FÁVOR
OF PLAINTIFF/JUDGMENT CREDITOR, PAMI GRAND TOO LLC, AS ASSIGNEE[1]**

STATE OF FLORIDA     )
COUNTY OF MIAMI-DADE   )

      Before me, the undersigned authority, personally appeared Michael S. Greenberg, Esq.

("Affiant"), who being by me first duly sworn, on oath deposes and says that:

      1.     Affiant is a member in good standing of the Florida Bar, FBN 105955.

---

[1] Plaintiff/Judgment Creditor, Pami Grand Too LLC, is the assignee of the October 10, 2008 judgment entered in the Superior Court of Indiana, County of Marion, *Case Style: PAMI Grand Lake, LLC v. Alliance SH2 Limited Partnership, et al.,* Cause No. 49D06-0711-MF-048331, against Steven Ivankovich and in favor of the original plaintiff/judgment creditor, PAMI Grand Lake, LLC, in the amount of $12,722,132.40 plus post-judgment interest, fees and costs (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit "A"**. On August 20, 2018, the original plaintiff/judgment creditor, PAMI Grand Lake, LLC, assigned the Judgment to Edgefield Holdings, LLC. A true and correct copy of the August 20, 2018 Assignment of Judgment is attached hereto as **Exhibit "B"**. Thereafter, on March 10, 2022, Edgefield Holdings, LLC, assigned the Judgment to the Plaintiff/Judgment Creditor, Pami Grand Too LLC, effective as of January 5, 2022. A true and correct copy of the March 10, 2022 Assignment of Judgment is attached hereto as **Exhibit "C"**. As such, Plaintiff/Judgment Creditor, Pami Grand Too LLC, is the owner of the Judgment and all of Edgefield Holdings, LLC's rights, title and interest incident thereto.

**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607 · Miami, Florida 33132 · Telephone (305) 672-7495 · Facsimile (305) 672-7496

EXHIBIT "D"

2.     The Law Offices of Aaron Resnick, P.A., serves as Florida legal counsel for Plaintiff/Judgment Creditor, Pami Grand Too LLC, and is located at 100 Biscayne Blvd., Suite 1607, Miami, Florida 33132, Telephone No. (305) 672-7495.

3.     The name and last known address of the Defendant/Judgment Debtor, Steven Ivankovich, is as follows:

> Steven Ivankovich
> 791 Crandon Blvd., PH 6
> Key Biscayne, Florida 33149

4.     The address of the Plaintiff/Judgment Creditor, Pami Grand Too LLC, is:

> Pami Grand Too LLC
> c/o Aaron Resnick, Esq.
> 100 Biscayne Blvd., Suite 1607
> Miami, Florida 33132

5.     The foreign judgment recorded in Miami-Dade County, Florida, pursuant to Florida Statutes § 55.503, is the Final Judgment on Guaranty from the Superior Court of Indiana, County of Marion, Cause No. 49D06-0711-MF-048331 entered on October 10, 2008 against the Defendant/Judgment Debtor, Steven Ivankovich, and in favor of the Plaintiff/Judgment Creditor, Pami Grand Too LLC, as assignee. *See* Judgment (**Ex. "A"**). On August 20, 2018, the original plaintiff/judgment creditor, PAMI Grand Lake, LLC, assigned the Judgment to Edgefield Holdings, LLC. *See* the August 20, 2018 Assignment of Judgment (**Ex. "B"**). Thereafter, on March 10, 2022, Edgefield Holdings, LLC, assigned the Judgment to the Plaintiff/Judgment Creditor, Pami Grand Too LLC. *See* the March 10, 2022 Assignment of Judgment (**Ex. "C"**).

6.     As of June 8, 2022, $12,611,727.98 plus attorney's fees and costs in excess of $110,404.42 and statutory interest that has accrued, and continues to accrue since October 10, 2008, at the annual rate of eight percent (8%) pursuant to Indiana Code 24-4.6-1-101, remains due and owing on the foreign judgment.

**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607 · Miami, Florida 33132 · Telephone (305) 672-7495 · Facsimile (305) 672-7496

Under penalty of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true.

**FURTHER AFFIANT SAYETH NAUGHT.**

Michael S. Greenberg, Esq.
For the Law Offices of Aaron Resnick, P.A.

STATE OF FLORIDA ）
COUNTY OF MIAMI-DADE ）

The foregoing instrument was acknowledged before me by means of ✓ physical presence or ___ online notarization, this **9th** day of June, 2022, by Michael S. Greenberg, who is personally known to me _____ or who has produced _____ for identification, and who did take an oath.

NOTARY PUBLIC, State of Florida at Large
My Commission Expires:

NAZARENA MASIS
Notary Public - State of Florida
Commission # GG 265268
My Comm. Expires Oct 4, 2022
Bonded through National Notary Assn.

**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607 · Miami, Florida 33132 · Telephone (305) 672-7495 · Facsimile (305) 672-7496

# EXHIBIT "A"

FILED DATE: 7/22/2019 9:56 AM    2009L050947

STATE OF INDIANA )          IN THE MARION COUNTY SUPERIOR COURT
                 ) SS:
COUNTY OF MARION )          CAUSE NO. 49D06-0711-MF-048331

PAMI GRAND LAKE, LLC                          )
                                              )
        Plaintiff,                            )
                                              )
vs.                                           )
                                              )
ALLIANCE SH2 LIMITED PARTNERSHIP, et al.,     )
                                              )
        Defendants.                           )
―――――――――――――――――――――――――――――――――――           )
                                              )
QUANTUM ASSET DEVELOPMENT, INC.,              )
                                              )
        Counterclaim Plaintiff,               )
                                              )
vs.                                           )
                                              )
PAMI GRAND LAKE, LLC,                         )
                                              )
        Counterclaim Defendant.               )
                                              )
―――――――――――――――――――――――――――――――――――           )
                                              )
QUANTUM ASSET DEVELOPMENT, INC.,              )
                                              )
        Cross-Claim Plaintiff,                )
                                              )
vs.                                           )
                                              )
ALLIANCE SH2 LIMITED PARTNERSHIP,             )
ALLIANCE HOLDINGS INVESTMENTS, L.L.C.,        )
ALLIANCE HOLDINGS INVESTMENTS II, L.L.C.,     )
ALLIANCE HOLDINGS INVESTMENTS III, L.L.C.,    )
STEVEN IVANKOVICH, and THE BLAKELY            )
CORPORATION,                                  )
                                              )
        Cross-Claim Defendants.               )
                                              )

FILED

OCT 1 0 2008          (189)

*Elizabeth* *of* *White*
CLERK OF THE MARION CIRCUIT COURT

## FINAL JUDGMENT ON GUARANTY

FILED DATE: 7/22/2019 9:56 AM    2009L050947

This cause comes before the Court on the Motion for Partial Summary Judgment as to Count V of Complaint filed by Plaintiff PAMI Grand Lake LLC ("Plaintiff") regarding Count V of its Second Amended Complaint. Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, and for the reasons that follow, Plaintiff's motion is GRANTED.

## A. Findings

1. All Defendants have been validly served with process in this action.

2. This Judgment pertains to the liability of Defendant Steven Ivankovich ("Ivankovich") under that certain Payment Guaranty Agreement dated June 25, 2007 and attached as Exhibit N to Plaintiff's Complaint (the "Guaranty").

3. On October 28, 2004, Defendant Alliance SH2 Limited Partnership ("Alliance SH2") executed a promissory note (the "Note") made payable to Column Financial, Inc. ("Column") in the original principal amount of Thirty Eight Million Dollars ($38,000,000.00). The Note incorporates the terms of a certain Loan Agreement between Alliance SH2 and Column, which (among other things) provides for the payment terms for the Note.

4. Alliance SH2 has been in default under the Note since October 9, 2006, when its last payment was made.

5. Column assigned the Note, Loan Agreement, Guaranty and the other loan documents to Plaintiff by virtue of a certain Allonge and a General Assignment executed on October 17, 2007.

6. Plaintiff has exercised the option reserved in the Note to declare all the sums thereunder due and payable.

7. The Note and Loan Agreement provide for the collection of daily interest, together with costs of collection, including attorneys' fees.

FILED DATE: 7/22/2019 9:56 AM    2009L050947

8.    As of July 16, 2008, there was due and owing to Plaintiff from Alliance SH2 $12,611,727.98.

9.    The per diem owing on the Note is $3,493.45, which continues to accrue after July 16, 2008.

10.    As of April 7, 2008, Plaintiff has incurred $47,768.37 in costs, expenses and attorneys fees from the law firm Riley, Bennett & Egloff, LLP in connection with this litigation, and additional attorneys' fees will be incurred before and subsequent to judgment in this matter.

11.    As of March 31, 2008, Plaintiff has incurred $62,636.05 in costs, expenses and attorneys fees from the law firm Miller, Canfield, Paddock and Stone, PLC in connection with this litigation, and additional attorneys' fees will be incurred before and subsequent to judgment in this matter.

12.    Ivankovich executed the Guaranty in order to induce Column to enter into a certain Second Amended Forbearance Agreement dated as of June 19, 2007.

13.    The Guaranty is genuine, was signed by Ivankovich, and has no written amendments.

14.    Pursuant to the Guaranty, Ivankovich agreed to "become surety to Lender, and otherwise unconditionally, absolutely and irrevocably guarantee to Lender, its successors and assigns, the due payment, fulfillment and performance of the Guaranteed Obligations ...." Further, Ivankovich "irrevocably and unconditionally covenant[ed] and agree[d] to be liable for the Guaranteed Obligations (as hereinafter defined) as primary obligor...."

15.    The Guaranty defines Guaranteed Obligations as "the payment of the difference between $35,000,000 and the amount of principal prepaid on the Loan in connection with the Refinancing Loan (as hereinafter defined)."

FILED DATE: 7/22/2019 9:56 AM   2009L050947

16.     The Guaranty defines Refinancing Loan as "the refinancing of the portion of the Loan secured by the Grand Oaks Property and Lakewood Property by a new loan funded by Tremont Netfunding I, LLC pursuant to its loan application dated June 7, 2007."

17.     The Loan was not refinanced by the Refinancing Loan or by any loan from Tremont Netfunding I, LLC, and no principal was paid on the Loan in connection with the Refinancing Loan or a new loan funded by Tremont NetFunding I, LLC.

18.     Because the Loan was not refinanced, Ivankovich is liable for up to the full $35,000,000 in Guaranteed Obligations under the Guaranty.

**B.     Order of Relief and Final Judgment of Foreclosure**

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that final Judgment shall be, and is, entered on Count V of Plaintiff's Complaint in favor of Plaintiff PAMI Grand Lake LLC, and against Defendant Steven Ivankovich, as follows:

1.     Plaintiff is granted a final Judgment on Count V (as to Defendant Ivankovich's liability under the Guaranty).

2.     Judgment is entered in favor of Plaintiff PAMI Grand Lake LLC and against Defendant Steven Ivankovich in the amount of $12,611,727.98 plus reasonable attorneys' fees in the amount of $110,404.42. Interest continues to accrue at a per diem of $3,493.45 from July 16, 2008.

3.     There is no genuine issue of material fact and no just reason for delay, and the Court expressly directs entry of this Judgment as a final judgment with respect to Defendant Steven Ivankovich's liability under the Guaranty as described in Count V of the Second Amended Complaint.

Dated: **OCT 1 0 2008**

Judge, Marion County Superior Court

**Distribution To:**

Bryce H. Bennett, Jr., Kevin N. Tharp, Riley Bennett & Egloff, LLP, 141 East Washington Street, Fourth Floor, Indianapolis, IN 46204

James L. Allen, MILLER, CANFIELD, PADDOCK & STONE, PLC, 840 West Long Lake Road, Suite 200, Troy, MI 48098-6358

Diane J. Cowger, 8201 Englewood Road, Suite A, Indianapolis, Indiana 46240

Jeffrey A. Hokanson, Courtney E. Chilcote, Hostetler & Kowalik, P.C., 101 West Ohio Street, Suite 2100, Indianapolis, Indiana 46204

Quantum Asset Development, Inc., c/o Michael Comar, 10204 N. Washington Boulevard, Indianapolis, Indiana 46280

Timothy D. Freeman, The Freeman Law Firm, P.C., 310 North Alabama Street, Suite 100, Indianapolis, Indiana 46204

KC Cohen, KC Cohen, Lawyer, PC, 151 North Delaware Street, Suite 1104, Indianapolis, Indiana 46204

Jerry K. Collins, Flaherty & Collins, Inc., 8900 Keystone Crossing, Suite 1200, Indianapolis, Indiana 46240

KNT/KNTCI/6008.705/9834-48/psc

5

# EXHIBIT "B"

FILED DATE: 7/22/2019 9:56 AM   2009L050947

## ASSIGNMENT OF JUDGMENT

PAMI GRAND LAKE, LLC, a Delaware limited liability company ("**Assignor**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to Edgefield Holdings, LLC, a Delaware limited liability company ("**Assignee**"), all of Assignor's right, title and interest in and to the judgment described on **Exhibit A** attached hereto (the "**Judgment**") and all related documents and rights Assignor has in the Judgment, as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgment and all of Assignor's rights, title and interest incident thereto.

Assignor hereby nominates and appoints Assignee as its attorney-in-fact, which shall be construed as being coupled with an interest, with respect to the assignment or recording of any Judgment or Loan Documents, which shall include the right to act in Assignor's and its affiliates' names, places and steads to execute, deliver and record any instrument of assignment, recording, perfection, protection, amendment, renewal, extension, application and any other documents which Purchaser, in its sole and exclusive judgment and discretion, deems necessary or desirable to assign, preserve, register and/or record its rights in and to the Judgment.

[Signature on following page]

FILED DATE: 7/22/2019 9:56 AM   2009L050947

Dated this 20th day of August, 2018.

PAMI GRAND LAKE, LLC, a Delaware limited
liability company

By: _____

Name:  Christopher Mosher

Its:      Vice President

STATE OF New York )
                                        ) ss:
COUNTY OF New York )

Before me Christine Negron in and for said County and State, on this 20th day of August,
2018, personally appeared Christopher Mosher, to me known to be the identical person who
subscribed the name of the Assignor to the foregoing instrument as its Vice President and
acknowledged before me that he executed the same as his free and voluntary act and deed, and as
the free and voluntary act and deed of PAMI GRAND LAKE, LLC, for the uses and purposes
therein set forth.

_____
Notary Public

CHRISTINE NEGRON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01NE6327770
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES JUL 13, 2019

FILED DATE: 7/22/2019 9:56 AM   2009L050947

## Exhibit A to Assignment of Judgment

Final Judgment on Guaranty dated October 10, 2008, in favor of PAMI Grand Lake, LLC and against Steven Ivankovich, in the amount of $12,611,727.98, plus attorney's fees in the amount of $110,404.42, plus interest from and after July 16, 2008.

1

# EXHIBIT "C"

## ASSIGNMENT OF JUDGMENT

This Assignment of Judgment (*"Assignment"*) by Edgefield Holdings, LLC, as successor in interest to PAMI Grand Lake, LLC and ("*Assignor*") or (*"Edgefield"*), on the one hand, to Pami Grand Too LLC, an entity incorporated in Delaware (*"Assignee"*) or (*"Pami Grand Too"*).

## RECITALS

**WHEREAS,** on or about October 10, 2008, a judgment was entered against Steven Ivankovich and in favor of Plaintiff's predecessor-in-interest PAMI Grand Lake, LLC in the amount of $12,722,132.40, in addition to further accruing post-judgment interest, fees and costs, in the Marion County Superior Court, Indiana, in that certain cause titled *PAMI Lake, LLC v. Alliance SH2 Limited Partnership et al.*, Cause No. 49D06-0711-MF-048331 (the *"Judgment"*);

**WHEREAS,** on or about July 24, 2009, the Judgment was registered in the Circuit Court of Cook County, Illinois as Case No. 2009 L 050947 (the *"Illinois Proceeding"*);

**WHEREAS,** on or about August 20, 2018, PAMI Grand Lake, LLC assigned the Judgment to Edgefield;

**WHEREAS,** on or about September 3, 2019, the Judgment was revived in the Illinois Proceeding in the amount of $24,306,941.02;

**WHEREAS** the Judgment balance of no less than $24,306,941.02 remains outstanding;

**WHEREAS,** since the time of the Judgment was registered in the Illinois proceeding Edgefield has engaged in post-judgment proceedings against Ivankovich and other third-parties (collectively, the *"Post-Judgment Proceedings"*).

**WHEREAS,** Edgefield has since dismissed the Post-Judgment Proceedings against Ivankovich without prejudice.

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor, Edgefield, Assigns all of its right, title, and interest

in the Judgment to Pami Grand Too LLC, it being the intention of the Parties that by virtue of this Assignment, Pami Grand Too LLC will become the owner of the Judgment and all of Edgefield's rights, title and interest incident thereto. Assignor, Edgefield agrees and consents to Pami Grand Too LLC being substituted for Edgefield as plaintiff in the Post-Judgment Proceedings.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Assignment Effective as of January 5, 2022.

EDGEFIELD HOLDINGS, LLC, as successor in interest to PAMI Grand Lake, LLC

By: _____

Name: Mark King
Its: President
Dated : March 10, 2022

-2-

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-010735-CA-01
SECTION: CA10
JUDGE: Peter R. Lopez

**Pami Grand Too LLC**

Plaintiff(s)

vs.

**Ivankoivch, Steven**

Defendant(s)

_____/

## ORDER ON JUDGMENT CREDITOR, PAMI GRAND TOO LLC'S EX-PARTE MOTION FOR CHARGING ORDER IN ITS FAVOR AGAINST PAYMENTS FOR PROFITS AND DISTRIBUTIONS TO JUDGMENT DEBTOR, STEVEN IVANKOVICH

THIS CAUSE having come before the Court on Judgment Creditor, PAMI GRAND TOO LLC's Ex-Parte Motion for Charging Order in its Favor Against Payments for Profits and Distributions to Judgment Debtor, Steven Ivankovich (the "Motion"), and the Court having reviewed the Court's file and the Motion, reviewed and considered the applicable law, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. PAMI GRAND TOO LLC's (the "Judgment Creditor") Motion is **GRANTED**.

2. The Court, pursuant to Fla. Stat. § 605.0503, hereby imposes a Charging Order in favor of the Judgment Creditor in the amount due under the Final Judgment on Guaranty domesticated in Florida and recorded in the Official Records of Miami-Dade County, Florida pursuant to Fla. Stat. §§ 55.503 and 55.505 at Book 33238/Page 712 (the "Judgment"), which currently exceeds $12.6 million USD, and against the interests of Judgment Debtor, Steven Ivankovich (the "Judgment Debtor"), in Overlook Managing Member, LLC, Ivankovich

EXHIBIT "E"

Family LLC, P2 Portfolio Managing Member LLC, Tyler Atlas, LLC, Alliance HTTX LLC, Atlas Apartment Homes LLC, Atlas Apartment Holdings LLC, Atlas Birchwood LLC, Atlas Crowntree Lakes, LLC, Atlas Alexandria & Parc Vue, LLC, Premier Orlando Portfolio Two LLC, Atlas Multifamily Three, LLC, Atlas MF Mezzanine Borrower, LLC, and Atlas Apartments Acquisition LLC, including, but without limitation, his membership interests.

3. This Charging Order constitutes a lien against the transferable interests of the Judgment Debtor in and to Overlook Managing Member, LLC, Ivankovich Family LLC, P2 Portfolio Managing Member LLC, Tyler Atlas, LLC, Alliance HTTX LLC, Atlas Apartment Homes LLC, Atlas Apartment Holdings LLC, Atlas Birchwood LLC, Atlas Crowntree Lakes, LLC, Atlas Alexandria & Parc Vue, LLC, Premier Orlando Portfolio Two LLC, Atlas Multifamily Three, LLC, Atlas MF Mezzanine Borrower, LLC, and Atlas Apartments Acquisition LLC (collectively, the "Companies"), for payment of the unsatisfied amount of the Judgment, with interest.

4. The lien shall continue to encumber the property described until all amounts due under the Judgment have been satisfied or otherwise ordered by the Court.

5. The Companies are directed to pay to the Judgment Creditor all distributions to which the Judgment Debtor would have otherwise been entitled by virtue of his limited liability company interests until all amounts due under the Judgment against the Judgment Debtor and in favor of the Judgment Creditor have been satisfied.

6. Any such payments for distributions shall be made payable to PAMI Grand Too LLC, and sent to the attention of Judgment Creditor's counsel, Aaron A. Resnick, Law Offices of Aaron Resnick, P.A., 100 Biscayne Blvd., Suite 1607, Miami, Florida 33132.

7. The Judgment Debtor shall not attempt to transfer or encumber his membership interest in any of the Companies.

8. The Judgment Creditor shall personally serve a copy of this Order and the Motion on the

Companies, and such service will constitute notice of this lien on any interest of the Judgment Debtor as a member in the Companies.

9. The Court retains jurisdiction for the enforcement of this Order and the entry of further orders necessary to effectuate the purpose of this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>29th day of July, 2022</u>.

<u>2022-010735-CA-01 07-29-2022 3:06 PM</u>
Hon. Peter R. Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Aaron Resnick, efile@thefirmmiami.com
Aaron Resnick, aresnick@thefirmmiami.com
Aaron Resnick, nazarena@thefirmmiami.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

PAMI GRAND TOO LLC,                                    Case No. 2022-10735-CA-01

    Plaintiff/Judgement Creditor,

v.

STEVEN IVANKOVICH,

    Defendant/Judgment Debtor.
_____/

## **MOTION TO WITHDRAW AS COUNSEL**

Aaron Resnick, Esq. and Michael Greenberg, Esq. as well as the Law Offices of Aaron Resnick, P.A. (collectively, "LOAR"), respectfully move this Honorable Court to grant this Motion to Withdraw as Counsel for Judgment Creditor, PAMI GRAND TOO LLC (the "Pami"), pursuant to Florida Bar Regulation 4-1.16, and state:

1.      Irreconcilable differences have arisen between the LOAR and Pami that make further representation of Pami impracticable.

2.      The LOAR requests that this Court enter an Order authorizing the LOAR to withdraw as counsel for Pami in these proceedings, and that the LOAR be relieved of all responsibility as counsel for Pami.

3.      This Motion is not filed for purposes of delay and will not serve to unduly prejudice Pami.

4.      The undersigned counsel requests that the Court allow Pami thirty (30) days to retain new counsel.

4.      Pami has been notified of this Motion, has been forwarded a copy of this Motion, and the LOAR has its consent to withdraw. A true and correct copy of Pami's Consent to Withdraw is attached hereto as **Exhibit "A"**.

Page 1 of 3
**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

EXHIBIT "F"

5.      Pami may be served at the following address: 1710 Lands End Rd., Manalapan, FL 33462 and via e-mail at gary@gagpa.com.

**WHEREFORE**, Aaron Resnick, Esq. and Michael Greenberg, Esq. as well as the Law Offices of Aaron Resnick, P.A. respectfully request that this Court enter an Order: (a) granting this Motion; (b) authorizing Aaron Resnick, Esq. and Michael Greenberg, Esq. as well as the Law Offices of Aaron Resnick, P.A. to withdraw as counsel of record for Pami; (c) relieving Aaron Resnick, Esq. and Michael Greenberg, Esq. as well as the Law Offices of Aaron Resnick, P.A. of any and all further obligations on behalf of the company in this action; (d) providing Pami thirty (30) days of the signing an Order granting this Motion to retain a new attorney and have that attorney file a written appearance; (e) directing that all future pleadings, motions, discovery, and any and all other communications concerning this matter be sent to Pami at the address provided supra; and (f) awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____/s/Aaron Resnick_____

**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**
**MICHAEL GREENBERG, ESQ.**
**Florida Bar No. 105955**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th of February 2023, pursuant to Rule 2.516, Fla. R. Jud. Admin., a true and correct copy of the foregoing has been electronically filed via the Florida Courts E-Filing Portal, and a true and correct copy has been delivered via regular mail to the Judgment Debtor, Steven Ivankovich, whose last known address is 791 Crandon Blvd., PH 6, Key Biscayne, Florida 33149, and via e-mail to steven.ivankovich@atlasresidentialusa.com; and Pami Grand Too LLC at 1710 Lands End Rd., Manalapan, FL 33462 and via e-mail at gary@gagpa.com.

_/s/Aaron R. Resnick_

AARON R. RESNICK, ESQ.
Florida Bar No. 141097
MICHAEL GREENBERG, ESQ.
Florida Bar No. 105955
LAW OFFICES OF AARON RESNICK, P.A.
100 Biscayne Boulevard, Suite 1607
Miami, Florida 33132
Telephone (305) 672-7495
Facsimile (305) 672-7496
E-mail: aresnick@thefirmmiami.com
E-mail: Efile@thefirmmiami.com

# EXHIBIT "A"

## Consent to Withdraw

I, Gary Goldstein, on behalf of Pami Grand Too LLC, hereby give consent to the Firm to withdraw at any time that it perceives a conflict of interest, which includes, but is not limited to, failure to make timely payments for services rendered. Said conflict shall not include any conflicts waived herein unless the Client has disputed same according herein. If Pami Grand Too LLC fails to pay fees and or costs when due, the Firm shall have the right to immediately withdraw from representation. In the event the Firm moves to withdraw for non-payment of any fee or cost Pami Grand Too LLC agrees to consent to this request and not to oppose in any way the relief requested by the Firm.

BY: _Gary Goldstein_____
       Gary Goldstein on behalf of Pami Grand Too LLC

DATE: _5/21/2022_____

_GG_____ (Gary Goldstein's Initials)

FILED DATE: 1/3/2023 12:00 AM   2009L050947

FILED
1/3/2023 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2009L050947
Calendar, 5
20861317

IN THE CIRCUIT COURT OF COOK COUNTY,
ILLINOIS COUNTY DEPARTMENT, LAW DIVISION

PAMI GRAND TOO LLC successor in )
Interest to EDGEFIELD )
HOLDINGS LLC )
  )
        Plaintiff, )
  )     No. 2009 L 050947
        and )
  )
STEVEN IVANKOVICH, )
  )
        Defendant. )

### Motion to Spread Lien of Judgment Upon the Proceeds of Lawsuit of Record

Plaintiff, through its undersigned attorney, respectfully requests this Court to Spread the Lien Of Judgment to the Domestic Relations Division and in support states as follows:

1) On September 3, 2019, this Court entered judgment in favor of Edgefield Holdings in the amount of $24,306,941 against defendant Steve Ivankovic. (See exhibit A)

2) The Judgment was assigned to Pami Grand Too, LLC. (See Exhibit B).

3) Steven Ivankovic is involved in a divorce proceeding in Cook County case number 2021D009220 with his wife Jeannette Ivankovic.

4) Plaintiff initiated citation proceedings against Jeannette Ivankovic who answered that she has no assets belonging to the defendant Steven Ivankovic. The citation was dismissed accordingly.

5) Plaintiff wants to ensure that funds that could possibly be used to satisfy the judgment are not transferred to his ex-wife.

6) A judge had the power to spread the lien of record so a judge in the divorce proceeding can enforce the lien. *Podvinec v. Popov*, 168 Ill. 2d 130, 212 Ill. Dec. 951, 658 N.E.2d 433 (1995).

7) As such, Plaintiff requests that this court enter an order that spreads the judgment lien

GROUP

EXHIBIT "G"

FILED DATE: 1/3/2023 12:00 AM 2009L050947

in this matter to the matter pending in domestic relations court.

8) Once the order is entered, Plaintiff will file it with the domestic relations division.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion so that the lien of judgment can be spread to the domestic relations division.

/s/ Douglas R. Johnson,
Douglas R. Johnson

The Law Office of Douglas R. Johnson, P.C.
203 N La Salle St Suite 2100
Chicago, IL 60654
Phone: (312) 445-6464
Fax: (312) 614-1775
Email: dj@illinoisattorney.com
Attorney ID: 34101

6537367_1.docx

FILED DATE: 1/3/2023 12:00 AM   2009L050947

EXHIBIT A

FILED DATE: 1/3/2023 12:00 AM  2009L050947

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

EDGEFIELD HOLDINGS, LLC, AS SUCCESSOR IN )
INTEREST TO PAMI GRAND LAKE, LLC, )
)
Plaintiff, )
)
v. ) Case No. 2009 L 050947
)
ALLIANCE SH2 LIMITED PARTNERSHIP )
ALLIANCE HOLDINGS INVESTMENTS, L.L.C., )
ALLIANCE HOLDINGS INVESTMENTS II, L.L.C., )
ALLIANCE HOLDINGS INVESTMENTS III, L.L.C., )
STEVEN IVANKOVICH, THE BLAKELY )
CORPORATION, AND QUANTUM ASSET )
DEVELOPMENT, INC. )
)
Defendants. )

## ORDER GRANTING PLAINTIFF'S PETITION FOR REVIVAL OF JUDGMENT

THIS MATTER coming before the Court on Plaintiff's Petition for Revival of Judgment, and the Court having been fully advised in the premises;

IT IS HEREBY ORDERED:

(1) Plaintiff's Motion is granted, and the July 24, 2009 original Judgment is hereby revived and remains valid and effective.

(2) ~~The entry of this Order is without prejudice to Plaintiff supplementing an amount of interest incurred to be added to the revived judgment.~~ Plaintiff is entitled to post-judg. interest of $11,584,808.62, for a total Judgment of $24,306,941.02.

JUDGE JUDGE JAMES P. FLANNERY

SEP 03 2019

Circuit Court-1505

Bryan E. Jacobson
CHAPMAN AND CUTLER LLP
Attorney for Plaintiff
111 West Monroe Street
Chicago, Illinois 60603
312-845-3000
bjacob@chapman.com

FILED DATE: 1/3/2023 12:00 AM   2009L050947

EXHIBIT B

FILED DATE: 1/3/2023 12:00 AM   2009L050947

FILED DATE: 1/3/2023 12:00 AM   2009L050947

## ASSIGNMENT OF JUDGMENT

This Assignment of Judgment (*"Assignment"*) by Edgefield Holdings, LLC, as successor in interest to PAMI Grand Lake, LLC and ("Assignor") or (*"Edgefield"*), on the one hand, to Pami Grand Too LLC, an entity incorporated in Delaware (*"Assignee"*) or (*"Pami Grand Too"*).

## R E C I T A L S

**WHEREAS,** on or about October 10, 2008, a judgment was entered against Steven Ivankovich and in favor of Plaintiff's predecessor-in-interest PAMI Grand Lake, LLC in the amount of $12,722,132.40, in addition to further accruing post-judgment interest, fees and costs, in the Marion County Superior Court, Indiana, in that certain cause titled *PAMI Lake, LLC v. Alliance SH2 Limited Partnership et al.*, Cause No. 49D06-0711-MF-048331 (the *"Judgment"*);

**WHEREAS,** on or about July 24, 2009, the Judgment was registered in the Circuit Court of Cook County, Illinois as Case No. 2009 L 050947 (the *"Illinois Proceeding"*);

**WHEREAS,** on or about August 20, 2018, PAMI Grand Lake, LLC assigned the Judgment to Edgefield;

**WHEREAS,** on or about September 3, 2019, the Judgment was revived in the Illinois Proceeding in the amount of $24,306,941.02;

**WHEREAS** the Judgment balance of no less than $24,306,941.02 remains outstanding;

**WHEREAS,** since the time of the Judgment was registered in the Illinois proceeding Edgefield has engaged in post-judgment proceedings against Ivankovich and other third-parties (collectively, the *"Post-Judgment Proceedings"*).

**WHEREAS,** Edgefield has since dismissed the Post-Judgment Proceedings against Ivankovich without prejudice.

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor, Edgefield, Assigns all of its right, title, and interest

FILED DATE: 1/3/2023 12:00 AM  2009L050947

in the Judgment to Pami Grand Too LLC, it being the intention of the Parties that by virtue of this Assignment, Pami Grand Too LLC will become the owner of the Judgment and all of Edgefield's rights, title and interest incident thereto. Assignor, Edgefield agrees and consents to Pami Grand Too LLC being substituted for Edgefield as plaintiff in the Post-Judgment Proceedings.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Assignment Effective as of January 5, 2022.

EDGEFIELD HOLDINGS, LLC, as successor in interest to PAMI Grand Lake, LLC

By: _____

Name: Mark King
Its: President
Dated : March 10, 2022

FILED
1/30/2023 11:05 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021D009220
Calendar, 51
21228730

FILED DATE: 1/30/2023 11:05 AM   2021D009220

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

JEANETTE IVANKOVICH               )
                                  )
        Plaintiff,                )
                                  )
        and                       )        No. 2021 D 009220
                                  )
STEVEN IVANKOVICH,                )
                                  )
        Defendant.                )
                                  )
PAMI GRAND TOO, LLC               )
                                  )
        Adverse Claimant          )

### Motion to Spread Lien of Judgment Upon the Proceeds This Case

Adverse Claimant, Pami Grand Too, LLC, through its undersigned attorney, respectfully requests this Court to Spread the Lien Of Judgment from the Law Division to this matter and in support states as follows:

1) On September 3, 2019, this Court entered judgment in favor of Edgefield Holdings in the amount of $24,306,941 against defendant Steve Ivankovic in case number 2009 L 050947. (the "Judgment"). (See exhibit A)

2) The Judgment was assigned to Pami Grand Too, LLC. (See Exhibit B).

3) Pami Grand Too, LLC initiated citation proceedings against Steven Ivankovich who responded that he had no assets to satisfy the judgment. Pami Grand Too, LLC also initiated citation proceedings against Jeannette Ivankovic who answered that she has no assets belonging to the judgment debtor Defendant Steven Ivankovic.

4) Notwithstanding these answers, out of an abundance of caution, Plaintiff wants to ensure that any funds that could possibly be used to satisfy the

judgment are not transferred by the judgment debtor Steven Ivankovich.

5) A judge has the power to spread the lien of record so a judge in the divorce proceeding can enforce the lien. *Podvinec v. Popov*, 168 Ill. 2d 130, 212 Ill. Dec. 951, 658 N.E.2d 433 (1995).

6) As such. Plaintiff requests that this court enter an order that spreads the judgment lien in the Law Division to this matter.

7) Pami Grand Too, LLC did file this motion in the Lse Division and a briefing schedule was entered with a hearing scheduled for March 9, 2023. It has filed this motion to provide notice to this Court of that motion, as well as to the litigants. The motion is filed so that no money could be transferred from the Judgment Debtor Steven Ivankovich until a court determines the merits of the Motion to Spread the Lien of Judgment.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion so that the lien of judgment can be spread to the domestic relations division.

/s/ Douglas R. Johnson,
Douglas R. Johnson

The Law Office of Douglas R. Johnson, P.C.
203 N Lasalle St Suite 2100
Chicago, IL 60654
Phone: (312) 445-6464
Fax: (312) 614-1775
Email: dj@illinoisattorney.com
Attorney ID: 34101

FILED DATE: 1/20/2023 11:05 AM  2021D009220

6537367_1.docx

FILED DATE: 1/20/2023 11:05 AM 2021D009220

EXHIBIT A

FILED DATE: 1/30/2023 11:05 AM   2021D009220

## IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT LAW DIVISION

EDGEFIELD HOLDINGS, LLC, AS SUCCESSOR IN INTEREST TO PAMI GRAND LAKE, LLC, )
)
)
                       Plaintiff, )
)
v. )       Case No. 2009 L 050947
)
ALLIANCE SH2 LIMITED PARTNERSHIP )
ALLIANCE HOLDINGS INVESTMENTS, L.L.C., )
ALLIANCE HOLDINGS INVESTMENTS II, L.L.C., )
ALLIANCE HOLDINGS INVESTMENTS III, L.L.C., )
STEVEN IVANKOVICH, THE BLAKELY )
CORPORATION, AND QUANTUM ASSET )
DEVELOPMENT, INC. )
)
                    Defendants. )

## ORDER GRANTING PLAINTIFF'S PETITION FOR REVIVAL OF JUDGMENT

THIS MATTER coming before the Court on Plaintiff's Petition for Revival of Judgment, and the Court having been fully advised in the premises.

IT IS HEREBY ORDERED:

(1)  Plaintiff's Motion is granted, and the July 24, 2009 original Judgment is hereby revived and remains valid and effective.

(2)  ~~The entry of this Order is without prejudice to Plaintiff supplementing an amount of interest incurred to be added to the revived judgment.~~ Plaintiff is entitled to post-judgment interest of $11,587,808.67, for a total Judgment of $24,306,941.02.

                                                   JUDGE **JUDGE JAMES P. FLANNERY**

                                                   SEP 03 2019

                                                  **Circuit Court-1806**

Bryan E. Jacobson
CHAPMAN AND CUTLER LLP
Attorney for Plaintiff
111 West Monroe Street
Chicago, Illinois 60603
312-845-3000
bjacob@chapman.com

FILED DATE: 1/30/2023 11:05 AM  2021D009220

EXHIBIT B

FILED DATE: 1/20/2023 11:05 AM   2021D009220

## ASSIGNMENT OF JUDGMENT

This Assignment of Judgment ("*Assignment*") by Edgefield Holdings, LLC, as successor in interest to PAMI Grand Lake, LLC and ("*Assignor*") or ("*Edgefield*"), on the one hand, to Pami Grand Too LLC, an entity incorporated in Delaware ("*Assignee*") or ("*Pami Grand Too*").

### RECITALS

**WHEREAS**, on or about October 10, 2008, a judgment was entered against Steven Ivankovich and in favor of Plaintiff's predecessor-in-interest PAMI Grand Lake, LLC in the amount of $12,722,132.40, in addition to further accruing post-judgment interest, fees and costs, in the Marion County Superior Court, Indiana, in that certain cause titled *PAMI Lake, LLC v. Alliance SH2 Limited Partnership et al.*, Cause No. 49D06-0711-MF-048331 (the "*Judgment*");

**WHEREAS**, on or about July 24, 2009, the Judgment was registered in the Circuit Court of Cook County, Illinois as Case No. 2009 L 050947 (the "*Illinois Proceeding*");

**WHEREAS**, on or about August 20, 2018, PAMI Grand Lake, LLC assigned the Judgment to Edgefield;

**WHEREAS**, on or about September 3, 2019, the Judgment was revived in the Illinois Proceeding in the amount of $24,306,941.02;

**WHEREAS** the Judgment balance of no less than $24,306,941.02 remains outstanding;

**WHEREAS**, since the time of the Judgment was registered in the Illinois proceeding Edgefield has engaged in post-judgment proceedings against Ivankovich and other third-parties (collectively, the "*Post-Judgment Proceedings*").

**WHEREAS**, Edgefield has since dismissed the Post-Judgment Proceedings against Ivankovich without prejudice.

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor, Edgefield, Assigns all of its right, title, and interest

FILED DATE: 1/30/2023 11:05 AM 2021D009220

in the Judgment to Pami Grand Too LLC, it being the intention of the Parties that by virtue of this Assignment, Pami Grand Too LLC will become the owner of the Judgment and all of Edgefield's rights, title and interest incident thereto. Assignor, Edgefield agrees and consents to Pami Grand Too LLC being substituted for Edgefield as plaintiff in the Post-Judgment Proceedings.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Assignment Effective as of January 5, 2022.

EDGEFIELD HOLDINGS, LLC, as successor in interest to PAMI Grand Lake, LLC

By: _____

Name: Mark King
Its: President
Dated : March 10, 2022

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

PAMI GRAND TOO LLC successor in )
Interest to EDGEFIELD HOLDINGS LLC )
                                   )
                 Plaintiff,        )
                                   )      No. 2009 L·050947
                 and               )
                                   )
STEVEN IVANKOVICH,                 )
                                   )
                 Defendant.        )

## ORDER

This matter coming before the Court for Hearing on Plaintiff's Motion to Spread Lien of

Judgment Upon the Proceeds of Lawsuit of Record, Bridget Maul of Schiller DuCanto and Fleck

LLP appearing on behalf of Adverse Claimant, Jeanette Ivankovich, Douglas Johnson of the Law

Office of Douglas R. Johnson, P.C. appearing on behalf of Plaintiff, the Motion being fully

briefed by both parties, the Court having heard argument from both parties, the Court and the

court being fully advised in the premises,

**IT IS HEREBY ORDERED:**                                   $5246$

1.    For the reasons set forth on the record, Plaintiff's Motion to Spread Lien of

Judgment Upon the Proceeds of Lawsuit of Record is DENIED.

2.    This order is final and there is no just reason to delay appeal of this order.    $9208$

ENTER                               Associate Judge Patrick J. Heneghan

                                    MAR 0 9 2023
JUDGE
                                    Circuit Court - 2155

SCHILLER DU CANTO & FLECK LLP
Attorney No. 26828
321 North Clark Street, Suite 1200
Chicago, Illinois 60654-4714
Telephone No. (312) 641-5560
Facsimile No. (312) 641-6361
Service Preferred at: chicagoservice@sdflaw.com

6758219_1.DOCX

Atty No. 26828

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: MARRIAGE OF                     )
                                       )
JEANETTE IVANKOVICH,                   )
           Petitioner,                 )
                                       )
           and                         )     No. 2021 D 9220
                                       )     Cal. E
STEVEN IVANKOVICH,                     )
           Respondent.                 )

```
┌─────────────────────────────────┐
│  E N T E R E D                   │
│  Judge Patrick Powers-2179       │
│                                  │
│  AUG 02 2023                     │
│                                  │
│  IRIS Y. MARTINEZ                │
│  CLERK OF THE CIRCUIT COURT      │
│     OF COOK COUNTY, IL           │
└─────────────────────────────────┘
```

**ORDER**

    This cause coming on for hearing on Petitioner's Motion to Strike and Dismiss Motion to Spread Lien of Judgment Upon Proceeds of this Case, For Sanctions, and for Other Relief and Pami Grand Too LLC's Motion Spread Lien of Judgment Upon Proceeds of this Case as set forth in the order dated May 17, 2023, the Petitioner appearing personally and through counsel by Zoom, Respondent appearing through counsel by Zoom, Pami Grand Too LLC appearing through counsel by Zoom and the court being fully advised in the premises,

    **IT IS HEREBY ORDERED:**

1. Petitioner's Motion to Strike and Dismiss Motion to Spread Lien of Judgment Upon Proceeds of this Case is GRANTED pursuant to 735 ILCS 5/2-619.

2. Petitioner's Motion for Sanctions is DENIED at the present time.

                                                     J U D G E

**Order Prepared by:**
Schiller DuCanto & Fleck LLP
Attorneys for Petitioner
(312) 641-5560
Chicagoservice@sdflaw.com

**RETURN SERVICE TO:**
ttfield@beermannlaw.com
jkrawetz@beermannlaw.com
mdelster@beermannlaw.com
chicagoservice@sdflaw.com
douglas.johnson@illinoisattorney.com

6648918_1.docx