UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED *and* PETER PUI TAK LEE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-04985 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| STEVEN IVANKOVICH, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Zhu Zhai Holdings and Peter Pui Tak Lee ("Plaintiffs"), and Third-Party Intervenor, Jeanette Ivankovich ("Jeanette"), move the Court to order the Clerk of the Court to disburse the funds held with the Court Registry 50/50 to Konicek & Dillon's Client Trust Account and Schiller DuCanto & Fleck's Client Trust Account. In response to Plaintiffs' and Jeanette's Motion to Disburse, Third-Party Intervenors, Pilgrim Coulter LLC, Pilgrim Warwick LLC, Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC (collectively, the "Pilgrim LLCs"), move the Court to stay the disbursement of funds pending appeal to the Seventh Circuit Court of Appeals. For the reasons set forth below, the Court holds in abeyance Plaintiffs' and Jeannette's Motion to Disburse Funds,[385], and denies Pilgrim LLC's Motion to Stay Disbursement of Funds,[391].

**BACKGROUND**

Plaintiffs served a Third-Party Citation to Discover Assets ("Citation") on Walker & Dunlop LLC ("Citation Respondent"), in January 2022. (*See* Dkt. 115). Citation Respondent identified certain escrow funds it holds in which Steven Ivankovich ("Defendant") had an interest and paid that amount of $1,494,619.10 into the Court's Registry (hereinafter, "Escrow Funds"). (Dkt. 296).

1

After the Plaintiffs issued the Citation, but before the Citation Responded paid the Escrow Funds into the Court's Registry, the Pilgrims LLCs intervened in this action in order to assert their own claims to these Escrow Funds and to dispute that the Escrow Funds were assets of the Defendant. (*See* Dkt. 205, 233). At that time, the Court determined further proceedings were warranted to determine whether the Citation Respondent held Defendant's assets. As a result, on January 19, 2024, the Court appointed a Special Master to address, among other post-judgment discovery issues, "the location and amount of [Defendant's] assets." (*See* Dkt. 290).

In his May 14, 2025, Report and Recommendation, the Special Master carefully traced how the Escrow Funds entered the Walker & Dunlop Escrow Account, the structure of the underlying loans, and Defendant's control over the Pilgrim LLC entities. The Special Master determined that, while the Pilgrim LLCs nominally held title, Defendant exercised "complete dominion" over the Escrow Funds and used them for his personal benefit. (Dkt. 379 at *18-20). Thereafter, the Special Master issued his Report and Recommendation determining, over the Pilgrim LLCs' objection, that the $1,494,619.10 in the Court's Registry was, indeed, an asset of the Defendant. (*See id.* at *20.). The Court entered an Order affirming the Special Master's Report and Recommendations on August 7, 2025, and directed further proceedings on the disbursement of the Escrow Funds. (Dkt. 383). Plaintiffs and Jeanette subsequently agreed to split the Escrow Funds deposited and being held by the Court Registry 50/50, including the principal and interest, and filed their present Motion to Disburse the Escrow Funds to their respective trust accounts at Konicek & Dillon and Schiller, DuCanto & Fleck.

After Plaintiffs and Jeanette filed their Motion for Disbursement, the Pilgrim LLCs filed a Notice of Appeal directed at the Court's August 7, 2025, Order affirming the Special Master's Report and Recommendation determining that the $1,494,619.10 in the Court's Registry was an asset of the Defendant. (*See* Dkt. 387). The Pilgrim LLCs and Defendant (as evidenced by his Response in

2

Opposition to Plaintiffs' and Jeanette's Motion for Disbursement (Dkt. 407)) now move this Court to stay any disbursement of the Escrow Funds from the Court's Registry pending the outcome of their respective appeals.

**LEGAL STANDARD**

To obtain a stay of a money judgment pending appeal, a losing party must provide a bond or other security. Fed. R. Civ. P. 62(b). If the losing party does not want to post the bond or security, it can move the court to waive the requirement. *Ortega v. Chi. Bd. of Educ.*, No. 11-cv-8477, 2018 WL 278721, at *6 (N.D. Ill. Jan. 3, 2018) (Durkin, J.) (citing pre-2018 version of Rule 62). To assess whether to grant a motion to waive the requirement, the court looks to the Seventh Circuit's *Dillon* factors. *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988); *Deckers Outdoor Corp. v. Australian Leather Pty. Ltd.*, No. 16-cv-3676, 2020 WL 4723980, at *4 (N.D. Ill. July 13, 2020) (Shah, J.). Those factors include: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon*, 866 F.2d at 904-05.

The overriding concern of this analysis is whether the appellant has "clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure to adequately secure the judgment." *Deckers*, 2020 WL 4723980, at *4 (quoting *In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000)) (internal quotation marks omitted). The philosophy underlying Rule 62 is that a [party] who has won in the trial court should not be put to the expense of defending their judgment on appeal unless the opposing party takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Lightfoot v. Walker*,

3

797 F.2d 505, 506-07 (7th Cir. 1986); *Laborers' Pension Fund v. W.R. Weis Co., Inc.*, 15 C 07867, 2016 WL 11940542, at *1 (N.D. Ill. July 11, 2016) (Chang, J.).

**DISCUSSION**

The Pilgrim LLCs argue that, because the funds in issue are already implead with the Court, the other security requirement of Rule 62(b) is met, entitling them to a stay pending outcome of their appeal. (*See* Dkt. 415 at *3). The Pilgrim LLCs assert that "if the funds are released and the appealing party prevails, the funds would be dissipated and justice disserved with unacceptable consequences." (*Id.* at *4). Especially here, where "Plaintiffs and [Jeanette] have made abundantly clear that they intend to immediately dissipate the Funds such that they could not be recaptured if the Pilgrim LLCs prevail on appeal." (*Id.* at *5). Finally, the Pilgrim LLCs assert Jeanette's unsubstantiated claims of destitution are wholly irrelevant to the absolute right of the Pilgrim LLCs to appeal the final order of this Court. (*Id.* at *1-2).

Plaintiffs and Jeanette, by contrast, assert that the funds on deposit cannot act as the bond or other security requirement of Rule 62(b) because the Court has found those funds to be Defendant's and not the Pilgrim LLCs. (*See* Dkt. 411 at *3). Plaintiffs and Jeanette state the $1.49 million at issue represents one of the few tangible assets recovered in years of litigation across numerous proceedings. (*Id.* at *6). They assert, as of September 2025, Defendant owes nearly $1.2 Million in unpaid support obligations to his children and Jeanette, leaving them without necessary funds to survive, and that Defendant has also left Plaintiffs without any relief after years of collection efforts. (*Id.* at *3-4). Plaintiffs and Jeanette characterize this current motion as another attempt by the Defendant to use LLCs as alter egos to shield his personal use of funds, while failing to honor obligations to creditors and to Jeanette." (*Id.* at *4). Finally, they argue that granting a stay in light of Defendant's pattern— as noted in the Special Master's Report and Recommendation—of failing to respect corporate

4

formalities, commingling funds, and moving millions of dollars among family-controlled entities at will, would endorse Defendant's use of litigation tactics to perpetually delay accountability. (*Id.* at *2,6).

The Court, in evaluating the relevant *Dillon* factors agrees with Plaintiffs and Jeanette that a stay would not be appropriate without the Pilgrim LLCs posting a bond or security separate from the Escrow Funds. As a threshold matter, because the Court concluded that the Escrow Funds in the Court's Registry are, indeed, an asset of the Defendant, and not the Pilgrim LLCs, (Dkt. 383), the Court construes the Pilgrim LLC's Motion to Stay Disbursement as a Motion to Stay Disbursement AND for waiver of the *supersedeas* bond requirement of Rule 62. While the Pilgrim LLCs failure to cite *Dillon* or explain how their stay request satisfies any of the factors, waives its argument for a stay, *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)) ("[p]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority are waived"), the Court also determines the Pilgrim LLCs have not made the requisite showing for a stay on the merits.

The first factor, regarding the complexity of the collection process, does not weigh in favor of staying the disbursement or waiving the bond. The collection process of this case has been complex, as evidenced by the Citation Respondent's need to deposit funds with the Court to limit its further involvement in the case, the Court's appointment of a Special Master to carefully trace how the funds entered the Walker & Dunlop escrow account, the structure of the underlying loans, and Defendant's control over the Pilgrim LLC entities. An independent bond should be required to stay the disbursement to protect Plaintiffs' and Jeanette's interest because there is currently no indication that the present Motion to Stay Disbursement is not a tactic to make the collection process lengthier and more complicated. The second *Dillon* factor, the amount of time required to obtain a judgment after it is affirmed on appeal, does not weigh in favor of staying disbursement or waiving the bond. For years, and throughout the ongoing dissolution of marriage proceedings before the Cook County

Domestic Relations division, Defendant has flouted orders directing him to pay child support and maintenance to Jeanette and their two minor children. The Court agrees with Plaintiffs and Jeanette's characterization that the current Motion to Stay Disbursement is simply the latest episode in delay, obstruction, and evasion (*See* Dkt. 411 at *1). The intervening Pilgrim LLCs cannot further delay the Plaintiffs' and Jeanette's ability to obtain a judgment, from money the Court concluded is not theirs, without posting their own requisite bond. Allowing such a delay, without requiring the Pilgrim LLCS to post an independent bond, would run afoul to the philosophy underlying Rule 62 that a party who has won in the trial court should not be put to the expense of defending their judgment on appeal, *see Lightfoot*, 797 F.2d at 506-07 (7th Cir. 1986), without requisite financial assurances. Looking at the final relevant *Dillon* factor, the Court has no confidence that Defendant will otherwise pay the judgment, no matter the outcome of the appeal, for the same reasons discussed on the second factor. The court must still be satisfied that waiving the bond requirement would not endanger the plaintiff's ability to collect on the judgment. *Cf. Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 797 (7th Cir. 1986). This Court errs on the side of caution by requiring the Pilgrim LLCs to post an independent bond in light of Plaintiffs' and Jeanette's assertion the Pilgrim LLCs function as mere alter egos for Defendant's personal use, (*See* Dkt 411 at *2), signaling the Pilgrim LLCs success on appeal would further allow Defendant to use tactics to avoid paying the judgment through comingling and movement of assets.

For the reasons set forth above, the Court denies the Pilgrim LLC's Motion to Stay Disbursement and to waive the *supersedeas* bond requirement.

**CONCLUSION**

Accordingly, this Court denies the Pilgrim LLCs' Motion to Stay Disbursement of Funds [391]. If the Pilgrim LLCs seek to stay disbursement, they must seek leave from the Court to post an approved bond or security separate from the Escrow Funds the Court found to be those of Defendant

within 30 days. Accordingly, the Court holds in abeyance Plaintiffs' and Jeanette's Motion to Disburse Funds, [385], pending the Pilgrim LLCs' posting of an approved bond or security interest within 30 days.

**IT IS SO ORDERED.**

Date: 11/14/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge